David Halberstadter (CA 107033)
david.halberstadter@kattenlaw.com
Camille A. Cameron (CA 307859)
camille.cameron@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:  310.788.4471

Floyd A. Mandell (applying *pro hac vice*)
floyd.mandell@kattenlaw.com
Jeffrey A. Wakolbinger (applying *pro hac vice*)
jeff.wakolbinger@kattenlaw.com
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe St.
Chicago, IL 60661
Telephone: 312.902.5200
Facsimile: 312.902.1061

Attorneys for Defendants
Kohl's Corporation and Kohl's Department Stores, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TONI BASIL (aka ANTONIA BASILOTTA), an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; *et al.*,<br><br>       Defendants. | Case No.   2:17-cv-08728<br><br>**NOTICE OF REMOVAL BY DEFENDANTS KOHL'S CORPORATION AND KOHL'S DEPARTMENT STORES, INC.**<br><br>[Formerly Los Angeles County Superior Court Case No. BC674401] |

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

NOTICE OF REMOVAL

Defendants Kohl's Corporation and Kohl's Department Stores, Inc. (collectively, the "Kohl's Defendants") hereby remove Case No. BC674401 from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California—Western Division pursuant to 28 U.S.C. §§ 1441 and 1446. In support of removal, the Kohl's Defendants state as follows:

## I.    STATEMENT OF THE CASE

1.    On August 31, 2017, Plaintiff Toni Basil a/k/a Antonia Basilotta ("Plaintiff") filed a complaint in the Superior Court of the State of California for the County of Los Angeles titled *Toni Basil (aka Antonia Basilotta) v. New Razor & Tie Enterprises, LLC, et al.*, Case No. BC674401 (the "State Court Action"). Plaintiff asserted eight causes of action against twelve defendants (the "Original Defendants"): Razor & Tie Direct, LLC; Razor & Tie Entertainment, LLC; Razor & Tie Music, L.P.; Razor & Tie Music Corp.; Razor & Tie Recordings, LLC; New Razor & Tie Enterprises, LLC; Forever 21 Retail, Inc.; Forever 21, Inc.; The Walt Disney Company; New Open Door Productions, Inc.; Viacom International, Inc. a/k/a VH1 Networks; and Central Productions, LLC.

2.    On October 16, 2017, Plaintiff filed the currently-operative First Amended Verified Complaint (the "FAC"), adding the Kohl's Defendants as defendants (although the case caption was not changed to reflect this).

3.    On October 25, 2017, Plaintiff dismissed three of the Original Defendants with prejudice: New Open Door Productions, Inc.; Viacom International, Inc. a/k/a VH1 Networks; and Central Productions, LLC. (The remaining Original Defendants will be referred to herein as the "Remaining Original Defendants.")

4.    On November 3, 2017, defendant Kohl's Department Stores, Inc. was served with the Summons and the FAC.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

5.     On November 6, 2017, defendant Kohl's Corporation was served with the Summons and the FAC.

6.     The FAC purports to assert three causes of action against all Defendants: (1) false designation of origin/false impression of association [Violation of Lanham Act, Section 43(a)]; (2) violation of California Welfare & Institutions Code § 15610.30; and (3) violation of California Business & Professions Code § 17200 *et seq.*[1]  Each of Plaintiff's claims is based on her contention that the Defendants used "Plaintiff's brand, marks, voice, name, image, likeness, and/or persona without prior written consent and remuneration." (FAC ¶ 1.) Plaintiff seeks various forms of relief, including relief specifically provided for by the Lanham Act, such as injunctive relief pursuant to 15 U.S.C. § 1116(a) and Defendants' profits and treble damages pursuant to 15 U.S.C. § 1117. (*Id.* ¶¶ 68-70.)

## II.     THIS COURT HAS JURISDICTION.

7.     This Court has original jurisdiction over the Lanham Act claim asserted by Plaintiff in the State Court Action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331.

8.     This Court has jurisdiction over the claims Plaintiff asserted in the State Court Action under California common and statutory law pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claim arising under the Lanham Act that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## III.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.

9.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of

[1]     Plaintiff also filed a claim for intentional interference with prospective economic advantage against defendants Razor & Tie Direct, LLC, Razor & Tie Entertainment, LLC, Razor & Tie Music, L.P., Razor & Tie Music Corp., Razor & Tie Recordings, LLC, and New Razor & Tie Enterprises, LLC.

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

2

the process, pleadings, orders, and documents from the State Court Action that have been served upon the Kohl's Defendants are being filed with this Notice of Removal, attached hereto as Exhibit A.

10.     Removal is timely in accordance with 28 U.S.C. § 1446(b).

11.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Central District of California—Western Division is the federal judicial district and division embracing the Superior Court of the State of California for Los Angeles County where the State Court Action was originally filed.

12.     The Kohl's Defendants have exercised reasonable diligence to obtain consent and joinder to removal from the Remaining Original Defendants who have been properly joined and served. Following their retention on November 29, 2017, counsel for the Kohl's Defendants have done the following:

- November 30, 2017: Checked the online docket of the Los Angeles County Superior Court to determine whether any proofs of service have been filed (no proofs of service have been filed);

- November 30, 2017: Spoke to the clerk at the Civil Filing Window for the Stanley Mosk Courthouse, who likewise confirmed that no proofs of service have been filed;

- December 1, 2017: Contacted Plaintiff's counsel, requesting information on whether any of the Remaining Original Defendants have been served. Plaintiff's counsel responded that she would be available to discuss on Monday, December 4, 2017;

- December 1, 2017: Contacted defendants Forever 21 Retail, Inc. and Forever 21, Inc. (the "Forever 21 Defendants") directly, who counsel were informed had been served, as to whether (i) they consent to removal and (ii) have any knowledge of any other Remaining

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

3

Original Defendants having been served. The Forever 21 Defendants advised that they consent to removal and are not aware of any Remaining Original Defendants who have been served.

- December 1, 2017: Confirmed that defendant The Walt Disney Company consents to removal;

- December 4, 2017: Communicated with Plaintiff's counsel, who indicated that none of the defendants referred to in the FAC as the "R&T Defendants" have been properly joined and served.

To the extent any of the Remaining Original Defendants have not been properly joined and served at this time, the Kohl's Defendants will continue to seek such consent and joinder following the filing of this Notice of Removal.

## IV.    CONCLUSION

By this Notice of Removal, the Kohl's Defendants intend no admissions of fact, law, or liability, and expressly reserve all defenses.

Respectfully submitted,

Dated:  December 4, 2017          KATTEN MUCHIN ROSENMAN LLP


By:    /s/ David Halberstadter
       David Halberstadter
       Attorneys for Defendants Kohl's
       Corporation and Kohl's Department
       Stores, Inc.

# EXHIBIT A

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

November 7, 2017

Kohl's Corporation
Legal Department
Kohl's Corporation - Legal Department
N56 W17000 Ridgewood Drive
MENOMONEE FALLS   WI   53051

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2017-3034**

| | | |
|---|---|---|
| 1. | Client Entity: | Kohl's Corporation |
| 2. | Title of Action: | Toni Basil (aka Antonia Basilotta) vs. New Razor & Tie Enterprises, LLC, et al. |
| 3. | Document(s) Served: | Summons <br> Verified Complaint <br> ADR Information Packet <br> Notice of Case Assignment - Unlimited Civil Case (Non-Class Action) |
| 4. | Court/Agency: | Los Angeles County Superior Court, California |
| 5. | State Served: | Wisconsin |
| 6. | Case Number: | BC674401 |
| 7. | Case Type: | False Designation of Origin/ Violation of Lanham Act |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Monday 11/6/2017 |
| 10. | Date to Client: | Tuesday 11/07/2017 |
| 11. # Days When Answer Due: 30 <br> Answer Due Date: 12/6/2017 | | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | SOP Sender: <br> (Name, Address and Phone Number) | Fem Law Group <br> Huntington Beach, CA <br> (714) 596-0137 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 501 |
| 16. | Notes: | Please note Kohl's Corporation is mentioned starting on page 2 of the amended verified complaint. <br> Also Attached: <br> * First Amended Verified Complaint |

**NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.** At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited
Liability Company;    Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONI BASIL (aka ANTONIA BASILOTTA), an individual

*(SERVED BY: NOV 6 2017 DAVID B. SQUIRES)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

AUG 3 1 2017

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill St, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* BC 6 7 4 4 0 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
F. Edie Mermelstein, FEM LAW GROUP 18811 Huntington St, Ste 240, Huntington Beach, CA 92648
714-596-0137

| DATE: *(Fecha)* | AUG 3 1 2017 SHERRI R. CARTER | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BASIL v. NEW RAZOR & TIE ENTERPRISES, et al | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff  ☑ Defendant  ☐ Cross-Complainant  ☐ Cross-Defendant

RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corporation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,



Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

SERVED BY:
NOV 6 2017
DAVID B. SQUIRES

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

AUG 31 2017

Sherri R. Carter, Executive Officer/Clerk
By: Marion Gomez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

**BC674401**

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,

Defendants.

Case No.

**VERIFIED COMPLAINT FOR:**

(1) **VIOLATION OF CALIFORNIA CIVIL CODE §3344;**
(2) **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY;**
(3) **FALSE DESIGNATION OF ORIGIN [VIOLATION OF LANHAM ACT, SECTION 43(a)];**
(4) **FEDERAL RACKETEERING (RICO) MAIL FRAUD;**
(5) **FEDERAL RACKETEERING (RICO) WIRE FRAUD;**
(6) **CALIFORNIA PENAL CODE §496(c);**
(7) **CONVERSION; AND**
(8) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.**

*JURY TRIAL DEMANDED*

COMPLAINT

## COMPLAINT

Plaintiff, TONI BASIL, (legal name ANTONIA CHRISTINA BASILOTTA) professionally known as Toni Basil, brings this civil complaint and alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1. Plaintiff, Antonia Basilotta, professionally known as Toni Basil ("Plaintiff" or "Basil"), files this action seeking an order from this Court providing for monetary damages arising from Defendants' actions and injunctive relief to enjoin Defendants from the commercial use of Plaintiff's voice, name, image, likeness, and/or persona without prior written consent.

### THE PARTIES

2. PLAINTIFF, ANTONIA BASILOTTA, P/K/A TONI BASIL, is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California, whose principal place of business is located in the County of Los Angeles, State of California. Plaintiff is a recording artist and choreographer credited with her most famous work, *Mickey*, which has been exploited and unlawfully licensed throughout the world over the last three decades.

3. RAZOR & TIE DIRECT, LLC ("R&T Direct") is a New York Limited Liability Company. RAZOR & TIE ENTERTAINMENT, LLC ("R&T Entertainment") is a New York Limited Liability Company. RAZOR & TIE MUSIC, L.P. is a New York Limited Partnership and RAZOR & TIE MUSIC CORP. is a New York Corporation (Both together referred to as "R&T Music"); RAZOR & TIE RECORDINGS, LLC ("R&T Recordings") is a New York Limited Liability Company. NEW RAZOR & TIE ENTERPRISES, LLC ("New R&T") is a Delaware Limited Liability Company. (Collectively all entities are referred to as "R&T Defendants") All R&T Defendants are believed to have systematic and continuous contact in the State of California with the parent in the State of New York. R&T Defendants have held themselves out as having the legal right to grant third party licenses for Plaintiff's iconic sound recording of the 1980's hit song *Mickey* as well as the use of Plaintiff's voice, name, likeness, and/or persona. R&T's last known address is 214 Sullivan Street, #4A, New York, New York 10012. New R&T is registered as a foreign Delaware Limited Liability Company authorized to do business in California as a foreign corporation listing Lawrence J. Blake

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

as the agent for service of process with an address within Los Angeles County of 100 North Crescent Drive, Garden Level, Beverly Hills, CA 90210.

4.    DEFENDANTS FOREVER 21 RETAIL, INC. ("F21 Retail") is a California Corporation and FOREVER 21, INC. ("F21 Inc.") is a Delaware Corporation duly authorized and licensed to conduct business in California. (Collectively referred to as "Forever 21 Defendants") Plaintiff is informed and believes that Forever 21 Defendants have a principal place of business located at 3880 N. Mission Road, Los Angeles, California 90031.

5.    DEFENDANTS THE WALT DISNEY COMPANY ("TWDC") is a Delaware Corporation authorized to do business in California as a foreign corporation listing Marsha L. Reed as the agent for service of process with an address within Los Angeles County 500 S Buena Vista Street, Burbank, CA 91521.

5.    DEFENDANTS NEW OPEN DOOR PRODUCTIONS, INC. and VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS are both Delaware Corporations; These entities are involved in the production and distribution of the Los Angeles based *RuPaul's Drag Race*. (Collectively "RuPaul Defendants")

6.    DEFENDANTS CENTRAL PRODUCTIONS, LLC ("South Park Defendants") is a Delaware Limited Liability Company duly authorized and licensed to conduct business in California. This entity is involved in the production and distribution of the animated, comedic television show *South Park.*

7.    Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when their names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs damages were proximately caused by their conduct. Hereinafter, all defendants (including the Doe defendants) will sometimes be referred to collectively as "Defendants."

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

**JURISDICTION AND VENUE**

8.      This Court is the proper court for this action. The commercial activities of Defendants, Does 1 to 50, and each of them, impact the County of Los Angeles in a substantial, continuous and systematic way. Defendants, Does 1 to 50, and each of them, have purposefully availed themselves of the protections and benefits of the County of Los Angeles, State of California. Among other things, Defendants, Does 1 to 50, and each of them, (i) publish advertisements and/or other types of publications which circulate in the County of Los Angeles, State of California; and (ii) maintain interactive websites on which Los Angeles County residents can acquire information about Defendants, Does 1 to 50, and each of them, and purchase their products. The connection of Defendants, Does 1 to 50, and each of them, to Los Angeles County is so pervasive that Defendants, Does 1 to 50, and each of them, reasonably anticipate being haled into a Los Angeles County court.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.      Plaintiff and her original record label Radialchoice Limited ("Radialchoice"), entered into a recording agreement in 1979 wherein Plaintiff granted the sound recording asset of *Mickey* to the label. Section 18(c) of the agreement expressly stated, "In no event will Company, its licensees or assigns produce a videotape or disc featuring the masters or any of them without the prior approval of Artist."

10.     In 1982, Basil and Radialchoice entered into another recording agreement for her second, self-titled album, *Toni Basil*. Included in the 1982 Agreement were more favorable terms and conditions relating to *Mickey,* which had already been produced prior to the execution of the 1982 Agreement, and was not a master produced under the 1982 Agreement. The 1982 Agreement stated, "that Company shall not at any time alter, authorize or affirmatively permit the alteration of any master recording without the prior written consent of Artiste." Additionally, the 1982 Contract specifies that written consent is required by Basil for the use of any of her master recordings, including *Mickey*, in any commercial advertising product. The 1982 Agreement under section 6.8.10 states, "Company shall not without [Plaintiff's] prior written consent couple or otherwise utilize sound masters hereunder with audio visual product not featuring [Plaintiff's] performance of the composition embodied on such sound master."

11. The assignment provisions of the 1979 and 1982 Agreements provided that:

(a) <u>First Recording Contract:</u> Paragraph 11(b) of the 1979 Agreement states, "[Radialchoice] may assign this Agreement together with its rights and obligations to such third party as it may elect with **[Plaintiff's] consent in writing** <u>PROVIDED THAT</u> [Radialchoice] may so assign without consent to any company owned or controlled by Simon Lait or in which the said Simon Lait holds or shall hold a majority shareholding interest." [Emphasis Added.]

(b) <u>Second Recording Contract: "Company's Rights of Assignment; Company Liquidation.</u> Paragraph 18.1 of the 1982 Recording Agreement states, "[Plaintiff] expressly agrees that [Radialchoice] may at any time transfer and assign this Agreement, and – or license all or any part of the [Radialchoice's] rights hereunder, to **any solvent and financially responsible** person, firm or corporation which is a subsidiary or affiliate of [Radialchoice] or which has common ownership with [Radialchoice] or to any person, firm or corporation which shall acquire all or substantially all of [Radialchoice's] assets, or to any other third party approved by [Basil], such approval not to be unreasonably withheld, and this Agreement shall inure to the benefit of [Radialchoice's] permitted successors, licensees and assigns." [Emphasis Added.]

(c) The second recording agreement also provided for a reversion of rights in the event of Company's bankruptcy: Paragraph 18.2(a) of the 1982 Recording Agreement states, "This agreement shall *automatically* terminate in the event of the Company going into liquidation (other than a voluntary liquidation for the purpose of reconstruction or amalgamation which in no way diminishes the rights, entitlements or privileges of Artiste hereunder) whereupon each and all rights vested in the Company hereunder shall **automatically and without necessity of any action of any kind irrevocably and totally revert to Artiste.**" [Emphasis Added.]

12. Plaintiff alleges and hereby restates the conditions under which the First Recording Contract permits assignment:

(a) Plaintiff's written consent if to third party; EXCEPT THAT

(b) no written consent required if to (i) any *company* (ii) majority owned or controlled by (iii) *Lait.*

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

13.    Plaintiff alleges and hereby restates the conditions under which the Second Recording Contract permits assignment:

(a)    Plaintiff's consent if to third party acquiring all of Radialchoice's assets; EXCEPT THAT

(b)    no consent required if to (i) *financially responsible* (ii) *person, firm or corporation* (iii) majority owned or controlled by *Simon Lait.*

(c)    if the foregoing conditions were not met and the Company went into involuntary liquidation, then the rights automatically reverted to Plaintiff.

14.    On or about March 25, 1985, Radialchoice was involuntarily forced into liquidation and officially dissolved on or about June 14, 1988.

15.    Before the dissolution of Radialchoice, the rights to *Mickey* and the related assets were purportedly transferred to another entity, beginning the decades-long series of transfers and assigns of *Mickey* and related assets. Stillwater, Ltd. ("Stillwater") a foreign holding company puppeteered by Clive Solomon through an vast array of foreign entities, purports to be the current owner of *Mickey* and the related assets but has yet to show a clean chain of title in support of its purported ownership. Stillwater is a UK company that is not owned or controlled by Simon Lait and is not financially responsible where they have failed to account adequately or even compensate Plaintiff.

16.    On or about December 19, 1989, one purported transfer was to the notorious and well-chronicled bankrupt tax evader, Roy Clifford Tucker ("Tucker") who was raided on or about 7:00 AM on July 13, 1979 followed by protracted litigation in the UK known as the Rossminster affair.

17.    Plaintiff alleges the transfer to Tucker violates both recording agreements with Plaintiff, *e.g.*, no consent by Basil, not to a company owned or controlled by Simon Lait (as it is not a company), but to a third party individual whose financial credibility was marred. Plaintiff alleges that over a period of five (5) years, Tucker never accounted or made himself known to Plaintiff. Thus, the assignment to Tucker fails as fraudulent and ineffective and constitutes a break in the chain of title.

18.    R&T Defendants and each of them are involved in the music industry.  Craig Balsam and Cliff Chenfeld originally established Razor & Tie based in New York in or around 1990.  R&T

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

Defendants have numerous related business entities who use the razorandtie.com common email and domain name used by R&T Defendants.

19. On or about March 7, 1994, in consideration of £1 (one pound) Tucker purportedly transferred and assigned *Mickey* and the related assets to Odel Finance Corporation, an offshore Panamanian corporation of which Tucker was the principal. Again, this transfer is invalid.

20. On or about August 1, 1994, the first of the R&T Defendants, R&T Music LP, without doing any due diligence regarding ownership, entered into a licensing agreement with Odel Finance Corporation, the offshore Panamanian company for numerous rights to *Mickey* and the related assets, including the purported right to grant third party licenses in the United States and Canada.

21. Plaintiff alleges that she was not consulted, did not give written consent to the assignment or licensing of *Mickey*.

22. Plaintiff alleges that as a result of the purported licensing agreement between the R&T Music and Odel Financing Corporation, the R&T Defendants were made aware of Plaintiff's original recording agreements, including provisions requiring Plaintiff's written consent for the transfers and for the use of her voice, image, name, persona, likeness, and sound recordings in any commercial advertising product.

23. Plaintiff alleges that even with the knowledge of the recording agreements, the R&T Defendants fraudulently misrepresented to third parties they were rights holders with the ability to license *Mickey* and the related assets, and consent to the use of Basil's voice, name, likeness, and persona.

24. Sometime in or around 1995 during the term of the license agreement between the R&T Defendants and Odel Finance Corporation there was a purported transfer and assignment of *Mickey* and the related assets from Odel Finance Corporation to Odel Licensing Limited, an offshore Isle of Man entity. This undocumented intercontinental transfer was never presented to Plaintiff for her consent as required under her agreements with her original record company.

25. Plaintiff alleges there is a gap in the chain of title between Odel Finance Corporation, (*a Panamanian entity*) and Odel Licensing Limited (*an offshore Isle of Man entity*) evidencing a clear break in the chain of title. Plaintiff did not consent to these transfers between offshore companies.

Plaintiff therefore alleges the Odel Finance Corporation to the offshore Isle of Man entity, Odel Licensing Limited, fails as fraudulent and ineffective and had no ability to confer rights to any third party, including R&T Defendants. With knowledge of and a flagrant disregard for Plaintiff's rights, the R&T Defendants were aware of the lack of privity of title to *Mickey* at the time they contracted.

26. On or about October 1, 1997 Odel Licensing Limited purportedly transferred and assigned *Mickey* and related assets to Twist and Shout Limited, a U.K. company.

27. On or about October 17, 1997 Odel Finance Corporation, who at the time did not own or control *Mickey* or the related Radialchoice assets, amended its licensing agreement with R&T Music LP. With knowledge of and a flagrant disregard for Plaintiff's rights, the R&T Defendants, aware of the lack of privity of title to *Mickey*, engaged in a pattern of fraud and converted funds belonging to Plaintiff for their own financial gain. R&T Defendants furthered this pattern of fraud by transmitting and/or causing to be transmitted by means of wire in interstate commerce, writings, signs, signals, pictures or sounds for the purpose of executing their fraudulent scheme. Additionally, R&T Defendants sent and/or received funds and documents, including but not limited, to inducement letters, contracts, and checks through the mail in furtherance of their fraudulent scheme.

28. On or about November 27, 1998, Twist and Shout Limited entered into a letter variation with R&T Entertainment. Continuing to engage in a pattern of fraud, which Plaintiff was unaware at the time, R&T Defendants collected large sums of money belonging to Plaintiff.

29. The R&T Defendants continued to fraudulently represent they were rights holders of *Mickey* and controlled Plaintiff's right of publicity with the ability to issue third party licenses without Plaintiff's consent. Even if the title to *Mickey* and related assets had legitimately passed on to the entities in which the R&T Defendants had obtained their rights from, *which it had not*, the R&T Defendants still continued to fraudulently represent they could freely license to third parties and do so without obtaining Plaintiff's consent.

30. On or about December 20, 2000, R&T Entertainment exercised an option to extend the term of the licensing with Twist & Shout, one of the purported successors in interest to the original record label. Twist & Shout was owned and operated by Clive Solomon, an English businessman intertwined with the tax evader Tucker and which was not owned or controlled by Simon Lait. No

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

consent was requested or granted by Plaintiff as she was not made aware of the exercise of the option.

31.     Plaintiff unsuccessfully attempted to halt the unauthorized use of her properties, collect on amounts from Simon Lait who was the original principal of the defunct Radialchoice.  Through a complex shell game played by the purported successors in interest to Radialchoice and the R&T Defendants, Plaintiff has been kept in the dark about the extensive licensing of her name, likeness, voice, image and persona which resulted in substantial profits to R&T Defendants.

32.     R&T Defendants knowingly misappropriated revenues received as a result of unauthorized third party licensing.  In 2008, R&T Defendants collected $22,500 from South Park Defendants, never notifying or compensating Stillwater or Plaintiff for the unauthorized third party license.

33.     On or about February 17, 2011, Basil issued a letter to R&T Defendants through her legal representation informing R&T Defendants that they had no right to issue third party licenses for *Mickey*.  The letter also informed R&T Defendants that they had no authority to enter into any agreements on behalf of Plaintiff, commercial or otherwise.

34.     Over a year later, on or about June 13, 2012, a representative from R&T Defendants contacted Plaintiff's legal representation seeking Basil's consent for the use of *Mickey* in an "undisclosed national advertising campaign." Plaintiff did not consent.

35.     In April 2013, R&T Defendants claimed they were not involved in the license and use of *Mickey* for use in various commercial synchronization and other licensure activities.

36.      Based on prior interactions with R&T Defendants, Plaintiff believed that no commercial synchronization or other licensing of *Mickey* could be accomplished without her prior written consent.

37.     Plaintiff did not become aware of the commercial synchronization and licensing of *Mickey* by R&T Defendants, including the unauthorized use of her voice, name, image and/or celebrity endorsement of Defendants until January 12, 2017. Until that time she was unaware of the use of her voice, likeness, and/or persona in an episode of *South Park*, in a Forever 21 advertisement, and in an episode of *RuPaul's Drag Race*, among others.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

38. On or about November 5, 2008, R&T Defendants issued a license to South Park Defendants for the use of *Mickey* in *South Park* Episode 1212. In this episode, Plaintiff's voice is synchronized to a scene in which *South Park* characters can be seen flipping over a police car with at least one character chanting, *"Obama you're so fine, you're so fine you blow my mind, hey Obama, hey Obama."*

39. South Park Defendants knowingly used Plaintiff's voice and persona in *South Park* Episode 1212. Clips of the episode containing the aforementioned scene are still viewable on the Internet as of the filing of this complaint.

40. Neither South Park Defendants nor R&T Defendants ever sought Basil's consent to utilize her voice, persona or the sound recording of *Mickey* in *South Park* Episode 1212 or for the promotion and/or endorsement of the show and/or underlying political commentary contained therein.

41. R&T Defendants never made Plaintiff aware of or compensated Plaintiff for the use of *Mickey* in *South Park* Episode 1212.

42. R&T Defendants never made Stillwater aware of or compensated Stillwater for the use of *Mickey* or Plaintiff's voice, likeness, or persona in *South Park* Episode 1212.

43. Forever 21 Defendants knowingly used Plaintiff's voice in a promotional video featuring the song *Mickey* to promote a *Disney* line of clothing. The video is still viewable on the Internet as of the filing of this complaint and the *Disney* line of clothing can still be purchased from Forever 21 Defendants.

44. Neither Forever 21 Defendants nor R&T Defendants ever sought Basil's consent to utilize her voice, persona or the sound recording of *Mickey* to sell and promote Forever 21's *Disney* line of clothing.

45. RuPaul Defendants knowingly used Basil's voice, name, likeness, and/or persona in episode 309 when they had drag queens lip sync to her sound recording of *Spanish Mickey*.

46. The use of Basil's voice, name, image, persona, likeness and the sound recording of *Mickey* by Defendants in each of the aforementioned instances were directly connected to Defendants' commercial purposes.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

47.     Basil's brand and identity is intertwined with her iconic song *Mickey*.  Basil is widely recognized as a one hit wonder for her song *Mickey*. Basil is protective of her brand and her signature song is known as a cheerleading anthem and an Eighties one hit wonder.

48.     Basil is also a celebrated director and choreographer who has worked with such notables as David Bowie, Elvis Presley, Bette Midler, Tina Turner, David Lee Roth, to name a few.  In addition, she recently had a viral video, which reached millions of viewers.  Her reputation as a creative force and entertainment visionary is of extreme importance to her and her livelihood.  Basil carefully selects projects she works on and protects her image and credibility at every turn.

49.     Upon notification of the unauthorized commercial use of Plaintiff's song *Mickey* along with the implied endorsement causes Plaintiff to become withdrawn, despondent and physically ill.  She has experienced sleep deprivation, nightmares, and anxiety as a result of Defendants' actions.

50.     R&T Defendants regularly held themselves out as rights holders with the ability to license *Mickey* for commercial synchronization as well as the use of her voice, image, likeness, and persona.

51.     R&T Defendants represented to potential licensees that it had the ability to issue third party licenses for the song *Mickey* and any derivatives, including *Spanish Mickey*.

52.     R&T Defendants knew that any and all synchronization or third party licensing required Plaintiff's written consent under the recording agreements.

53.     After R&T Defendants sought, but did not obtain Basil's consent for an undisclosed national ad campaign, R&T Defendants never sought consent for any third party licensing or commercial synchronization after 2011.

54.     South Park Defendants never sought or obtained consent from Basil for the use of her voice, persona and name in an episode of *South Park* with particularly strong political undertones.

55.     Forever 21 Defendants never sought or obtained consent from Basil for the use of her voice and persona for use in a commercial to promote their *Disney* line of products.

56.     TWDC never sought or obtained consent to use Basil's voice and persona to market its officially licensed Disney clothing line.  Basil was never consulted and would never consent to the

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

use of her voice, persona, image or name coupled with Disney products. Basil's exclusive right to publicity has been damaged by the coupling with Mickey Mouse and the Disney brand.

57.    The RuPaul Defendants never sought consent from Basil for the use of her voice, persona and name when they had drag queens lip sync to her sound recording of *Spanish Mickey* in episode 309.

58.    The public was exposed to the South Park Defendants', Forever 21 Defendants' and RuPaul Defendants' utilization of Plaintiff's voice, image and persona and a reasonable consumer would be lead to believe Basil had approved and/or endorsed the products and shows.

### FIRST CAUSE OF ACTION
### Violation of Statutory Right of Publicity [California Civil Code §3344]
### Against All Defendants

59.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

60.    Plaintiff is the holder of her own rights of publicity, including her voice.

61.    The Defendants knowingly used Plaintiff's voice, name, likeness, and/or persona for the purpose of advertising, selling, and/or soliciting purchases of merchandise, goods and/or services in commerce without Plaintiff's permission or consent. Defendants' use of Plaintiff's voice, name, likeness, and/or persona was directly related to their business.

62.    As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged, and will be damaged, in an amount subject to proof at trial and in excess of $25,000. Plaintiff is entitled to damages in an amount equal to the greater of seven hundred fifty dollars ($750) for each unauthorized use, or the actual damages suffered by Plaintiff as a result of the unauthorized uses, and any profits from the unauthorized uses that are attributable to the use and are not taken into account in computing the actual damages.

63.    Plaintiff has suffered emotional distress damages as a result of Defendants' conduct exploiting her voice, name, likeness, and/or persona without remuneration or consent for commercial gain.

64.    Pursuant to the mandatory attorneys' fees provision of California Civil Code §3344, Plaintiff is also entitled to recover her attorneys' fees and costs.

65.    In addition, because the Defendants' conduct was fraudulent, oppressive and malicious, Plaintiff seeks punitive damages in an amount to be proven at trial.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

*SECOND CAUSE OF ACTION*
**Violation of Common Law Right of Publicity**
**Against All Defendants**

66.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

67.    Plaintiff is the sole holder of her rights of publicity, including her voice.

68.    Defendants, and each of them used Plaintiff's voice, name, likeness, and or persona for the purpose of advertising, selling, and soliciting purchases of merchandise, goods, and/or services in commerce without Plaintiff's permission or consent.

69.    As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of $25,000.

70.    Pursuant to the mandatory attorneys' fees provision of California Civil Code §3344, Plaintiff is also entitled to recover her attorneys' fees and costs.

*THIRD CAUSE OF ACTION*
**False Designation of Origin/False Impression of Association**
**[Violation of Lanham Act, Section 43(a)]**
**Against All Defendants**

71.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

72.    In connection with the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, the Defendants have knowingly misappropriated, annexed and used Plaintiff's voice, name, likeness, and/or persona to falsely describe or represent that Defendants' websites, stores, goods, shows and/or services are associated, approved, and/or connected with Plaintiff.

73.    Defendants' use of Plaintiff's voice, name, likeness, and/or persona in connection with Defendants' websites, stores, shows and/or the promotion, marketing, advertising, and selling of the Defendants' goods and/or services is a false designation of origin and false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and the Defendants, and is likely to cause

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

12
COMPLAINT

confusion, mistake, or deception as to the origin, sponsorship, or approval of the Defendants' websites, stores, goods, shows, and/or services by Plaintiff.

74. Plaintiff is informed and believes, and on that basis alleges, that the Defendants confused and mislead the public, and did represent and create the false impression that the Defendants' websites, stores, goods, shows, and/or services are endorsed by, authorized, originated, sponsored, approved, licensed, or otherwise affiliated with Plaintiff.

75. Plaintiff has not authorized, licensed, or given permission to the Defendants to use her voice, name, likeness, and/or persona in any commercial or other manner whatsoever.

76. Thus, the Defendants have created and will continue to create a false impression concerning an association between Plaintiff and the Defendants, a false designation of the origin of the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, and confusion as to a connection between the respective parties.

77. As a direct and proximate result of the aforementioned acts, Plaintiff has sustained and will continue to sustain substantial injury to her businesses, reputation, fame, emotional well-being, and goodwill. Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of $25,000.

78. Pursuant to 15 U.S.C. §§ 1116(a), Plaintiff is entitled to an order enjoining the Defendants from using Plaintiff's voice, name, likeness, and/or persona in connection with Defendants' websites, stores, shows, and/or the marketing, distribution, or sale of any of the Defendants' goods or services.

79. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring the Defendants to account to her for any and all profits derived by the Defendants from their actions, and to an order awarding all damages sustained by Plaintiff and caused by the Defendants' conduct. The Defendants' acts make this an exceptional case under 15 U.S.C. Section 1117(a) and Plaintiff is entitled to recover her attorneys' fees and the costs of this action.

80. Plaintiff is informed and believes and based thereon alleges that the Defendants' conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. Section 1117(a), Plaintiff is entitled to an award of treble damages against all Defendants.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

13
COMPLAINT

**FEM LAW GROUP**
**18811 Huntington Street, Suite 240**
**Huntington Beach, CA 92648**

## FOURTH CAUSE OF ACTION
## RICO - MAIL FRAUD
### Against All R&T Defendants

81.   Plaintiff incorporates by reference the allegations made, in all preceding paragraphs as if fully set forth herein.

82.   The R&T Defendants and each of them together formed an enterprise, the purpose of which was to fraudulently induce prospective licensees and advertisers to pay money based on the aforementioned false representations and promises.

83.   For the purpose of executing the aforementioned scheme or artifice to defraud, the R&T Defendants and each of them placed in a post office or authorized depository for mail matter, matters or things to be sent or delivered by the Postal Service, or deposited or caused to be deposited matters or things to be sent or delivered by a private or commercial interstate carrier or carriers, or took or received therefrom matters or things, or knowingly caused to be delivered by such mail or such carrier according to direction thereon, or at the place at which it was directed to be delivered by the person to whom it was addressed, matters or things. Such matters or things include but are not limited to inducement letters, contracts, and checks.

84.   The acts alleged in the preceding paragraph occurred two or more times during the period from 1994 to 2016 and were committed for the purpose of financial gain.

85.   As a direct and proximate result of R&T Defendants' interstate transmission of matters and things, the Plaintiff suffered actual and consequential damages and special damages, including lost profits, in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

86.   Pursuant to 18 USC § 1964, Plaintiff is entitled to recover treble damages and the cost of suit including a reasonable attorney's fee.

## FIFTH CAUSE OF ACTION
## RICO - WIRE FRAUD
### Against All R&T Defendants

87.   Plaintiff incorporates by reference the allegations made, in all preceding paragraphs as if fully set forth herein.

88.    Having devised or intending to devise the aforementioned scheme or artifice to defraud, or the aforementioned acts of obtaining money by false pretenses, representations or promises, the R&T Defendants and each of them transmitted or caused to be transmitted by means of wire in interstate commerce, writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice.

89.    The acts alleged in the preceding paragraph occurred two or more times during the period from 1994 until 2016 and were committed for the purpose of financial gain.

90.    As a direct and proximate result of defendants' interstate transmission by wire of writings, signs, signals, pictures or sounds, the Plaintiff suffered actual and consequential damages and special damages, including lost profits, in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

91.    Pursuant to 18 USC § 1964, Plaintiff is entitled to recover treble damages and the cost of suit including a reasonable attorney's fee.

### SIXTH CAUSE OF ACTION
### Violation of California Penal Code §496
### Against All R&T Defendants

92.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

93.    R&T Defendants' fraudulent receipt of the rights in *Mickey* and related assets and failure to pay royalties and licensing fees owed to Plaintiff constitute theft as defined by Penal Code §484(a).

94.    R&T Defendants willfully received and possessed the rights in *Mickey* and related assets, knowing they were fraudulently and illegally obtained.

95.    R&T Defendants willfully received and possessed Plaintiff's royalties and licensing fees, knowing they were fraudulently and illegally obtained and withheld from Plaintiff.

96.    After Basil asked R&T Defendants to stop licensing *Mickey* and related assets, and asked R&T Defendants to pay all royalties and licensing fees owed to her, R&T Defendants continued to license the sound recordings and withhold Plaintiff's royalties and licensing fees.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

97.    The continued possession and licensing of *Mickey* and related assets, and refusal to pay Plaintiff her royalties and licensing fees after the demand by Plaintiff, constitutes the receipt, withholding, and concealment of stolen property, as defined by Penal Code §496(a).

98.    Consequently, R&T Defendants violated Penal Code §496(a) by knowingly aiding, abetting, and conspiring to commit the acts described above, with the specific intent to prevent Plaintiff from recovering her stolen property.

99.    Accordingly, R&T Defendants is liable to Plaintiff for treble damages pursuant to Penal Code §496(c).

### SEVENTH CAUSE OF ACTION
**Conversion Against All Defendants**

100.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

101.    R&T Defendants converted certain property that belongs to Plaintiff, including money and various rights, which R&T Defendants used for their benefit and enjoyment. Specifically, since on or about August 1, 1994, R&T Defendants fraudulently took control over Plaintiff's rights in *Mickey* and money she earned through those rights.

102.    Plaintiff has demanded that R&T Defendants return all money and property rights improperly converted and diverted to R&T Defendants, but R&T Defendants have failed and refused, and continue to fail and refuse, to do so.

103.    As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of $25,000.

### EIGHTH CAUSE OF ACTION
**Violation of California Business & Professions Code §17200 et seq.**
**Against All Defendants**

104.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

105.    California Business and Professions Code Section 17200, et seq. (the "Unfair Competition Law") prohibits business practices that are unfair, unlawful and/or fraudulent. The Unfair Competition Law is intended to protect individuals, such as Plaintiff, from unethical business practices.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

106. Pursuant to California Business & Professions Code, Section 17204, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person or any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquire by means of such unfair competition.

107. As alleged herein, Defendants, and each of them, have engaged in acts of unfair competition as defined in California Business & Professions Code, Section 17200. Specifically, Defendants engaged in unfair, unlawful, and fraudulent conduct through their actions including, but not limited to:

a. making misrepresentations to Plaintiff, licensees, and other parties concerning statements, accounting, and intellectual property ownership, among others;

b. concealing information from Plaintiff regarding accounting and expectation of payment;

c. entering into licensing agreements without honoring Plaintiff's original recording agreements; and

d. using and continuing to use Plaintiff's name, likeness, image, and persona without compensating Plaintiff.

all of which were designed to enhance Defendants' position while harming Plaintiff, and are unlawful, unfair, and fraudulent business practices.

108. Plaintiff has suffered harm from Defendants' actions in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff prays for judgment as follows:

1. That this Court award treble damages pursuant to the Lanham Act §43(a);

2. That this Court award treble damages pursuant to the RICO Act;

3. That this Court award treble damages pursuant to Penal Code §496(c);

4. That this Court award compensatory damages including but not limited to profits lost due to Defendants' conduct and other consequential damages, in an amount according to proof;

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

17
COMPLAINT

5. That this Court award punitive damages in an amount appropriate to punish Defendants, to deter others from engaging in such conduct, and to set an example of Defendants;

6. That this Court award the greater of actual damages according to proof or statutory damages under Civil Code §3344;

7. That this Court award a preliminary and permanent injunction enjoining Defendants, all persons acting in active concert or participation with them, and all third parties with knowledge of the injunction from using Plaintiff's voice, name, image, likeness, and/or persona in commerce without her prior written consent.

8. That this Court award emotional distress damages;

9. That this Court order Defendants to account to Plaintiff;

10. That this Court order Defendants to disgorge all profits and proceeds earned relative to the exploitation of *Mickey* and Plaintiff's voice, image, name, likeness, and/or persona;

11. That this Court award Plaintiff's actual costs incurred for this action, including, but not limited to, reasonable attorney's fees;

12. That this Court award pre-judgment and post-judgment interest on all sums;

13. That this Court order such further relief as justice may require, or as this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: August 29, 2017                    FEM LAW GROUP

By: _F. Edie Mermelstein_

F. Edie Mermelstein

//

//

//

//

## VERIFICATION

The undersigned, for herself declares:

I am the Plaintiff in the above-entitled action. I read the forgoing Verified Complaint for Damages and know the contents thereof. I verify that the information contained in the Verified Complaint for Damages is true by my own knowledge, except as to those matters, which are therein stated on information and belief, and, as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of California and the United States of America, that the forgoing is true and correct.

Dated: Aug 28-2017

ANTONIA BASILOTTA p/k/a "TONI BASIL"

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

20
COMPLAINT

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

    In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

    **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

    The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

    In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.


A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19


To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/


County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association
Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i.  File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i.  Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;   .

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

---

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

  h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

  i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   _(INSERT DATE)_                           _(INSERT DATE)_
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

Date:

_____     ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

<table>
<tr>
<td>NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:</td>
<td>STATE BAR NUMBER</td>
<td>Reserved for Clerk's File Stamp</td>
</tr>
<tr>
<td>TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):</td>
<td>FAX NO. (Optional):</td>
<td></td>
</tr>
</table>

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤ _____
      (TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)

Date:

                                       ➤ _____
_____                    (ATTORNEY FOR DEFENDANT)
      (TYPE OR PRINT NAME)

Date:

                                       ➤ _____
_____                    (ATTORNEY FOR DEFENDANT)
      (TYPE OR PRINT NAME)

Date:

                                       ➤ _____
_____                    (ATTORNEY FOR DEFENDANT)
      (TYPE OR PRINT NAME)

Date:

                                       ➤ _____
_____                    (ATTORNEY FOR _____)
      (TYPE OR PRINT NAME)

Date:

                                       ➤ _____
_____                    (ATTORNEY FOR _____)
      (TYPE OR PRINT NAME)

Date:

                                       ➤ _____
_____                    (ATTORNEY FOR _____)
      (TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date:    _____          _____
                                                      JUDICIAL OFFICER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

*BC674401*

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | ✗ |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW | |
| | Hon. Randolph Hammock | 47 | 507 | | | | | |

### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 12/16)
LASC Approved 05-06

### - NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Page 1 of 2

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**



**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 1 6 2017

Sherri R. Carter, Executive Officer/Clerk
By: Glorietta Robinson, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corporation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,

Defendants.

Case No. BC674401

**FIRST AMENDED VERIFIED COMPLAINT FOR:**

(1) **FALSE DESIGNATION OF ORIGIN [VIOLATION OF LANHAM ACT, §43(a)];**
(2) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**
(3) **VIOLATION OF WELFARE AND INSTITUTION CODE §15610.30; AND**
(4) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.**

D-56

*JURY TRIAL DEMANDED*

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

Plaintiff, TONI BASIL, (legal name ANTONIA CHRISTINA BASILOTTA) brings this civil complaint and alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1.     Plaintiff, Antonia Christina Ba silotta, professionally know n as Toni Basil ("Plaintiff" or "Basil"), files th is action seek ing an order from this Court providing for m onetary dam ages arising from Def endants' ac tions and injunctive re lief to enjoin Def endants from the commercial us e of Plaintiff's brand, marks, voice, name, im age, likeness, and/or persona without prior written consent and remuneration.

### THE PARTIES

2.     Plaintiff is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California, whose principal place of business is located in the County of Los Angeles, State of California.  Since September 22, 2008, Plaintiff is part of a protected class when she turned 65 years old.  Plaintiff is a music recording artist, director, editor and choreographer credited with her most famous work, *Mickey*.  Plaintiff has consistently used her stage name TONI BASIL for over four decades, which is widely recognized and has become synonymous with her marks TONI BASIL, HEY MICKEY and YOU'RE SO FINE, YOU BLOW MY MIND ("Basil's trademarks" or "marks").

3.     Defendant RAZOR & TIE DIRECT, LLC ("R&T Direct") is a New York Limited Liability Company. RAZOR & TIE ENTERTAINMENT, LLC ("R&T Entertainment") is a New York Limited Liability Company. Defendant RAZOR & TIE MUSIC, L.P. is a New York Limited Partnership and RAZOR & TIE MUSIC CORP. is a New York Corporation (Both together referred to as "R&T Music"); RAZOR & TIE RECORDINGS, LLC ("R&T Recordings") is a New York Limited Liability Company. NEW RAZOR & TIE ENTERPRISES, LLC ("New R&T") is a Delaware Limited Liability Company.  Collectively all of Razor & Tie-related entities identified in this paragraph are collectively referred to hereinafter as "R&T Defendants".

4.     On information and belief. all R&T Defendants have systematic and continuous business within the State of California.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

1

FIRST AMENDED VERIFIED COMPLAINT

5.    One or more of the R&T Defendants have intentionally and falsely held themselves out as Plaintiff's professional representative, as well as having the legal right to grant third party licenses for both (a) the master recording of Plaintiff's iconic sound recording and video of the 1980's hit song *Mickey* and (b) the use Plaintiff's marks, voice, name, likeness, and/or persona and implied endorsement.

6.    R&T Defendants' main address is 214 Sullivan Street, #4A, New York, New York 10012. New R&T is registered as a foreign Delaware Limited Liability Company authorized to do business in California as a foreign corporation with offices located 100 North Crescent Drive, Garden Level, Beverly Hills, CA 90210.

7.    Defendants FOREVER 21 RETAIL, INC. ("F21 Retail") is a California Corporation and FOREVER 21, INC. ("F21 Inc.") is a Delaware Corporation duly authorized and licensed to conduct business in California. Defendants F21 Retail and F21 Inc. are collectively referred to hereinafter as "Forever 21 Defendants". Plaintiff is informed and believes that Forever 21 Defendants have a principal place of business located at 3880 N. Mission Road, Los Angeles, California 90031.

8.    Defendant THE WALT DISNEY COMPANY ("Disney") is a Delaware Corporation authorized to do business in California as a foreign corporation listing Marsha L. Reed as the agent for service of process with an address within Los Angeles County 500 S Buena Vista Street, Burbank, CA 91521.

9.    Defendants KOHL'S CORPORATION, a Wisconsin Corporation and KOHL'S DEPARTMENT STORES, INC., (collectively "Kohl's") a Delaware Corporation, Doe Defendants 1 and 2, are duly authorized and licensed to conduct business in California. Plaintiff is informed and believes that Kohl's Defendants entity mailing address is N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051. Kohl's agent for service of process is Corporate Creations Network, Inc., 1430 Truxtun Ave. 5th Floor, Bakersfield, CA 93301.

10.    Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously

named defendants when their names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs damages were proximately caused by their conduct. Hereinafter, all defendants (including the Doe defendants) will sometimes be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

11.     This Court is the proper court for this action. The commercial activities of Defendants, Does 1 to 50, and each of them, impact the County of Los Angeles in a substantial, continuous and systematic way. Defendants, Does 1 to 50, and each of them, have purposefully availed themselves of the protections and benefits of the County of Los Angeles, State of California. Among other things, Defendants, Does 1 to 50, and each of them, (i) publish advertisements and/or other types of publications which circulate in the County of Los Angeles, State of California; and (ii) maintain interactive websites on which Los Angeles County residents can acquire information about Defendants, Does 1 to 50, and each of them, and purchase their products. The connection of Defendants, Does 1 to 50, and each of them, to Los Angeles County is so pervasive that Defendants, Does 1 to 50, and each of them, reasonably anticipate being haled into a Los Angeles County court.

## BACKGROUND FACTS

12.     Plaintiff and her first record label, Radialchoice Limited ("Radialchoice"), entered into a recording agreement in 1979 wherein Plaintiff transferred her copyright interest in and to the master sound recording *Mickey* to Radialchoice. Section 18(c) of the agreement expressly stated, "[i]n no event will Company, its licensees or assigns produce a videotape or disc featuring the masters or any of them without the prior approval of Artist."

13.     In 1982, Basil and Radialchoice entered into another recording agreement for her second, self-titled album, *Toni Basil*. The 1982 Agreement stated, "that Company shall not at any time alter, authorize or affirmatively permit the alteration of any master recording without the prior written consent of Artiste." Additionally, the 1982 Contract specifies that Basil's written consent is required for the use of any of her master recordings, including *Mickey*, in any commercial advertising product. The 1982 Agreement under section 6.8.10 states, "Company shall not without

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

3

FIRST AMENDED VERIFIED COMPLAINT

[Plaintiff's] prior written consent couple or otherwise utilize sound masters hereunder with audio visual product not featuring [Plaintiff's] performance of the composition embodied on such sound master."

14.    The assignment provisions of the 1979 and 1982 Agreements provided that:

(a)    First Recording Contract: Paragraph 11(b) of the 1979 Agreement states, "[Radialchoice] may assign this Agreement together with its rights and obligations to such third party as it may elect **with [Plaintiff's] consent in writing** PROVIDED THAT [Radialchoice] may so assign without consent to any company owned or controlled by Simon Lait or in which the said Simon Lait holds or shall hold a majority shareholding interest." [Emphasis Added.]

(b)    Second Recording Contract: "Company's Rights of Assignment; Company Liquidation. Paragraph 18.1 of the 1982 Recording Agreement states, "[Plaintiff] expressly agrees that [Radialchoice] may at any time transfer and assign this Agreement, and – or license all or any part of the [Radialchoice's] rights hereunder, to **any solvent and financially responsible** person, firm or corporation which is a subsidiary or affiliate of [Radialchoice] or which has common ownership with [Radialchoice] or to any person, firm or corporation which shall acquire all or substantially all of [Radialchoice's] assets, or to any other third party approved by [Basil], such approval not to be unreasonably withheld, and this Agreement shall inure to the benefit of [Radialchoice's] permitted successors, licensees and assigns." [Emphasis Added.]

(c)    The second recording agreement also provided for a reversion of rights in the event of Company's bankruptcy: Paragraph 18.2(a) of the 1982 Recording Agreement states, "This agreement shall *automatically* terminate in the event of the Company going into liquidation (other than a voluntary liquidation for the purpose of reconstruction or amalgamation which in no way diminishes the rights, entitlements or privileges of Artiste hereunder) whereupon each and all rights vested in the Company hereunder shall **automatically and without necessity of any action of any kind irrevocably and totally revert to Artiste."** [Emphasis Added.]

15.    On or about March 25, 1985, Radialchoice was involuntarily forced into liquidation and officially dissolved on or about June 14, 1988, causing the automatic reversion in all rights vested in Radialchoice to Plaintiff.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

**4**

**FIRST AMENDED VERIFIED COMPLAINT**

16.     Neither the defunct Radialchoice nor any purported successors-in-interest have any colorable claim or interest in the master sound recording or video of *Mickey* or Basil's name, image, likeness, persona or marks.

17.     R&T Defendants are involved in the music industry.  Craig Balsam and Cliff Chenfeld originally established Razor & Tie based in New York in or around 1990.  R&T Defendants have numerous related business entities who all use the razorandtie.com common email and domain name used by R&T Defendants. R&T Defendants function as one enterprise entity.

18.     On or about August 1, 1994, the first of the R&T Defendants, R&T Music LP, without consent or consultation with Plaintiff or performing any due diligence regarding ownership, entered into a licensing agreement with Odel Finance Corporation, an offshore Panamanian company for numerous rights to *Mickey* and the related assets, including the purported right to grant third party licenses in the United States and Canada.

19.     With knowledge of and a flagrant disregard for Plaintiff's rights, the R&T Defendants knew or should have known the title to *Mickey* was defective, and they could not license Basil's marks, voice, image, or likeness for commercial use and they had no agreement with Basil to represent her at the time R&T Defendants contracted with the Panamanian company.

20.     Plaintiff alleges that as a result of the purported licensing agreement between the R&T Music and Odel Financing Corporation, the R&T Defendants were made aware of Plaintiff's original recording agreements, including provisions requiring Plaintiff's written consent for the transfers and for the use of her voice, image, name, persona, likeness, and sound recordings in any commercial advertising product.  Additionally, any licensee replacement under Plaintiffs' recording agreement required consultation with Plaintiff in good faith, which did not occur.

21.     On or about October 17, 1997 Odel Finance Corporation, who at the time did not own or control *Mickey* or the related Radialchoice assets, amended its purported licensing agreement with R&T Music LP expanding the territorial reach to the world.  Again, Plaintiff was not consulted and did not give consent for this amendment.

22.     With knowledge of and a flagrant disregard for Plaintiff's rights to her marks, brand, voice, and contractual rights however flawed, the R&T Defendants, who knew or should have known of

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

the lack of privity of title to *Mickey,* engaged in a pattern of fraud, misrepresentation, and concealment for their own financial gain.

23.    On or about November 27, 1998, the then current purported successor in interest to the original record label, Twist & Shout, entered into a letter variation with R&T Entertainment. Continuing to engage in a pattern of fraud, which Plaintiff was unaware at the time, R&T Defendants collected large sums of money on Plaintiff's behalf, an amount to be proven at trial.

24.    On or about December 20, 2000, R&T Entertainment exercised an option to extend the term of the licensing with Twist & Shout. No consent was requested or granted by Plaintiff as she was not made aware of the exercise of the option and only became aware on January 13, 2017.

25.    Plaintiff alleges that even with the knowledge of the recording agreements, the R&T Defendants fraudulently misrepresented to third parties they were rights holders with the ability to license *Mickey* and the related assets, and consent to the use of Basil's marks, voice, name, likeness, and persona while affirmatively misrepresenting Toni Basil as their "client."

26.    The R&T Defendants continuously and fraudulently represented Plaintiff was their client and they were rights holders of *Mickey* with full authority to control Plaintiff's right of publicity and the ability to issue third party licenses without Plaintiff's consent. Even if the title to *Mickey* and related assets had legitimately passed on to the entities in which the R&T Defendants had obtained their rights from, *which it had not,* the R&T Defendants still continued to fraudulently represent they could freely license to third parties and do so without obtaining Plaintiff's consent or had obtained Basil's consent, allowing third parties to commandeer Plaintiff's endorsement and brand.

27.    R&T Defendants' fraudulent representations intentionally interfered with Plaintiff's ability to control her image, while damaging the value of her brand, allowing false endorsements and performances not authorized or allowed by contract or otherwise.  R&T Defendants' acts continue to harm Plaintiff economically and has irreparably damaged her brand.

28.    Plaintiff unsuccessfully attempted to halt the unauthorized use of her properties, collect on amounts from Simon Lait who was the original principal of the defunct Radialchoice and others. Through a complex shell game played by the purported successors in interest to Radialchoice and

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

the R&T Defendants, Plaintiff has been kept in the dark about the extensive licensing of her marks, name, likeness, voice, image and persona which resulted in substantial profits to R&T Defendants.

29.    R&T Defendants knowingly misappropriated revenues received as a result of unauthorized third party licensing.  In 2008, R&T Defendants collected money from Central Productions, LLC for the use of *Mickey* in an episode 1212 of *South Park*, never notifying or compensating Stillwater or Plaintiff for the unauthorized third party license during a time when Plaintiff in a protected class.

30.    Plaintiff is informed and believes that R&T Defendants entered into digital distribution deals monetizing Basil's properties including her marks without any remuneration to Plaintiff or Radialchoice's purported successor in interest.

31.    On or about February 17, 2011, Basil issued a letter to R&T Defendants informing R&T Defendants that they had no right to issue third party licenses for *Mickey*.  The letter also informed R&T Defendants that they had no authority to enter into any agreements on behalf of Plaintiff, commercial or otherwise.

32.    Over a year later, on or about June 13, 2012, a representative from R&T Defendants contacted seeking Basil's consent for the use of *Mickey* in an "undisclosed national advertising campaign." Plaintiff did not consent and believed that R&T Defendants could not and would not be able to license her name, likeness, voice, masters, or marks for commercial use without consultation or her informed consent.

33.    In April 2013, R&T Defendants claimed they were not involved in the license and use of *Mickey* for use in various commercial synchronization and other licensure activities.

34.     Based on prior interactions with R&T Defendants, Plaintiff who was over the age of 65 believed that no commercial synchronization or other licensing of *Mickey* could be accomplished without her prior written consent.  R&T Defendants did not contact Plaintiff with projects or requests for sync licenses after June 13, 2012.

35.    Plaintiff did not become aware of the extensive commercial synchronization and licensing of *Mickey* by R&T Defendants, including the unauthorized use of her marks, voice, name, image and/or celebrity endorsement of Defendants until January 12, 2017.  Prior to review of the documents obtained Plaintiff was unaware of the use of her marks, voice, likeness, and/or persona

in a Forever 21 advertisement, Kohl's advertisement, in addition to extensive licensing activities for digital products, commercials and video games.

36.    TONI BASIL is instantly recognized by many by her mark, the chant she authored, namely YOU'RE SO FINE, YOU BLOW MY MIND. Plaintiff's catchphrase has become part of the pop culture vernacular over the last three decades. Yet, knowing Plaintiffs' famous marks and publicity rights are personal to her and tied to Plaintiff, none of the Defendants contacted Plaintiff to seek consent to utilize her marks, voice, persona or masters or endorsement for their products and/or services.

## TYING TONI BASIL WITH MICKEY MOUSE

37.    Unbeknownst to Plaintiff, Forever 21 Defendants and Disney colluded to hijack Plaintiff's brand and couple it with a line of Disney & Co. clothing marketed and sold through Forever 21 Defendants at a minimal cost.

38.    Forever 21 Defendants and Disney devised a marketing scheme to produce a commercial for the Forever 21 Disney & Co. line while classifying it as a "video program." The rights obtained from R&T Defendants was for a period of three months in the territory of the world. No where in the licensing agreement was there any mention of Disney or Disney products.

39.    Neither Forever 21 Defendants nor R&T Defendants ever sought Basil's consent to utilize her marks, voice, persona or the sound recording of *Mickey* to sell and promote Forever 21's *Disney* line of clothing.

40.    Disney and Forever 21 Defendants knowingly used Plaintiff's voice in a promotional video featuring the song *Mickey* to promote a *Disney* line of clothing, giving the false impression of Plaintiff's celebrity endorsement. The video was still viewable on the Internet as of the filing of the initial complaint. Plaintiff also believes the Disney & Co. clothing was also available for purchase at the time the initial complaint was filed.

41.    R&T Defendants misrepresented to Forever 21 Defendants that Plaintiff was their client. Forever 21 Defendants concealed for Disney the true commercial purpose of the license it sought to obtain from the R&T Defendants. Neither R&T Defendants nor Forever 21 Defendants nor Disney

8
FIRST AMENDED VERIFIED COMPLAINT

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

obtained consent from Plaintiff for the use of her name, voice, likeness, marks or brand to be coupled with Mickey Mouse.

42.    On or about November 8, 2013, Disney and Forever 21 Defendants jointly issued a press release regarding the launch and reboot of their 80's inspired Disney & Co. designs which included over forty styles to be sold throughout the world. Disney and Forever 21 Defendants used an instagram celebrity Jasmine Sanders (@golden_barbie) and a social media campaign to promote the line. Through the guise of a news story, Disney and Forever 21 released a commercial with a link [http://bit.ly/MickeyByF21Video] stating, "Fans can see Jasmine in a behind-the-scenes video of the photo shoot inspired by '80's hit song 'Mickey' by Toni Basil."

43.    The Forever 21/Disney commercial was stylized after Toni Basil's iconic video with a white infinity cyclorama and red and blue as the predominant colors. The approximately 51 second commercial ends with a Disney copyrighted logo for Mickey & Co., then the FOREVER 21 trademark. Plaintiff is informed and believes this commercial was widely distributed through a number of medium, methods, channels extending worldwide to attract consumers to FOREVER 21 retail outlets located throughout the world.

44.    A reasonable consumer would believe that Disney, who is known for fiercely protecting its brand, would have obtained Plaintiff's consent to use Plaintiff's mark, brand, style and implied endorsement to sell Disney's line of merchandise in conjunction with Forever 21, a large retail outlet.

45.    After a successful campaign to sell Disney clothing, using a disguised commercial obtaining a sync license for a nominal fee, Disney used a similar play book this time joining forces with retailer Kohl's through its Lauren Conrad brand. Creating another commercial misrepresenting it as a behind the scenes video, Disney had Kohl's obtain a license from R&T Direct who was fraudulently representing Plaintiff as their client.

46.    Again, Disney this time hiding behind its retail partner Kohl's knowingly used Plaintiff's voice in a promotional video featuring the song *Mickey* to again promote a Disney line of clothing, giving the false impression of Plaintiff's celebrity endorsement of Disney for a nominal fee.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

47.    Neither Kohl's nor R&T Defendants ever sought Basil's consent to utilize her voice, marks, persona or the sound recording of *Mickey* to sell and promote the *Disney* line of clothing.

48.    The use of Basil's marks, voice, name, image, persona, likeness and the sound recording of *Mickey* by Defendants in each of the aforementioned instances were directly connected to Defendants' commercial purposes and intentionally interfered with Plaintiff's ability to gain an economic advantage by the license of the masters and her publicity rights.

49.    Disney never sought or obtained consent to use Basil's marks, voice and persona to market its officially licensed Disney clothing line. Basil was never consulted and would never consent to the use of her marks, voice, persona, image or name coupled with Disney products, including Mickey Mouse. Basil is positioned to launch her own line of t-shirts and dancewear. However as a result of Defendants' conduct, Basil's exclusive right to publicity and her brand have been damaged by the coupling her name, likeness, voice, image and marks with Mickey Mouse and the Disney brand.

### MISAPPROPRIATION OF *MICKEY* AND TAKING FROM TONI BASIL

50.    Basil's brand and identity is intertwined with her iconic song *Mickey.* Basil is widely recognized as a one hit wonder for her song *Mickey.* Basil is protective of her brand and her signature song is known as a cheerleading anthem and an Eighties one hit wonder. Toni Basil has been deemed to have "spawned a school of pop" by the New York Times. Plaintiff's professional name, TONI BASIL, is widely recognized and famous in relation to her iconic sound recording and video *Mickey*, as well as the services she provides for choreography, directing, editing and performing.

51.    Basil is also a celebrated director and choreographer who has worked with such notables as David Bowie, Elvis Presley, Bette Midler, Tina Turner, David Lee Roth, to name a few. In addition, at the age of 72 she had a viral video, which reached millions of viewers. Her reputation as a creative force and entertainment visionary is of extreme importance to her and her livelihood. Basil carefully selects projects she works on and protects her image and credibility at every turn.

FIRST AMENDED VERIFIED COMPLAINT

52. Defendants have engaged in layers of fraudulent conduct including concealment, misrepresentation and complete disregard for Plaintiff's property rights at a time in her life where she is part of a vulnerable and protected class recognized by the California legislature.

53. Upon notification of the unauthorized commercial use of Plaintiff's song *Mickey* along with the implied endorsement and use of her name and voice to promote Disney, has caused Plaintiff to wake up shaking, despondent and physically ill. She has experienced sleep deprivation, nightmares, and anxiety as a result of Defendants' actions.

54. R&T Defendants regularly held themselves out as rights holders with the ability to license *Mickey* for commercial synchronization as well as the use of Plaintiffs marks, voice, image, likeness, and persona. Additionally, R&T Defendants held themselves out as Plaintiff's agent representing to third parties that she was their client when in fact she was not.

55. R&T Defendants represented to potential licensees that it had the ability to issue third party licenses for the song *Mickey* and any derivatives, including *Spanish Mickey*.

56. R&T Defendants knew that any and all synchronization or third party licensing required Plaintiff's written consent under the recording agreements with Radialchoice.

57. After R&T Defendants sought, but did not obtain Basil's consent for an undisclosed national ad campaign, R&T Defendants never sought consent for any third party licensing or commercial synchronization after 2011, at which time Plaintiff was over the age of 65.

58. Even in the event that R&T Defendants had a valid right to license Plaintiff's masters, R&T Defendants have failed to pay Stillwater Limited the purported successor in interest to Radialchoice and instead have paid other shell companies keeping money owed to Plaintiff out of her reach for money they know she is entitled to.

59. R&T Defendants have charged legal fees without authority, which have been passed on to Plaintiff and withheld from Plaintiff by Radialchoice's purported successor-in-interest.

60. R&T Defendants have funneled money to foreign entities, including Twist and Shout, aiding in a scheme to deprive Plaintiff of money owed to her from the purported successor in interest, Stillwater, Limited, by keeping it out of reach.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

**FIRST CAUSE OF ACTION**
**False Designation of Origin/False Impression of Association**
**[Violation of Lanham Act, Section 43(a)]**
**Against All Defendants**

61.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

62.    In connection with the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, the Defendants have knowingly misappropriated, annexed and used Plaintiff's marks, voice, name, likeness, and/or persona to falsely describe or represent that Defendants' websites, stores, goods, shows and/or services are associated, approved, and/or connected with Plaintiff.

63.    Defendants' use of Plaintiff's marks, voice, name, likeness, and/or persona in connection with Defendants' websites, stores, shows and/or the promotion, marketing, advertising, and selling of the Defendants' goods and/or services is a false designation of origin and false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and the Defendants, and is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the Defendants' websites, stores, goods, shows, and/or services by Plaintiff.

64.    Plaintiff is informed and believes, and on that basis alleges, that the Defendants confused and misled the public, and did represent and create the false impression that the Defendants' websites, stores, goods, shows, and/or services are endorsed by, authorized, originated, sponsored, approved, licensed, or otherwise affiliated with Plaintiff.

65.    Plaintiff has not authorized, licensed, or given permission to the Defendants to use her marks, voice, name, likeness, and/or persona in any commercial or other manner whatsoever.

66.    Thus, the Defendants have created and will continue to create a false impression concerning an association between Plaintiff and the Defendants, a false designation of the origin of the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, and confusion as to a connection between the respective parties.

67.    As a direct and proximate result of the aforementioned acts, Plaintiff has sustained and will continue to sustain substantial injury to her businesses, reputation, fame, emotional well-being, and

12
FIRST AMENDED VERIFIED COMPLAINT

goodwill. Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of the required unlimited amounts.

68. Pursuant to 15 U.S.C. §§ 1116(a), P laintiff is entitled to an order enjoining the Defendants from using Plaintiff's marks. voi ce, name, likeness, and/or persona in connection with Defendants' websites, stores, shows, and/or th e marketing, distribution, or sale of any of the Defendants' goods or services.

69. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring the Defendants to account to her for any and all profits derived by th e Defendants from their actions, and to an order awarding all dam ages sustained by Plainti ff and caused by the Defendants' conduct. T he Defendants' acts m ake this an exceptional case under 15 U.S.C. Section 1117(a) and Plaintiff is entitled to recover her attorneys' fees and the costs of this action.

70. Plaintiff is infor med and believes and base d thereon alleges that the Defendants' conduct alleged herein was intentional and without founda tion in law. Pursuant to 15 U.S.C. Sect ion 1117(a), Plaintiff is entitled to an award of treble damages against all Defendants.

### SECOND CAUSE OF ACTION
**Intentional Interference With Prospective Economic Advantage**
**Against R&T Defendants**

71. Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

72. A prospective economic relationship existed between plaintiff and numerous third parties, such as Forever 21, Kohl's, and Disney that have licensed and/or desire to license *Mickey* and Plaintiff's publicity rights in the future for use in advertising and such prospective relationship was likely to result in licensing and other income for Plaintiff.

73. R&T Defendants knew of this prospective economic relationship as they were in direct contact with licensees for the use of *Mickey* and Plaintiff's publicity rights, misrepresenting that they could license *Mickey* and Plaintiff's publicity rights on behalf of Plaintiff and either did not need Plaintiff's consent, or consented for Plaintiff.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

13
FIRST AMENDED VERIFIED COMPLAINT

74.     R&T Defendants fraudulently misrepresented an agency relationship between themselves and Plaintiff to licensees in order to gain an economic advantage over Plaintiff and disrupt Plaintiff's ability to license *Mickey*, control image Plaintiff's image and her own publicity rights.

75.     As a result of R&T Defendants' conduct, Plaintiff's licensing business and brand has been interfered with and disrupted, which caused Plaintiff damages in the form of lost licensing and other income.

76.     The defendant's acts alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

## THIRD CAUSE OF ACTION
### Violation of Welfare and Institution Code §15610.30
### Against All Defendants

77.     Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

78.     Plaintiff at all times relevant herein was age 65 or older and thus a member of the protected class defined under California Welfare & Institutions Code § 15610.27.

79.     Defendants, and each of them have acted in bad faith by conspiring, taking, secreting, appropriating, obtaining and/or retaining personal property belonging to Plaintiff, who is a member of a protected class, for a wrongful use and/or with the intent to defraud, thus constituting a violation of Welfare & Professions Code section 15610.30(a)(1).

80.     Defendants, and each of them, have acted in bad faith by assisting in the taking, secreting, appropriating, obtaining and/or retaining personal property belonging to Plaintiff, who is a member of a protected class, for a wrongful use and/or with the intent to defraud, thus constituting a violation of Welfare & Professions Code section 15610.30(a)(2).

81.     Defendants, and each of them, have deprived Plaintiff of her property rights and taken unfair advantage of her as a member of the protected class under Welfare & Professions Code section 15610.30(a)(2).

82.    Defendants, and each of them, knew or should have known that by taking, secreting, appropriating, obtaining, and/or retaining personal property of Plaintiff, that their conduct was likely to be harmful to Plaintiff.

83.    By engaging in the acts alleged above, Defendants committed directly and/or aided and abetted a violation of California Welfare & Institutions Code §5610.30(a)&(b) by taking advantage of Plaintiff as a member of a protected class and committing the acts or omissions described herein.

84.    Defendants conduct, hereinbefore described, was reckless, oppressive, fraudulent, and malicious within the meaning of California Welfare & Institutions Code §15657 et seq. Under California Civil Code §3294 and California Welfare & Institutions Code §15657.5 Defendants, and each of them, are liable for compensatory damages, all other remedies otherwise provided for law, attorneys fees and costs, as well as punitive damages.

### FOURTH CAUSE OF ACTION
#### Violation of California Business & Professions Code §17200 et seq.
#### Against All Defendants

85.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

86.    California Business and Professions Code Section 17200, et seq. (the "Unfair Competition Law") prohibits business practices that are unfair, unlawful and/or fraudulent. The Unfair Competition Law is intended to protect individuals, such as Plaintiff, from unethical business practices. Pursuant to California Business & Professions Code, Section 17204, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person or any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquire by means of such unfair competition.

87.    Plaintiff has standing to assert this claims as she has lost money in the form of income, and property in the form of use of her marks and damage to her brand as a result of the Defendants' business practices.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

15
FIRST AMENDED VERIFIED COMPLAINT

88.    As alleged herein, Defendants, and each of them, have engaged in acts of unfair competition as defined in California Business & Professi    ons Code, Section 17200. Specifically, Defendants engaged in unfair, unlawful, a nd fraudulent conduct through their actions including, but not lim ited to:

a.    making m isrepresentations to Plainti ff, licensees, and other parties concerning statements, accounting, and intellectual property ownership, among others;

b.    concealing  information  from  Plaintiff regard ing accounting and   ex pectation of payment;

c.    entering into licensing agreem ents wit hout honoring Plaintiff' s original recording agreements;

d.    representing that Plaintiff was a clie  nt of R&T Defendants and that she im   pliedly endorsed Disney products among others; and

e.    using and continuing to use Plaintif f's nam e, likeness, im age, and persona without obtaining consent or compensation to Plaintiff.

89.    The predicate acts committed by Defendants in violation of the UCL include:

a.    violations by Defendants under Lanham Act§43(a) and Welfare and Institution Code §15610.30, which are unlawful;

b.    R&T Defendants engaging in misrepresenting to licensees that Plaintiff is their client constitutes fraudulent activity;

c.    Defendants have failed to obtain consent and failure to compensate Plaintiff for her famous marks, including her name, voice and implied endorsement are unfair business practices.

90.    All of the Defendants' acts were designed to enhance Defendants' positions while harming Plaintiff, and are unlawful, unfair, and fraudulent business practices.

91.    Plaintiff has suffered harm from Defendants' actions in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff prays for judgment as follows:

1.    That this Court award compensatory damages including but not limited to profits lost due to Defendants' conduct and other consequential damages, in an amount according to proof;

2.    That this Court award treble damages pursuant to the Lanham Act f 43(a);

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

3.      That this Court award punitive damages in an amount appropriate to punish Defendants, to deter others from engaging in such conduct, and to set an example of Defendants;

4.      That this Court award a preliminary and permanent injunction enjoining Defendants, all persons acting in active concert or participation with them, and all third parties with knowledge of the injunction from using Plaintiff's voice, name, image, likeness, and/or persona in commerce without her prior written consent.

5.      That this Court award emotional distress damages;

6.      That this Court order Defendants to account to Plaintiff;

7.      That this Court order Defendants to disgorge all profits and proceeds earned relative to the exploitation of *Mickey* and Plaintiff's voice, image, marks, name, likeness, and/or persona;

8.      That this Court award Plaintiff's actual costs incurred for this action, including, but not limited to, reasonable attorney's fees;

9.      That this Court award pre-judgment and post-judgment interest on all sums;

10.     That this Court order such further relief as justice may require, or as this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: October 16, 2017                    FEM LAW GROUP

                                           By: _____
                                               F. Edie Mermelstein
                                               Attorneys for TONI BASIL (aka Antonia Basilotta)

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

17
FIRST AMENDED VERIFIED COMPLAINT

## VERIFICATION

The undersigned, for herself declares:

I am the Plaintiff in the above-entitled action. I read the forgoing FIRST AMENDED VERIFIED COMPLAINT and know the contents thereof. I verify that the information contained in the Verified Complaint for Damages is true by my own knowledge, except as to those matters, which are therein stated on information and belief, and, as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of California and the United States of America, that the forgoing is true and correct.

Dated: Oct 76 2017

TONI BASIL (aka Antonia Basilotta)

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

18
FIRST AMENDED VERIFIED COMPLAINT

NOV 0 6 2017

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.                                                    November 6, 2017
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410

Kohl's Department Stores, Inc.
Legal  Department
Kohl's Corporation - Legal Department
N56 W17000 Ridgewood Drive
MENOMONEE FALLS   WI   53051

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note:  Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2017-3010**

| | | |
|---|---|---|
| 1. | **Client Entity:** | Kohl's Department Stores, Inc. |
| 2. | **Title of Action:** | Toni Basil (aka Antonia Basilotta) vs. New Razor & Tie Enterprises, LLC, et al. |
| 3. | **Document(s) Served:** | Summons<br>Verified Complaint<br>ADR Information Packet<br>Notice of Case Assignment - Unlimited Civil Case (Non-Class Action) |
| 4. | **Court/Agency:** | Los Angeles County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | BC674401 |
| 7. | **Case Type:** | False Designation of Origin/ Violation of Lanham Act |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Friday 11/3/2017 |
| 10. | **Date to Client:** | Monday 11/06/2017 |
| 11. | **# Days When Answer Due:** 30<br>**Answer Due Date:** 12/3/2017 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Fem Law Group<br>Huntington Beach, CA<br>(714) 596-0137 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please note Kohl's Department Stores Inc. is mentioned starting on page 2 of the amended verified complaint.<br>Also Attached:<br>* First Amended Verified Complaint |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited
Liability Company;        Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TONI BASIL (aka ANTONIA BASILOTTA), an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| CONFORMED COPY |
| ORIGINAL FILED |
| Superior Court Of California |
| County Of Los Angeles |
| AUG 3 1 2017 |
| Sherri R. Carter, Executive Officer/Clerk |
| By: Marlon Gomez, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse | *(Número del Caso)* BC674401 |
| 111 N. Hill St, Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
F. Edie Mermelstein, FEM LAW GROUP 18811 Huntington St, Ste 240, Huntington Beach, CA 92648
714-596-0137

| DATE: | Clerk, by | , Deputy |
| --- | --- | --- |
| *(Fecha)* AUG 3 1 2017 SHERRI R. CARTER | *(Secretario)* Marlon Gomez | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**SUM-200(A)**

| SHORT TITLE:<br>BASIL v. NEW RAZOR & TIE ENTERPRISES, et al | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corporation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

AUG 3 1 2017

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF LOS ANGELES

BC674401

| | |
|---|---|
| TONI BASIL (aka ANTONIA BASILOTTA), an individual, | Case No. |
| Plaintiff, | **VERIFIED COMPLAINT FOR:** |
| vs. | (1) **VIOLATION OF CALIFORNIA CIVIL CODE §3344;** |
| NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, | (2) **VIOLATION OF COMMON LAW RIGHT OF PUBLICITY;** (3) **FALSE DESIGNATION OF ORIGIN [VIOLATION OF LANHAM ACT, SECTION 43(a)];** (4) **FEDERAL RACKETEERING (RICO) MAIL FRAUD;** (5) **FEDERAL RACKETEERING (RICO) WIRE FRAUD;** (6) **CALIFORNIA PENAL CODE §496(c);** (7) **CONVERSION; AND** (8) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.** |
| | *JURY TRIAL DEMANDED* |
| Defendants. | |

COMPLAINT

# COMPLAINT

Plaintiff, TONI BASIL, (legal name ANTONIA CHRISTINA BASILOTTA) professionally known as Toni Basil, brings this civil complaint and alleges as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1.     Plaintiff, Antonia Basilotta, professionally known as Toni Basil ("Plaintiff" or "Basil"), files this action seeking an order from this Court providing for monetary damages arising from Defendants' actions and injunctive relief to enjoin Defendants from the commercial use of Plaintiff's voice, name, image, likeness, and/or persona without prior written consent.

## THE PARTIES

2.     PLAINTIFF, ANTONIA BASILOTTA, P/K/A TONI BASIL, is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California, whose principal place of business is located in the County of Los Angeles, State of California. Plaintiff is a recording artist and choreographer credited with her most famous work, *Mickey*, which has been exploited and unlawfully licensed throughout the world over the last three decades.

3.     RAZOR & TIE DIRECT, LLC ("R&T Direct") is a New York Limited Liability Company. RAZOR & TIE ENTERTAINMENT, LLC ("R&T Entertainment") is a New York Limited Liability Company. RAZOR & TIE MUSIC, L.P. is a New York Limited Partnership and RAZOR & TIE MUSIC CORP. is a New York Corporation (Both together referred to as "R&T Music"); RAZOR & TIE RECORDINGS, LLC ("R&T Recordings") is a New York Limited Liability Company. NEW RAZOR & TIE ENTERPRISES, LLC ("New R&T") is a Delaware Limited Liability Company. (Collectively all entities are referred to as "R&T Defendants") All R&T Defendants are believed to have systematic and continuous contact in the State of California with the parent in the State of New York. R&T Defendants have held themselves out as having the legal right to grant third party licenses for Plaintiff's iconic sound recording of the 1980's hit song *Mickey* as well as the use of Plaintiff's voice, name, likeness, and/or persona. R&T's last known address is 214 Sullivan Street, #4A, New York, New York 10012. New R&T is registered as a foreign Delaware Limited Liability Company authorized to do business in California as a foreign corporation listing Lawrence J. Blake

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

1
COMPLAINT

as the agent for service of process with an address within Los Angeles County of 100 North Crescent Drive, Garden Level, Beverly Hills, CA 90210.

4.      DEFENDANTS FOREVER 21 RETAIL, INC. ("F21 Retail") is a California Corporation and FOREVER 21, INC. ("F21 Inc.") is a Delaware Corporation duly authorized and licensed to conduct business in California. (Collectively referred to as "Forever 21 Defendants") Plaintiff is informed and believes that Forever 21 Defendants have a principal place of business located at 3880 N. Mission Road, Los Angeles, California 90031.

5.      DEFENDANTS THE WALT DISNEY COMPANY ("TWDC") is a Delaware Corporation authorized to do business in California as a foreign corporation listing Marsha L. Reed as the agent for service of process with an address within Los Angeles County 500 S Buena Vista Street, Burbank, CA 91521.

5.      DEFENDANTS NEW OPEN DOOR PRODUCTIONS, INC. and VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS are both Delaware Corporations; These entities are involved in the production and distribution of the Los Angeles based *RuPaul's Drag Race*. (Collectively "RuPaul Defendants")

6.      DEFENDANTS CENTRAL PRODUCTIONS, LLC ("South Park Defendants") is a Delaware Limited Liability Company duly authorized and licensed to conduct business in California. This entity is involved in the production and distribution of the animated, comedic television show *South Park*.

7.      Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously named defendants when their names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs damages were proximately caused by their conduct. Hereinafter, all defendants (including the Doe defendants) will sometimes be referred to collectively as "Defendants."

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

## JURISDICTION AND VENUE

8.    This Court is the proper court for this action. The commercial activities of Defendants, Does 1 to 50, and each of them, impact the County of Los Angeles in a substantial, continuous and systematic way. Defendants, Does 1 to 50, and each of them, have purposefully availed themselves of the protections and benefits of the County of Los Angeles, State of California. Among other things, Defendants, Does 1 to 50, and each of them, (i) publish advertisements and/or other types of publications which circulate in the County of Los Angeles, State of California; and (ii) maintain interactive websites on which Los Angeles County residents can acquire information about Defendants, Does 1 to 50, and each of them, and purchase their products. The connection of Defendants, Does 1 to 50, and each of them, to Los Angeles County is so pervasive that Defendants, Does 1 to 50, and each of them, reasonably anticipate being haled into a Los Angeles County court.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.    Plaintiff and her original record label Radialchoice Limited ("Radialchoice"), entered into a recording agreement in 1979 wherein Plaintiff granted the sound recording asset of *Mickey* to the label. Section 18(c) of the agreement expressly stated, "In no event will Company, its licensees or assigns produce a videotape or disc featuring the masters or any of them without the prior approval of Artist."

10.    In 1982, Basil and Radialchoice entered into another recording agreement for her second, self-titled album, *Toni Basil.* Included in the 1982 Agreement were more favorable terms and conditions relating to *Mickey,* which had already been produced prior to the execution of the 1982 Agreement, and was not a master produced under the 1982 Agreement. The 1982 Agreement stated, "that Company shall not at any time alter, authorize or affirmatively permit the alteration of any master recording without the prior written consent of Artiste." Additionally, the 1982 Contract specifies that written consent is required by Basil for the use of any of her master recordings, including *Mickey*, in any commercial advertising product. The 1982 Agreement under section 6.8.10 states, "Company shall not without [Plaintiff's] prior written consent couple or otherwise utilize sound masters hereunder with audio visual product not featuring [Plaintiff's] performance of the composition embodied on such sound master."

11. The assignment provisions of the 1979 and 1982 Agreements provided that:

(a) First Recording Contract: Paragraph 11(b) of the 1979 Agreement states, "[Radialchoice] may assign this Agreement together with its rights and obligations to such third party as it may elect **with [Plaintiff's] consent in writing** PROVIDED THAT [Radialchoice] may so assign without consent to any company owned or controlled by Simon Lait or in which the said Simon Lait holds or shall hold a majority shareholding interest." [Emphasis Added.]

(b) Second Recording Contract: "Company's Rights of Assignment; Company Liquidation. Paragraph 18.1 of the 1982 Recording Agreement states, "[Plaintiff] expressly agrees that [Radialchoice] may at any time transfer and assign this Agreement, and – or license all or any part of the [Radialchoice's] rights hereunder, to **any solvent and financially responsible** person, firm or corporation which is a subsidiary or affiliate of [Radialchoice] or which has common ownership with [Radialchoice] or to any person, firm or corporation which shall acquire all or substantially all of [Radialchoice's] assets, or to any other third party approved by [Basil], such approval not to be unreasonably withheld, and this Agreement shall inure to the benefit of [Radialchoice's] permitted successors, licensees and assigns." [Emphasis Added.]

(c) The second recording agreement also provided for a reversion of rights in the event of Company's bankruptcy: Paragraph 18.2(a) of the 1982 Recording Agreement states, "This agreement shall *automatically* terminate in the event of the Company going into liquidation (other than a voluntary liquidation for the purpose of reconstruction or amalgamation which in no way diminishes the rights, entitlements or privileges of Artiste hereunder) whereupon each and all rights vested in the Company hereunder shall **automatically and without necessity of any action of any kind irrevocably and totally revert to Artiste."** [Emphasis Added.]

12. Plaintiff alleges and hereby restates the conditions under which the First Recording Contract permits assignment:

(a) Plaintiff's written consent if to third party; EXCEPT THAT

(b) no written consent required if to (i) any *company* (ii) majority owned or controlled by (iii) *Lait*.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

13. Plaintiff alleges and hereby restates the conditions under which the Second Recording Contract permits assignment:

    (a)    Plaintiff's consent if to third party acquiring all of Radialchoice's assets; EXCEPT THAT

    (b)    no consent required if to (i) *financially responsible* (ii) *person, firm or corporation* (iii) majority owned or controlled by *Simon Lait*.

    (c)    if the foregoing conditions were not met and the Company went into involuntary liquidation, then the rights automatically reverted to Plaintiff.

14. On or about March 25, 1985, Radialchoice was involuntarily forced into liquidation and officially dissolved on or about June 14, 1988.

15. Before the dissolution of Radialchoice, the rights to *Mickey* and the related assets were purportedly transferred to another entity, beginning the decades-long series of transfers and assigns of *Mickey* and related assets. Stillwater, Ltd. ("Stillwater") a foreign holding company puppeteered by Clive Solomon through an vast array of foreign entities, purports to be the current owner of *Mickey* and the related assets but has yet to show a clean chain of title in support of its purported ownership. Stillwater is a UK company that is not owned or controlled by Simon Lait and is not financially responsible where they have failed to account adequately or even compensate Plaintiff.

16. On or about December 19, 1989, one purported transfer was to the notorious and well-chronicled bankrupt tax evader, Roy Clifford Tucker ("Tucker") who was raided on or about 7:00 AM on July 13, 1979 followed by protracted litigation in the UK known as the Rossminster affair.

17. Plaintiff alleges the transfer to Tucker violates both recording agreements with Plaintiff, *e.g.*, no consent by Basil, not to a company owned or controlled by Simon Lait (as it is not a company), but to a third party individual whose financial credibility was marred. Plaintiff alleges that over a period of five (5) years, Tucker never accounted or made himself known to Plaintiff. Thus, the assignment to Tucker fails as fraudulent and ineffective and constitutes a break in the chain of title.

18. R&T Defendants and each of them are involved in the music industry. Craig Balsam and Cliff Chenfeld originally established Razor & Tie based in New York in or around 1990. R&T

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

Defendants have numerous related business entities who use the razorandtie.com common email and domain name used by R&T Defendants.

19. On or about March 7, 1994, in consideration of £1 (one pound) Tucker purportedly transferred and assigned *Mickey* and the related assets to Odel Finance Corporation, an offshore Panamanian corporation of which Tucker was the principal. Again, this transfer is invalid.

20. On or about August 1, 1994, the first of the R&T Defendants, R&T Music LP, without doing any due diligence regarding ownership, entered into a licensing agreement with Odel Finance Corporation, the offshore Panamanian company for numerous rights to *Mickey* and the related assets, including the purported right to grant third party licenses in the United States and Canada.

21. Plaintiff alleges that she was not consulted, did not give written consent to the assignment or licensing of *Mickey*.

22. Plaintiff alleges that as a result of the purported licensing agreement between the R&T Music and Odel Financing Corporation, the R&T Defendants were made aware of Plaintiff's original recording agreements, including provisions requiring Plaintiff's written consent for the transfers and for the use of her voice, image, name, persona, likeness, and sound recordings in any commercial advertising product.

23. Plaintiff alleges that even with the knowledge of the recording agreements, the R&T Defendants fraudulently misrepresented to third parties they were rights holders with the ability to license *Mickey* and the related assets, and consent to the use of Basil's voice, name, likeness, and persona.

24. Sometime in or around 1995 during the term of the license agreement between the R&T Defendants and Odel Finance Corporation there was a purported transfer and assignment of *Mickey* and the related assets from Odel Finance Corporation to Odel Licensing Limited, an offshore Isle of Man entity. This undocumented intercontinental transfer was never presented to Plaintiff for her consent as required under her agreements with her original record company.

25. Plaintiff alleges there is a gap in the chain of title between Odel Finance Corporation, (*a Panamanian entity*) and Odel Licensing Limited (*an offshore Isle of Man entity*) evidencing a clear break in the chain of title. Plaintiff did not consent to these transfers between offshore companies.

Plaintiff therefore alleges the Odel Finance Corporation to the offshore Isle of Man entity, Odel Licensing Limited, fails as fraudulent and ineffective and had no ability to confer rights to any third party, including R&T Defendants. With knowledge of and a flagrant disregard for Plaintiff's rights, the R&T Defendants were aware of the lack of privity of title to *Mickey* at the time they contracted.

26. On or about October 1, 1997 Odel Licensing Limited purportedly transferred and assigned *Mickey* and related assets to Twist and Shout Limited, a U.K. company.

27. On or about October 17, 1997 Odel Finance Corporation, who at the time did not own or control *Mickey* or the related Radialchoice assets, amended its licensing agreement with R&T Music LP. With knowledge of and a flagrant disregard for Plaintiff's rights, the R&T Defendants, aware of the lack of privity of title to *Mickey*, engaged in a pattern of fraud and converted funds belonging to Plaintiff for their own financial gain. R&T Defendants furthered this pattern of fraud by transmitting and/or causing to be transmitted by means of wire in interstate commerce, writings, signs, signals, pictures or sounds for the purpose of executing their fraudulent scheme. Additionally, R&T Defendants sent and/or received funds and documents, including but not limited, to inducement letters, contracts, and checks through the mail in furtherance of their fraudulent scheme.

28. On or about November 27, 1998, Twist and Shout Limited entered into a letter variation with R&T Entertainment. Continuing to engage in a pattern of fraud, which Plaintiff was unaware at the time, R&T Defendants collected large sums of money belonging to Plaintiff.

29. The R&T Defendants continued to fraudulently represent they were rights holders of *Mickey* and controlled Plaintiff's right of publicity with the ability to issue third party licenses without Plaintiff's consent. Even if the title to *Mickey* and related assets had legitimately passed on to the entities in which the R&T Defendants had obtained their rights from, *which it had not*, the R&T Defendants still continued to fraudulently represent they could freely license to third parties and do so without obtaining Plaintiff's consent.

30. On or about December 20, 2000, R&T Entertainment exercised an option to extend the term of the licensing with Twist & Shout, one of the purported successors in interest to the original record label. Twist & Shout was owned and operated by Clive Solomon, an English businessman intertwined with the tax evader Tucker and which was not owned or controlled by Simon Lait. No

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

consent was requested or granted by Plaintiff as she was not made aware of the exercise of the option.

31.     Plaintiff unsuccessfully attempted to halt the unauthorized use of her properties, collect on amounts from Simon Lait who was the original principal of the defunct Radialchoice.  Through a complex shell game played by the purported successors in interest to Radialchoice and the R&T Defendants, Plaintiff has been kept in the dark about the extensive licensing of her name, likeness, voice, image and persona which resulted in substantial profits to R&T Defendants.

32.     R&T Defendants knowingly misappropriated revenues received as a result of unauthorized third party licensing.  In 2008, R&T Defendants collected $22,500 from South Park Defendants, never notifying or compensating Stillwater or Plaintiff for the unauthorized third party license.

33.     On or about February 17, 2011, Basil issued a letter to R&T Defendants through her legal representation informing R&T Defendants that they had no right to issue third party licenses for *Mickey*.  The letter also informed R&T Defendants that they had no authority to enter into any agreements on behalf of Plaintiff, commercial or otherwise.

34.     Over a year later, on or about June 13, 2012, a representative from R&T Defendants contacted Plaintiff's legal representation seeking Basil's consent for the use of *Mickey* in an "undisclosed national advertising campaign." Plaintiff did not consent.

35.     In April 2013, R&T Defendants claimed they were not involved in the license and use of *Mickey* for use in various commercial synchronization and other licensure activities.

36.      Based on prior interactions with R&T Defendants, Plaintiff believed that no commercial synchronization or other licensing of *Mickey* could be accomplished without her prior written consent.

37.     Plaintiff did not become aware of the commercial synchronization and licensing of *Mickey* by R&T Defendants, including the unauthorized use of her voice, name, image and/or celebrity endorsement of Defendants until January 12, 2017. Until that time she was unaware of the use of her voice, likeness, and/or persona in an episode of *South Park*, in a Forever 21 advertisement, and in an episode of *RuPaul's Drag Race*, among others.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

38.     On or about November 5, 2008, R&T Defendants issued a license to South Park Defendants for the use of *Mickey* in *South Park* Episode 1212. In this episode, Plaintiff's voice is synchronized to a scene in which *South Park* characters can be seen flipping over a police car with at least one character chanting, *"Obama you're so fine, you're so fine you blow my mind, hey Obama, hey Obama."*

39.     South Park Defendants knowingly used Plaintiff's voice and persona in *South Park* Episode 1212. Clips of the episode containing the aforementioned scene are still viewable on the Internet as of the filing of this complaint.

40.     Neither South Park Defendants nor R&T Defendants ever sought Basil's consent to utilize her voice, persona or the sound recording of *Mickey* in *South Park* Episode 1212 or for the promotion and/or endorsement of the show and/or underlying political commentary contained therein.

41.     R&T Defendants never made Plaintiff aware of or compensated Plaintiff for the use of *Mickey* in *South Park* Episode 1212.

42.     R&T Defendants never made Stillwater aware of or compensated Stillwater for the use of *Mickey* or Plaintiff's voice, likeness, or persona in *South Park* Episode 1212.

43.     Forever 21 Defendants knowingly used Plaintiff's voice in a promotional video featuring the song *Mickey* to promote a *Disney* line of clothing.  The video is still viewable on the Internet as of the filing of this complaint and the *Disney* line of clothing can still be purchased from Forever 21 Defendants.

44.     Neither Forever 21 Defendants nor R&T Defendants ever sought Basil's consent to utilize her voice, persona or the sound recording of *Mickey* to sell and promote Forever 21's *Disney* line of clothing.

45.     RuPaul Defendants knowingly used Basil's voice, name, likeness, and/or persona in episode 309 when they had drag queens lip sync to her sound recording of *Spanish Mickey*.

46.     The use of Basil's voice, name, image, persona, likeness and the sound recording of *Mickey* by Defendants in each of the aforementioned instances were directly connected to Defendants' commercial purposes.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

9
COMPLAINT

47.     Basil's brand and identity is intertwined with her iconic song *Mickey*. Basil is widely recognized as a one hit wonder for her song *Mickey*. Basil is protective of her brand and her signature song is known as a cheerleading anthem and an Eighties one hit wonder.

48.     Basil is also a celebrated director and choreographer who has worked with such notables as David Bowie, Elvis Presley, Bette Midler, Tina Turner, David Lee Roth, to name a few. In addition, she recently had a viral video, which reached millions of viewers. Her reputation as a creative force and entertainment visionary is of extreme importance to her and her livelihood. Basil carefully selects projects she works on and protects her image and credibility at every turn.

49.     Upon notification of the unauthorized commercial use of Plaintiff's song *Mickey* along with the implied endorsement causes Plaintiff to become withdrawn, despondent and physically ill. She has experienced sleep deprivation, nightmares, and anxiety as a result of Defendants' actions.

50.     R&T Defendants regularly held themselves out as rights holders with the ability to license *Mickey* for commercial synchronization as well as the use of her voice, image, likeness, and persona.

51.     R&T Defendants represented to potential licensees that it had the ability to issue third party licenses for the song *Mickey* and any derivatives, including *Spanish Mickey*.

52.     R&T Defendants knew that any and all synchronization or third party licensing required Plaintiff's written consent under the recording agreements.

53.     After R&T Defendants sought, but did not obtain Basil's consent for an undisclosed national ad campaign, R&T Defendants never sought consent for any third party licensing or commercial synchronization after 2011.

54.     South Park Defendants never sought or obtained consent from Basil for the use of her voice, persona and name in an episode of *South Park* with particularly strong political undertones.

55.     Forever 21 Defendants never sought or obtained consent from Basil for the use of her voice and persona for use in a commercial to promote their *Disney* line of products.

56.     TWDC never sought or obtained consent to use Basil's voice and persona to market its officially licensed Disney clothing line. Basil was never consulted and would never consent to the

use of her voice, persona, image or name coupled with Disney products. Basil's exclusive right to publicity has been damaged by the coupling with Mickey Mouse and the Disney brand.

57. The RuPaul Defendants never sought consent from Basil for the use of her voice, persona and name when they had drag queens lip sync to her sound recording of *Spanish Mickey* in episode 309.

58. The public was exposed to the South Park Defendants', Forever 21 Defendants' and RuPaul Defendants' utilization of Plaintiff's voice, image and persona and a reasonable consumer would be lead to believe Basil had approved and/or endorsed the products and shows.

### FIRST CAUSE OF ACTION
### Violation of Statutory Right of Publicity [California Civil Code §3344]
### Against All Defendants

59. Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

60. Plaintiff is the holder of her own rights of publicity, including her voice.

61. The Defendants knowingly used Plaintiff's voice, name, likeness, and/or persona for the purpose of advertising, selling, and/or soliciting purchases of merchandise, goods and/or services in commerce without Plaintiff's permission or consent. Defendants' use of Plaintiff's voice, name, likeness, and/or persona was directly related to their business.

62. As a direct and proximate result of the aforementioned acts by Defendants, Plaintiff has been damaged, and will be damaged, in an amount subject to proof at trial and in excess of $25,000. Plaintiff is entitled to damages in an amount equal to the greater of seven hundred fifty dollars ($750) for each unauthorized use, or the actual damages suffered by Plaintiff as a result of the unauthorized uses, and any profits from the unauthorized uses that are attributable to the use and are not taken into account in computing the actual damages.

63. Plaintiff has suffered emotional distress damages as a result of Defendants' conduct exploiting her voice, name, likeness, and/or persona without remuneration or consent for commercial gain.

64. Pursuant to the mandatory attorneys' fees provision of California Civil Code §3344, Plaintiff is also entitled to recover her attorneys' fees and costs.

65. In addition, because the Defendants' conduct was fraudulent, oppressive and malicious, Plaintiff seeks punitive damages in an amount to be proven at trial.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

**SECOND CAUSE OF ACTION**
**Violation of Common Law Right of Publicity**
**Against All Defendants**

66.   Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

67.   Plaintiff is the sole holder of her rights of publicity, including her voice.

68.   Defendants, and each of them used Plaintiff's voice, name, likeness, and or persona for the purpose of advertising, selling, and soliciting purchases of merchandise, goods, and/or services in commerce without Plaintiff's permission or consent.

69.   As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of $25,000.

70.   Pursuant to the mandatory attorneys' fees provision of California Civil Code §3344, Plaintiff is also entitled to recover her attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
**False Designation of Origin/False Impression of Association**
**[Violation of Lanham Act, Section 43(a)]**
**Against All Defendants**

71.   Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

72.   In connection with the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, the Defendants have knowingly misappropriated, annexed and used Plaintiff's voice, name, likeness, and/or persona to falsely describe or represent that Defendants' websites, stores, goods, shows and/or services are associated, approved, and/or connected with Plaintiff.

73.   Defendants' use of Plaintiff's voice, name, likeness, and/or persona in connection with Defendants' websites, stores, shows and/or the promotion, marketing, advertising, and selling of the Defendants' goods and/or services is a false designation of origin and false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and the Defendants, and is likely to cause

confusion, mistake, or deception as to the origin, sponsorship, or approval of the Defendants' websites, stores, goods, shows, and/or services by Plaintiff.

74.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants confused and mislead the public, and did represent and create the false impression that the Defendants' websites, stores, goods, shows, and/or services are endorsed by, authorized, originated, sponsored, approved, licensed, or otherwise affiliated with Plaintiff.

75.     Plaintiff has not authorized, licensed, or given permission to the Defendants to use her voice, name, likeness, and/or persona in any commercial or other manner whatsoever.

76.     Thus, the Defendants have created and will continue to create a false impression concerning an association between Plaintiff and the Defendants, a false designation of the origin of the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, and confusion as to a connection between the respective parties.

77.     As a direct and proximate result of the aforementioned acts, Plaintiff has sustained and will continue to sustain substantial injury to her businesses, reputation, fame, emotional well-being, and goodwill. Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of $25,000.

78.     Pursuant to 15 U.S.C. §§ 1116(a), Plaintiff is entitled to an order enjoining the Defendants from using Plaintiff's voice, name, likeness, and/or persona in connection with Defendants' websites, stores, shows, and/or the marketing, distribution, or sale of any of the Defendants' goods or services.

79.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring the Defendants to account to her for any and all profits derived by the Defendants from their actions, and to an order awarding all damages sustained by Plaintiff and caused by the Defendants' conduct. The Defendants' acts make this an exceptional case under 15 U.S.C. Section 1117(a) and Plaintiff is entitled to recover her attorneys' fees and the costs of this action.

80.     Plaintiff is informed and believes and based thereon alleges that the Defendants' conduct alleged herein was intentional and without foundation in law. Pursuant to 15 U.S.C. Section 1117(a), Plaintiff is entitled to an award of treble damages against all Defendants.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

## FOURTH CAUSE OF ACTION
### RICO - MAIL FRAUD
### Against All R&T Defendants

81.   Plaintiff incorporates by reference the allegations made, in all preceding paragraphs as if fully set forth herein.

82.   The R&T Defendants and each of them together formed an enterprise, the purpose of which was to fraudulently induce prospective licensees and advertisers to pay money based on the aforementioned false representations and promises.

83.   For the purpose of executing the aforementioned scheme or artifice to defraud, the R&T Defendants and each of them placed in a post office or authorized depository for mail matter, matters or things to be sent or delivered by the Postal Service, or deposited or caused to be deposited matters or things to be sent or delivered by a private or commercial interstate carrier or carriers, or took or received therefrom matters or things, or knowingly caused to be delivered by such mail or such carrier according to direction thereon, or at the place at which it was directed to be delivered by the person to whom it was addressed, matters or things. Such matters or things include but are not limited to inducement letters, contracts, and checks.

84.   The acts alleged in the preceding paragraph occurred two or more times during the period from 1994 to 2016 and were committed for the purpose of financial gain.

85.   As a direct and proximate result of R&T Defendants' interstate transmission of matters and things, the Plaintiff suffered actual and consequential damages and special damages, including lost profits, in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

86.   Pursuant to 18 USC § 1964, Plaintiff is entitled to recover treble damages and the cost of suit including a reasonable attorney's fee.

### FIFTH CAUSE OF ACTION
### RICO - WIRE FRAUD
### Against All R&T Defendants

87.   Plaintiff incorporates by reference the allegations made, in all preceding paragraphs as if fully set forth herein.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

14
COMPLAINT

88.    Having devised or intending to devise the aforementioned scheme or artifice to defraud, or the aforementioned acts of obtaining money by false pretenses, representations or promises, the R&T Defendants and each of them transmitted or caused to be transmitted by means of wire in interstate commerce, writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice.

89.    The acts alleged in the preceding paragraph occurred two or more times during the period from 1994 until 2016 and were committed for the purpose of financial gain.

90.    As a direct and proximate result of defendants' interstate transmission by wire of writings, signs, signals, pictures or sounds, the Plaintiff suffered actual and consequential damages and special damages, including lost profits, in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

91.    Pursuant to 18 USC § 1964, Plaintiff is entitled to recover treble damages and the cost of suit including a reasonable attorney's fee.

### SIXTH CAUSE OF ACTION
### Violation of California Penal Code §496
### Against All R&T Defendants

92.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

93.    R&T Defendants' fraudulent receipt of the rights in *Mickey* and related assets and failure to pay royalties and licensing fees owed to Plaintiff constitute theft as defined by Penal Code §484(a).

94.    R&T Defendants willfully received and possessed the rights in *Mickey* and related assets, knowing they were fraudulently and illegally obtained.

95.    R&T Defendants willfully received and possessed Plaintiff's royalties and licensing fees, knowing they were fraudulently and illegally obtained and withheld from Plaintiff.

96.    After Basil asked R&T Defendants to stop licensing *Mickey* and related assets, and asked R&T Defendants to pay all royalties and licensing fees owed to her, R&T Defendants continued to license the sound recordings and withhold Plaintiff's royalties and licensing fees.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

97. The continued possession and licensing of *Mickey* and related assets, and refusal to pay Plaintiff her royalties and licensing fees after the demand by Plaintiff, constitutes the receipt, withholding, and concealment of stolen property, as defined by Penal Code §496(a).

98. Consequently, R&T Defendants violated Penal Code §496(a) by knowingly aiding, abetting, and conspiring to commit the acts described above, with the specific intent to prevent Plaintiff from recovering her stolen property.

99. Accordingly, R&T Defendants is liable to Plaintiff for treble damages pursuant to Penal Code §496(c).

## SEVENTH CAUSE OF ACTION
### Conversion Against All Defendants

100. Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

101. R&T Defendants converted certain property that belongs to Plaintiff, including money and various rights, which R&T Defendants used for their benefit and enjoyment. Specifically, since on or about August 1, 1994, R&T Defendants fraudulently took control over Plaintiff's rights in *Mickey* and money she earned through those rights.

102. Plaintiff has demanded that R&T Defendants return all money and property rights improperly converted and diverted to R&T Defendants, but R&T Defendants have failed and refused, and continue to fail and refuse, to do so.

103. As a direct and proximate result of the aforementioned acts by the Defendants, Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of $25,000.

## EIGHTH CAUSE OF ACTION
### Violation of California Business & Professions Code §17200 et seq.
### Against All Defendants

104. Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

105. California Business and Professions Code Section 17200, et seq. (the "Unfair Competition Law") prohibits business practices that are unfair, unlawful and/or fraudulent. The Unfair Competition Law is intended to protect individuals, such as Plaintiff, from unethical business practices.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

106.    Pursuant to California Business & Professions Code, Section 17204, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person or any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquire by means of such unfair competition.

107.    As alleged herein, Defendants, and each of them, have engaged in acts of unfair competition as defined in California Business & Professions Code, Section 17200. Specifically, Defendants engaged in unfair, unlawful, and fraudulent conduct through their actions including, but not limited to:

a. making misrepresentations to Plaintiff, licensees, and other parties concerning statements, accounting, and intellectual property ownership, among others;

b. concealing information from Plaintiff regarding accounting and expectation of payment;

c. entering into licensing agreements without honoring Plaintiff's original recording agreements; and

d. using and continuing to use Plaintiff's name, likeness, image, and persona without compensating Plaintiff.

all of which were designed to enhance Defendants' position while harming Plaintiff, and are unlawful, unfair, and fraudulent business practices.

108.    Plaintiff has suffered harm from Defendants' actions in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That this Court award treble damages pursuant to the Lanham Act §43(a);

2.      That this Court award treble damages pursuant to the RICO Act;

3.      That this Court award treble damages pursuant to Penal Code §496(c);

4.      That this Court award compensatory damages including but not limited to profits lost due to Defendants' conduct and other consequential damages, in an amount according to proof;

5. That this Court award punitive damages in an amount appropriate to punish Defendants, to deter others from engaging in such conduct, and to set an example of Defendants;

6. That this Court award the greater of actual damages according to proof or statutory damages under Civil Code §3344;

7. That this Court award a preliminary and permanent injunction enjoining Defendants, all persons acting in active concert or participation with them, and all third parties with knowledge of the injunction from using Plaintiff's voice, name, image, likeness, and/or persona in commerce without her prior written consent.

8. That this Court award emotional distress damages;

9. That this Court order Defendants to account to Plaintiff;

10. That this Court order Defendants to disgorge all profits and proceeds earned relative to the exploitation of *Mickey* and Plaintiff's voice, image, name, likeness, and/or persona;

11. That this Court award Plaintiff's actual costs incurred for this action, including, but not limited to, reasonable attorney's fees;

12. That this Court award pre-judgment and post-judgment interest on all sums;

13. That this Court order such further relief as justice may require, or as this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: August 29, 2017                    FEM LAW GROUP

                                          By: _F. Edie Mermelstein_
                                              F. Edie Mermelstein

//

//

//

//

18
COMPLAINT

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

## VERIFICATION

The undersigned, for herself declares:

I am the Plaintiff in the above-entitled action. I read the forgoing Verified Complaint for Damages and know the contents thereof. I verify that the information contained in the Verified Complaint for Damages is true by my own knowledge, except as to those matters, which are therein stated on information and belief, and, as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of California and the United States of America, that the forgoing is true and correct.

Dated: Aug 28-2017

ANTONIA BASILOTTA p/k/a "TONI BASIL"

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

20
**COMPLAINT**

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**
- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR** - ADR may not be suitable for every dispute.
- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

- **Arbitration**

  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

- **Mandatory Settlement Conference (MSC)**

  **Settlement Conferences are appropriate in any case where settlement is an option.** Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

  The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

  In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| COURTHOUSE ADDRESS: |
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER |
|---|---|
|  |  |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE. | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

   i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
                (INSERT DATE)                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)
Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)     **STIPULATION – EARLY ORGANIZATIONAL MEETING**     Page 2 of 2
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY. | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE. | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____

_____
JUDICIAL OFFICER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

BC674401

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | X |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW | |
| | Hon. Randolph Hammock | 47 | 507 | | | | | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

**– NOTICE OF CASE ASSIGNMENT –**
**UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

COPY

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 1 6 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlotte Robinson, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TONI BASIL (aka ANTONIA BASILOTTA), an individual, <br><br> Plaintiff, <br><br> vs. <br><br> NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corporation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive, <br><br> Defendants. | Case No. BC674401 <br><br> **FIRST AMENDED VERIFIED COMPLAINT FOR:** <br><br> (1) **FALSE DESIGNATION OF ORIGIN [VIOLATION OF LANHAM ACT, §43(a)];** <br> (2) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;** <br> (3) **VIOLATION OF WELFARE AND INSTITUTION CODE §15610.30; AND** <br> (4) **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200 et seq.** <br><br> D-56 <br><br> *JURY TRIAL DEMANDED* |

0
FIRST AMENDED VERIFIED COMPLAINT

Plaintiff, TONI BASIL, (legal name ANTONIA CHRISTINA BASILOTTA) brings this civil complaint and alleges as follows:

### NATURE OF THE ACTION AND RELIEF SOUGHT

1. Plaintiff, Antonia Christina Ba silotta, professionally know n as Toni Basil ("Plaintiff" or "Basil"), files th is action seeking an order from this Court providing for m onetary damages arising from Def endants' ac tions and injunctive re lief to enjoin Def endants f rom the commercial us e of Plaintiff's brand, marks, voice, name, image, likeness, and/or persona without prior written consent and remuneration.

### THE PARTIES

2. Plaintiff is, and at all times relevant hereto was, a resident of the County of Los Angeles, State of California, whose principal place of business is located in the County of Los Angeles, State of California. Since September 22, 2008, Plaintiff is part of a protected class when she turned 65 years old. Plaintiff is a music recording artist, director, editor and choreographer credited with her most famous work, *Mickey*. Plaintiff has consistently used her stage name TONI BASIL for over four decades, which is widely recognized and has become synonymous with her marks TONI BASIL, HEY MICKEY and YOU'RE SO FINE, YOU BLOW MY MIND ("Basil's trademarks" or "marks").

3. Defendant RAZOR & TIE DIRECT, LLC ("R&T Direct") is a New York Limited Liability Company. RAZOR & TIE ENTERTAINMENT, LLC ("R&T Entertainment") is a New York Limited Liability Company. Defendant RAZOR & TIE MUSIC, L.P. is a New York Limited Partnership and RAZOR & TIE MUSIC CORP. is a New York Corporation (Both together referred to as "R&T Music"); RAZOR & TIE RECORDINGS, LLC ("R&T Recordings") is a New York Limited Liability Company. NEW RAZOR & TIE ENTERPRISES, LLC ("New R&T") is a Delaware Limited Liability Company. Collectively all of Razor & Tie-related entities identified in this paragraph are collectively referred to hereinafter as "R&T Defendants".

4. On information and belief, all R&T Defendants have systematic and continuous business within the State of California.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

5.     One or more of the R&T Defendants have intentionally and falsely held themselves out as Plaintiff's professional representative, as well as having the legal right to grant third party licenses for both (a) the master recording of Plaintiff's iconic sound recording and video of the 1980's hit song *Mickey* and (b) the use Plaintiff's marks, voice, name, likeness, and/or persona and implied endorsement.

6.     R&T Defendants' main address is 214 Sullivan Street, #4A, New York, New York 10012. New R&T is registered as a foreign Delaware Limited Liability Company authorized to do business in California as a foreign corporation with offices located 100 North Crescent Drive, Garden Level, Beverly Hills, CA 90210.

7.     Defendants FOREVER 21 RETAIL, INC. ("F21 Retail") is a California Corporation and FOREVER 21, INC. ("F21 Inc.") is a Delaware Corporation duly authorized and licensed to conduct business in California.  Defendants F21 Retail and F21 Inc. are collectively referred to hereinafter as "Forever 21 Defendants".  Plaintiff is informed and believes that Forever 21 Defendants have a principal place of business located at 3880 N. Mission Road, Los Angeles, California 90031.

8.     Defendant THE WALT DISNEY COMPANY ("Disney") is a Delaware Corporation authorized to do business in California as a foreign corporation listing Marsha L. Reed as the agent for service of process with an address within Los Angeles County 500 S Buena Vista Street, Burbank, CA 91521.

9.     Defendants KOHL'S CORPORATION, a Wisconsin Corporation and KOHL'S DEPARTMENT STORES, INC., (collectively "Kohl's") a Delaware Corporation, Doe Defendants 1 and 2, are duly authorized and licensed to conduct business in California.  Plaintiff is informed and believes that Kohl's Defendants entity mailing address is N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.  Kohl's agent for service of process is Corporate Creations Network, Inc., 1430 Truxtun Ave. 5th Floor, Bakersfield, CA 93301.

10.     Plaintiff is presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of such fictitiously

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

FIRST AMENDED VERIFIED COMPLAINT

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

named defendants when their names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiffs damages were proximately caused by their conduct. Hereinafter, all defendants (including the Doe defendants) will sometimes be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

11.     This Court is the proper court for this action. The commercial activities of Defendants, Does 1 to 50, and each of them, impact the County of Los Angeles in a substantial, continuous and systematic way. Defendants, Does 1 to 50, and each of them, have purposefully availed themselves of the protections and benefits of the County of Los Angeles, State of California. Among other things, Defendants, Does 1 to 50, and each of them, (i) publish advertisements and/or other types of publications which circulate in the County of Los Angeles, State of California; and (ii) maintain interactive websites on which Los Angeles County residents can acquire information about Defendants, Does 1 to 50, and each of them, and purchase their products. The connection of Defendants, Does 1 to 50, and each of them, to Los Angeles County is so pervasive that Defendants, Does 1 to 50, and each of them, reasonably anticipate being haled into a Los Angeles County court.

## BACKGROUND FACTS

12.     Plaintiff and her first record label, Radialchoice Limited ("Radialchoice"), entered into a recording agreement in 1979 wherein Plaintiff transferred her copyright interest in and to the master sound recording *Mickey* to Radialchoice. Section 18(c) of the agreement expressly stated, "[i]n no event will Company, its licensees or assigns produce a videotape or disc featuring the masters or any of them without the prior approval of Artist."

13.     In 1982, Basil and Radialchoice entered into another recording agreement for her second, self-titled album, *Toni Basil*. The 1982 Agreement stated, "that Company shall not at any time alter, authorize or affirmatively permit the alteration of any master recording without the prior written consent of Artiste." Additionally, the 1982 Contract specifies that Basil's written consent is required for the use of any of her master recordings, including *Mickey*, in any commercial advertising product. The 1982 Agreement under section 6.8.10 states, "Company shall not without

[Plaintiff's] prior written consent couple or otherwise utilize sound masters hereunder with audio visual product not featuring [Plaintiff's] performance of the composition embodied on such sound master."

14.     The assignment provisions of the 1979 and 1982 Agreements provided that:

(a)     First Recording Contract: Paragraph 11(b) of the 1979 Agreement states, "[Radialchoice] may assign this Agreement together with its rights and obligations to such third party as it may elect **with [Plaintiff's] consent in writing** PROVIDED THAT [Radialchoice] may so assign without consent to any company owned or controlled by Simon Lait or in which the said Simon Lait holds or shall hold a majority shareholding interest." [Emphasis Added.]

(b)     Second Recording Contract: "Company's Rights of Assignment; Company Liquidation. Paragraph 18.1 of the 1982 Recording Agreement states, "[Plaintiff] expressly agrees that [Radialchoice] may at any time transfer and assign this Agreement, and – or license all or any part of the [Radialchoice's] rights hereunder, to **any solvent and financially responsible** person, firm or corporation which is a subsidiary or affiliate of [Radialchoice] or which has common ownership with [Radialchoice] or to any person, firm or corporation which shall acquire all or substantially all of [Radialchoice's] assets, or to any other third party approved by [Basil], such approval not to be unreasonably withheld, and this Agreement shall inure to the benefit of [Radialchoice's] permitted successors, licensees and assigns." [Emphasis Added.]

(c)     The second recording agreement also provided for a reversion of rights in the event of Company's bankruptcy: Paragraph 18.2(a) of the 1982 Recording Agreement states, "This agreement shall *automatically* terminate in the event of the Company going into liquidation (other than a voluntary liquidation for the purpose of reconstruction or amalgamation which in no way diminishes the rights, entitlements or privileges of Artiste hereunder) whereupon each and all rights vested in the Company hereunder shall **automatically and without necessity of any action of any kind irrevocably and totally revert to Artiste.**" [Emphasis Added.]

15.     On or about March 25, 1985, Radialchoice was involuntarily forced into liquidation and officially dissolved on or about June 14, 1988, causing the automatic reversion in all rights vested in Radialchoice to Plaintiff.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

4
FIRST AMENDED VERIFIED COMPLAINT

16.    Neither the defunct Radialchoice nor any purported successors-in-interest have any colorable claim or interest in the master sound recording or video of *Mickey* or Basil's name, image, likeness, persona or marks.

17.    R&T Defendants are involved in the music industry.  Craig Balsam and Cliff Chenfeld originally established Razor & Tie based in New York in or around 1990.  R&T Defendants have numerous related business entities who all use the razorandtie.com common email and domain name used by R&T Defendants. R&T Defendants function as one enterprise entity.

18.    On or about August 1, 1994, the first of the R&T Defendants, R&T Music LP, without consent or consultation with Plaintiff or performing any due diligence regarding ownership, entered into a licensing agreement with Odel Finance Corporation, an offshore Panamanian company for numerous rights to *Mickey* and the related assets, including the purported right to grant third party licenses in the United States and Canada.

19.    With knowledge of and a flagrant disregard for Plaintiff's rights, the R&T Defendants knew or should have known the title to *Mickey* was defective, and they could not license Basil's marks, voice, image, or likeness for commercial use and they had no agreement with Basil to represent her at the time R&T Defendants contracted with the Panamanian company.

20.    Plaintiff alleges that as a result of the purported licensing agreement between the R&T Music and Odel Financing Corporation, the R&T Defendants were made aware of Plaintiff's original recording agreements, including provisions requiring Plaintiff's written consent for the transfers and for the use of her voice, image, name, persona, likeness, and sound recordings in any commercial advertising product.  Additionally, any licensee replacement under Plaintiffs' recording agreement required consultation with Plaintiff in good faith, which did not occur.

21.    On or about October 17, 1997 Odel Finance Corporation, who at the time did not own or control *Mickey* or the related Radialchoice assets, amended its purported licensing agreement with R&T Music LP expanding the territorial reach to the world.  Again, Plaintiff was not consulted and did not give consent for this amendment.

22.    With knowledge of and a flagrant disregard for Plaintiff's rights to her marks, brand, voice, and contractual rights however flawed, the R&T Defendants, who knew or should have known of

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

the lack of privity of title to *Mickey,* engaged in a pattern of fraud, misrepresentation, and concealment for their own financial gain.

23.    On or about November 27, 1998, the then current purported successor in interest to the original record label, Twist & Shout, entered into a letter variation with R&T Entertainment. Continuing to engage in a pattern of fraud, which Plaintiff was unaware at the time, R&T Defendants collected large sums of money on Plaintiff's behalf, an amount to be proven at trial.

24.    On or about December 20, 2000, R&T Entertainment exercised an option to extend the term of the licensing with Twist & Shout. No consent was requested or granted by Plaintiff as she was not made aware of the exercise of the option and only became aware on January 13, 2017.

25.    Plaintiff alleges that even with the knowledge of the recording agreements, the R&T Defendants fraudulently misrepresented to third parties they were rights holders with the ability to license *Mickey* and the related assets, and consent to the use of Basil's marks, voice, name, likeness, and persona while affirmatively misrepresenting Toni Basil as their "client."

26.    The R&T Defendants continuously and fraudulently represented Plaintiff was their client and they were rights holders of *Mickey* with full authority to control Plaintiff's right of publicity and the ability to issue third party licenses without Plaintiff's consent. Even if the title to *Mickey* and related assets had legitimately passed on to the entities in which the R&T Defendants had obtained their rights from, *which it had not,* the R&T Defendants still continued to fraudulently represent they could freely license to third parties and do so without obtaining Plaintiff's consent or had obtained Basil's consent, allowing third parties to commandeer Plaintiff's endorsement and brand.

27.    R&T Defendants' fraudulent representations intentionally interfered with Plaintiff's ability to control her image, while damaging the value of her brand, allowing false endorsements and performances not authorized or allowed by contract or otherwise.  R&T Defendants' acts continue to harm Plaintiff economically and has irreparably damaged her brand.

28.    Plaintiff unsuccessfully attempted to halt the unauthorized use of her properties, collect on amounts from Simon Lait who was the original principal of the defunct Radialchoice and others. Through a complex shell game played by the purported successors in interest to Radialchoice and

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

the R&T Defendants, Plaintiff has been kept in the dark about the extensive licensing of her marks, name, likeness, voice, image and persona which resulted in substantial profits to R&T Defendants.

29.     R&T Defendants knowingly misappropriated revenues received as a result of unauthorized third party licensing.  In 2008, R&T Defendants collected money from Central Productions, LLC for the use of *Mickey* in an episode 1212 of *South Park*, never notifying or compensating Stillwater or Plaintiff for the unauthorized third party license during a time when Plaintiff in a protected class.

30.     Plaintiff is informed and believes that R&T Defendants entered into digital distribution deals monetizing Basil's properties including her marks without any remuneration to Plaintiff or Radialchoice's purported successor in interest.

31.     On or about February 17, 2011, Basil issued a letter to R&T Defendants informing R&T Defendants that they had no right to issue third party licenses for *Mickey*.  The letter also informed R&T Defendants that they had no authority to enter into any agreements on behalf of Plaintiff, commercial or otherwise.

32.     Over a year later, on or about June 13, 2012, a representative from R&T Defendants contacted seeking Basil's consent for the use of *Mickey* in an "undisclosed national advertising campaign." Plaintiff did not consent and believed that R&T Defendants could not and would not be able to license her name, likeness, voice, masters, or marks for commercial use without consultation or her informed consent.

33.     In April 2013, R&T Defendants claimed they were not involved in the license and use of *Mickey* for use in various commercial synchronization and other licensure activities.

34.     Based on prior interactions with R&T Defendants, Plaintiff who was over the age of 65 believed that no commercial synchronization or other licensing of *Mickey* could be accomplished without her prior written consent.  R&T Defendants did not contact Plaintiff with projects or requests for sync licenses after June 13, 2012.

35.     Plaintiff did not become aware of the extensive commercial synchronization and licensing of *Mickey* by R&T Defendants, including the unauthorized use of her marks, voice, name, image and/or celebrity endorsement of Defendants until January 12, 2017.  Prior to review of the documents obtained Plaintiff was unaware of the use of her marks, voice, likeness, and/or persona

7

in a Forever 21 advertisement, Kohl's advertisement, in addition to extensive licensing activities for digital products, commercials and video games.

36.     TONI BASIL is instantly recognized by many by her mark, the chant she authored, namely YOU'RE SO FINE, YOU BLOW MY MIND. Plaintiff's catchphrase has become part of the pop culture vernacular over the last three decades. Yet, knowing Plaintiffs' famous marks and publicity rights are personal to her and tied to Plaintiff, none of the Defendants contacted Plaintiff to seek consent to utilize her marks, voice, persona or masters or endorsement for their products and/or services.

**TYING TONI BASIL WITH MICKEY MOUSE**

37.     Unbeknownst to Plaintiff, Forever 21 Defendants and Disney colluded to hijack Plaintiff's brand and couple it with a line of Disney & Co. clothing marketed and sold through Forever 21 Defendants at a minimal cost.

38.     Forever 21 Defendants and Disney devised a marketing scheme to produce a commercial for the Forever 21 Disney & Co. line while classifying it as a "video program." The rights obtained from R&T Defendants was for a period of three months in the territory of the world. No where in the licensing agreement was there any mention of Disney or Disney products.

39.     Neither Forever 21 Defendants nor R&T Defendants ever sought Basil's consent to utilize her marks, voice, persona or the sound recording of *Mickey* to sell and promote Forever 21's *Disney* line of clothing.

40.     Disney and Forever 21 Defendants knowingly used Plaintiff's voice in a promotional video featuring the song *Mickey* to promote a *Disney* line of clothing, giving the false impression of Plaintiff's celebrity endorsement. The video was still viewable on the Internet as of the filing of the initial complaint. Plaintiff also believes the Disney & Co. clothing was also available for purchase at the time the initial complaint was filed.

41.     R&T Defendants misrepresented to Forever 21 Defendants that Plaintiff was their client. Forever 21 Defendants concealed for Disney the true commercial purpose of the license it sought to obtain from the R&T Defendants. Neither R&T Defendants nor Forever 21 Defendants nor Disney

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

8

obtained consent from Plaintiff for the use of her name, voice, likeness, marks or brand to be coupled with Mickey Mouse.

42.    On or about November 8, 2013, Disney and Forever 21 Defendants jointly issued a press release regarding the launch and reboot of their 80's inspired Disney & Co. designs which included over forty styles to be sold throughout the world.  Disney and Forever 21 Defendants used an instagram celebrity Jasmine Sanders (@golden_barbie) and a social media campaign to promote the line.  Through the guise of a news story, Disney and Forever 21 released a commercial with a link [http://bit.ly/MickeyByF21Video] stating, "Fans can see Jasmine in a behind-the-scenes video of the photo shoot inspired by '80's hit song 'Mickey' by Toni Basil."

43.    The Forever 21/Disney commercial was stylized after Toni Basil's iconic video with a white infinity cyclorama and red and blue as the predominant colors.  The approximately 51 second commercial ends with a Disney copyrighted logo for Mickey & Co., then the FOREVER 21 trademark.  Plaintiff is informed and believes this commercial was widely distributed through a number of medium, methods, channels extending worldwide to attract consumers to FOREVER 21 retail outlets located throughout the world.

44.    A reasonable consumer would believe that Disney, who is known for fiercely protecting its brand, would have obtained Plaintiff's consent to use Plaintiff's mark, brand, style and implied endorsement to sell Disney's line of merchandise in conjunction with Forever 21, a large retail outlet.

45.    After a successful campaign to sell Disney clothing, using a disguised commercial obtaining a sync license for a nominal fee, Disney used a similar play book this time joining forces with retailer Kohl's through its Lauren Conrad brand.  Creating another commercial misrepresenting it as a behind the scenes video, Disney had Kohl's obtain a license from R&T Direct who was fraudulently representing Plaintiff as their client.

46.    Again, Disney this time hiding behind its retail partner Kohl's knowingly used Plaintiff's voice in a promotional video featuring the song *Mickey* to again promote a Disney line of clothing, giving the false impression of Plaintiff's celebrity endorsement of Disney for a nominal fee.

47. Neither Kohl's nor R&T Defendants ever sought Basil's consent to utilize her voice, marks, persona or the sound recording of *Mickey* to sell and promote the *Disney* line of clothing.

48. The use of Basil's marks, voice, name, image, persona, likeness and the sound recording of *Mickey* by Defendants in each of the aforementioned instances were directly connected to Defendants' commercial purposes and intentionally interfered with Plaintiff's ability to gain an economic advantage by the license of the masters and her publicity rights.

49. Disney never sought or obtained consent to use Basil's marks, voice and persona to market its officially licensed Disney clothing line. Basil was never consulted and would never consent to the use of her marks, voice, persona, image or name coupled with Disney products, including Mickey Mouse. Basil is positioned to launch her own line of t-shirts and dancewear. However as a result of Defendants' conduct, Basil's exclusive right to publicity and her brand have been damaged by the coupling her name, likeness, voice, image and marks with Mickey Mouse and the Disney brand.

## MISAPPROPRIATION OF *MICKEY* AND TAKING FROM TONI BASIL

50. Basil's brand and identity is intertwined with her iconic song *Mickey*. Basil is widely recognized as a one hit wonder for her song *Mickey*. Basil is protective of her brand and her signature song is known as a cheerleading anthem and an Eighties one hit wonder. Toni Basil has been deemed to have "spawned a school of pop" by the New York Times. Plaintiff's professional name, TONI BASIL, is widely recognized and famous in relation to her iconic sound recording and video *Mickey*, as well as the services she provides for choreography, directing, editing and performing.

51. Basil is also a celebrated director and choreographer who has worked with such notables as David Bowie, Elvis Presley, Bette Midler, Tina Turner, David Lee Roth, to name a few. In addition, at the age of 72 she had a viral video, which reached millions of viewers. Her reputation as a creative force and entertainment visionary is of extreme importance to her and her livelihood. Basil carefully selects projects she works on and protects her image and credibility at every turn.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

FIRST AMENDED VERIFIED COMPLAINT

52.     Defendants have engaged in layers of fraudulent conduct including concealment, misrepresentation and complete disregard for Plaintiff's property rights at a time in her life where she is part of a vulnerable and protected class recognized by the California legislature.

53.     Upon notification of the unauthorized commercial use of Plaintiff's song *Mickey* along with the implied endorsement and use of her name and voice to promote Disney, has caused Plaintiff to wake up shaking, despondent and physically ill.  She has experienced sleep deprivation, nightmares, and anxiety as a result of Defendants' actions.

54.     R&T Defendants regularly held themselves out as rights holders with the ability to license *Mickey* for commercial synchronization as well as the use of Plaintiffs marks, voice, image, likeness, and persona.  Additionally, R&T Defendants held themselves out as Plaintiff's agent representing to third parties that she was their client when in fact she was not.

55.     R&T Defendants represented to potential licensees that it had the ability to issue third party licenses for the song *Mickey* and any derivatives, including *Spanish Mickey*.

56.     R&T Defendants knew that any and all synchronization or third party licensing required Plaintiff's written consent under the recording agreements with Radialchoice.

57.     After R&T Defendants sought, but did not obtain Basil's consent for an undisclosed national ad campaign, R&T Defendants never sought consent for any third party licensing or commercial synchronization after 2011, at which time Plaintiff was over the age of 65.

58.     Even in the event that R&T Defendants had a valid right to license Plaintiff's masters, R&T Defendants have failed to pay Stillwater Limited the purported successor in interest to Radialchoice and instead have paid other shell companies keeping money owed to Plaintiff out of her reach for money they know she is entitled to.

59.     R&T Defendants have charged legal fees without authority, which have been passed on to Plaintiff and withheld from Plaintiff by Radialchoice's purported successor-in-interest.

60.     R&T Defendants have funneled money to foreign entities, including Twist and Shout, aiding in a scheme to deprive Plaintiff of money owed to her from the purported successor in interest, Stillwater, Limited, by keeping it out of reach.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

**FIRST CAUSE OF ACTION**
**False Designation of Origin/False Impression of Association**
**[Violation of Lanham Act, Section 43(a)]**
**Against All Defendants**

61. Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

62. In connection with the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, the Defendants have knowingly misappropriated, annexed and used Plaintiff's marks, voice, name, likeness, and/or persona to falsely describe or represent that Defendants' websites, stores, goods, shows and/or services are associated, approved, and/or connected with Plaintiff.

63. Defendants' use of Plaintiff's marks, voice, name, likeness, and/or persona in connection with Defendants' websites, stores, shows and/or the promotion, marketing, advertising, and selling of the Defendants' goods and/or services is a false designation of origin and false or misleading representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association between Plaintiff and the Defendants, and is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the Defendants' websites, stores, goods, shows, and/or services by Plaintiff.

64. Plaintiff is informed and believes, and on that basis alleges, that the Defendants confused and misled the public, and did represent and create the false impression that the Defendants' websites, stores, goods, shows, and/or services are endorsed by, authorized, originated, sponsored, approved, licensed, or otherwise affiliated with Plaintiff.

65. Plaintiff has not authorized, licensed, or given permission to the Defendants to use her marks, voice, name, likeness, and/or persona in any commercial or other manner whatsoever.

66. Thus, the Defendants have created and will continue to create a false impression concerning an association between Plaintiff and the Defendants, a false designation of the origin of the Defendants' websites, social media and other internet activities, stores, goods, shows, and/or services, and confusion as to a connection between the respective parties.

67. As a direct and proximate result of the aforementioned acts, Plaintiff has sustained and will continue to sustain substantial injury to her businesses, reputation, fame, emotional well-being, and

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

goodwill. Plaintiff has been damaged and will be damaged, in an amount subject to proof at trial and in excess of the required unlimited amounts.

68.     Pursuant to 15 U.S.C. §§ 1116(a), P laintiff is entitled to an order enjoining the Defendants from using Plaintiff's marks. voi ce, name, likeness, and/or persona in connection with Defendants' websites, stores, shows, and/or th e marketing, distribution, or sale of any of the Defendants' goods or services.

69.     Pursuant to 15 U.S.C. § 1117(a), Plaintiff is entitled to an order requiring the Defendants to account to her for any and all profits derived by th e Defendants from their actions, and to an order awarding all dam ages sustained by Plainti ff and caused by the Defendants' conduct. T he Defendants' acts m ake this an exceptional case under 15 U.S.C. Section 1117(a) and Plaintiff is entitled to recover her attorneys' fees and the costs of this action.

70.     Plaintiff is infor med and believes and base d thereon alleges that the Defendants' conduct alleged herein was intentional and without founda tion in law. Pursuant to 15 U.S.C. Sect ion 1117(a), Plaintiff is entitled to an award of treble damages against all Defendants.

### SECOND CAUSE OF ACTION
**Intentional Interference With Prospective Economic Advantage**
**Against R&T Defendants**

71.     Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

72.     A prospective economic relationship existed between plaintiff and numerous third parties, such as Forever 21, Kohl's, and Disney that have licensed and/or desire to license *Mickey* and Plaintiff's publicity rights in the future for use in advertising and such prospective relationship was likely to result in licensing and other income for Plaintiff.

73.     R&T Defendants knew of this prospective economic relationship as they were in direct contact with licensees for the use of *Mickey* and Plaintiff's publicity rights, misrepresenting that they could license *Mickey* and Plaintiff's publicity rights on behalf of Plaintiff and either did not need Plaintiff's consent, or consented for Plaintiff.

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

74.    R&T Defendants fraudulently misrepresented an agency relationship between themselves and Plaintiff to licensees in order to gain an economic advantage over Plaintiff and disrupt Plaintiff's ability to license *Mickey,* control image Plaintiff's image and her own publicity rights.

75.    As a result of R&T Defendants' conduct, Plaintiff's licensing business and brand has been interfered with and disrupted, which caused Plaintiff damages in the form of lost licensing and other income.

76.    The defendant's acts alleged above were willful, wanton, malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
### Violation of Welfare and Institution Code §15610.30
### Against All Defendants

77.    Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

78.    Plaintiff at all times relevant herein was age 65 or older and thus a member of the protected class defined under California Welfare & Institutions Code § 15610.27.

79.    Defendants, and each of them have acted in bad faith by conspiring, taking, secreting, appropriating, obtaining and/or retaining personal property belonging to Plaintiff, who is a member of a protected class, for a wrongful use and/or with the intent to defraud, thus constituting a violation of Welfare & Professions Code section 15610.30(a)(1).

80.    Defendants, and each of them, have acted in bad faith by assisting in the taking, secreting, appropriating, obtaining and/or retaining personal property belonging to Plaintiff, who is a member of a protected class, for a wrongful use and/or with the intent to defraud, thus constituting a violation of Welfare & Professions Code section 15610.30(a)(2).

81.    Defendants, and each of them, have deprived Plaintiff of her property rights and taken unfair advantage of her as a member of the protected class under Welfare & Professions Code section 15610.30(a)(2).

82.     Defendants, and each of them, knew or should have known that by taking, secreting, appropriating, obtaining, and/or retaining personal property of Plaintiff, that their conduct was likely to be harmful to Plaintiff.

83.     By engaging in the acts alleged above, Defendants committed directly and/or aided and abetted a violation of California Welfare & Institutions Code §5610.30(a)&(b) by taking advantage of Plaintiff as a member of a protected class and committing the acts or omissions described herein.

84.     Defendants conduct, hereinbefore described, was reckless, oppressive, fraudulent, and malicious within the meaning of California Welfare & Institutions Code §15657 et seq. Under California Civil Code §3294 and California Welfare & Institutions Code §15657.5 Defendants, and each of them, are liable for compensatory damages, all other remedies otherwise provided for law, attorneys fees and costs, as well as punitive damages.

### FOURTH CAUSE OF ACTION
**Violation of California Business & Professions Code  §17200 et seq.**
**Against All Defendants**

85.     Plaintiff repeats, restates and incorporates each and every allegation in the preceding paragraphs as though fully set forth herein.

86.     California Business and Professions Code Section 17200, et seq. (the "Unfair Competition Law") prohibits business practices that are unfair, unlawful and/or fraudulent. The Unfair Competition Law is intended to protect individuals, such as Plaintiff, from unethical business practices. Pursuant to California Business & Professions Code, Section 17204, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person or any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquire by means of such unfair competition.

87.     Plaintiff has standing to assert this claims as she has lost money in the form of income, and property in the form of use of her marks and damage to her brand as a result of the Defendants' business practices.

88.    As alleged herein, Defendants, and each of them, have engaged in acts of unfair competition as defined in California Business & Professions Code, Section 17200. Specifically, Defendants engaged in unfair, unlawful, and fraudulent conduct through their actions including, but not limited to:

a.    making misrepresentations to Plaintiff, licensees, and other parties concerning statements, accounting, and intellectual property ownership, among others;

b.    concealing information from Plaintiff regarding accounting and expectation of payment;

c.    entering into licensing agreements without honoring Plaintiff's original recording agreements;

d.    representing that Plaintiff was a client of R&T Defendants and that she impliedly endorsed Disney products among others; and

e.    using and continuing to use Plaintiff's name, likeness, image, and persona without obtaining consent or compensation to Plaintiff.

89.    The predicate acts committed by Defendants in violation of the UCL include:

a.    violations by Defendants under Lanham Act§43(a) and Welfare and Institution Code §15610.30, which are unlawful;

b.    R&T Defendants engaging in misrepresenting to licensees that Plaintiff is their client constitutes fraudulent activity;

c.    Defendants have failed to obtain consent and failure to compensate Plaintiff for her famous marks, including her name, voice and implied endorsement are unfair business practices.

90.    All of the Defendants' acts were designed to enhance Defendants' positions while harming Plaintiff, and are unlawful, unfair, and fraudulent business practices.

91.    Plaintiff has suffered harm from Defendants' actions in an amount to be proven at trial, but which exceeds the minimum jurisdictional limit of this Court.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff prays for judgment as follows:

1.    That this Court award compensatory damages including but not limited to profits lost due to Defendants' conduct and other consequential damages, in an amount according to proof;

2.    That this Court award treble damages pursuant to the Lanham Act f 43(a);

3.      That this Court award punitive damages in an amount appropriate to punish Defendants, to deter others from engaging in such conduct, and to set an example of Defendants;

4.      That this Court award a preliminary and permanent injunction enjoining Defendants, all persons acting in active concert or participation with them, and all third parties with knowledge of the injunction from using Plaintiff's voice, name, image, likeness, and/or persona in commerce without her prior written consent.

5.      That this Court award emotional distress damages;

6.      That this Court order Defendants to account to Plaintiff;

7.      That this Court order Defendants to disgorge all profits and proceeds earned relative to the exploitation of *Mickey* and Plaintiff's voice, image, marks, name, likeness, and/or persona;

8.      That this Court award Plaintiff's actual costs incurred for this action, including, but not limited to, reasonable attorney's fees;

9.      That this Court award pre-judgment and post-judgment interest on all sums;

10.     That this Court order such further relief as justice may require, or as this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.

Dated: October 16, 2017                    FEM LAW GROUP

                                    By:    _F. Edie Mermelstein_
                                           F. Edie Mermelstein
                                           Attorneys for TONI BASIL (aka Antonia Basilotta)

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

17
FIRST AMENDED VERIFIED COMPLAINT

## VERIFICATION

The undersigned, for herself declares:

I am the Plaintiff in the above-entitled action. I read the forgoing FIRST AMENDED VERIFIED COMPLAINT and know the contents thereof. I verify that the information contained in the Verified Complaint for Damages is true by my own knowledge, except as to those matters, which are therein stated on information and belief, and, as to those matters, I believe to be true.

I declare under penalty of perjury under the laws of California and the United States of America, that the forgoing is true and correct.

Dated: Oct 16 2017

TONI BASIL (aka Antonia Basilotta)

FEM LAW GROUP
10811 Huntington Street, Suite 240
Huntington Beach, CA 92648

NOV 0 3 2017

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.                                                    October 31, 2017
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410

Kohl's Corporation
Legal Department
Kohl's Corporation - Legal Department
N56 W17000 Ridgewood Drive
MENOMONEE FALLS  WI  53051

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note:  Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

**Item: 2017-2955**

| | | |
|---|---|---|
| 1. | **Client Entity:** | Kohl's Corporation |
| 2. | **Title of Action:** | Toni Basil aka Antonia Basilotta vs. New Razor & Tie Enterprises, LLC; Razor & Tie Direct, LLC; et. al. |
| 3. | **Document(s) Served:** | Notice of Motion and Plaintiff's Motion to Amend to Add Does and Correct Party Names on Caption Pursuant to C.C.P.§§473(a) and 474 [Proposed] Order |
| 4. | **Court/Agency:** | Los Angeles Superior Court |
| 5. | **State Served:** | Wisconsin |
| 6. | **Case Number:** | BC674401 |
| 7. | **Case Type:** | |
| 8. | **Method of Service:** | Regular Mail |
| 9. | **Date Received:** | Monday 10/30/2017 |
| 10. | **Date to Client:** | Tuesday 10/31/2017 |
| 11. **# Days When Answer Due:** 67 | | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| **Answer Due Date:** 1/5/2018 | | |
| 12. | **SOP Sender:** (Name, Address and Phone Number) | Fem Law Group Huntington Beach, CA 714-596-0137 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 501 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL  33410    Tel:    Fax:
www.CorporateCreations.com

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

           Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,

           Defendants.

Case No.    BC674401

**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO AMEND TO ADD DOES AND CORRECT PARTY NAMES ON CAPTION PURSUANT TO C.C.P.§§473(a) AND 474; MEMORANDUM OF POINTS AND AUTHORITIES**

[Request for Dismissal-Viacom; Request for Dismissal New Open Door Productions, Inc.; Request For Dismissal Central Productions, LLC.; Doe Amendment 1- Kohl's Corporation; Doe Amendment 2 - Kohl's Department Stores, Inc. (*filed concurrently*)]

Date:  January 5, 2018
Time:  8:30
Place:  Department 56

*(margin)* FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

1

PLAINTIFF'S MOTION TO AMEND

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2017 at 8:30a.m., or as soon thereafter as the matter may be heard, in Department 56 of the Stanley Mosk Courthouse located at *111 N. Hill St.*, Los Angeles, CA 90012, Plaintiff TONI BASIL (aka Antonia Basilotta) will and does hereby move the Court for the following:

1. Substitution of the true names of the corporate and individual defendants served in this action in lieu of the fictitious names appearing on the original summons and complaint, as follows: Doe 1 - Kohl's Corporation; Doe 2 - Kohl's Department Stores, Inc.

2. Amendment of the complaint by interlineation to show the true names of the defendants so served in lieu of the respective fictitious names originally entered on the pleading.

3. Strike the dismissed Defendants, Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC, from the first amended complaint.

4. Amendment of the caption of the first amended complaint and of all other pleadings in this action, and of all future pleadings, motions, orders, and judgments, to read as follows:

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES 3-50, inclusive,

Defendants.

This motion is made pursuant to C.C.P. §§473(a) and 474. It is brought by reason of Plaintiff's First Amended Complaint filed on October 16, 2017, following which Plaintiff has entered into a settlement agreement with Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC and new evidence and/or information to sustain an action against Does Kohl's Corporation and Koh's Department

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

2

PLAINTIFF'S MOTION TO AMEND

Stores, Inc. This motion is based on this Notice of Motion, Motion to Correct Party Names, Memorandum of Points and Authorities, and upon such oral and documentary evidence as may be presented by the moving party at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

This instant motion seeks, among other things, to correct the party names in the pleadings and further documents related to this action to reflect the true names of the entity defendants. Plaintiff also seeks to strike and dismiss defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC.

Plaintiff filed this instant action on August 31, 2017. Following the submission of the initial complaint Plaintiff met with counsel for Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC, in which the parties agreed to a settlement wherein Plaintiff dismissed the Viacom defendants from this action. Additionally, between the time Plaintiff filed her complaint to when she filed her First Amended Complaint ("FAC") on October 16, 2017, Plaintiff discovered new information and evidence which led her to believe a cause of action would be viable against Kohl's Corporation and Kohl's Department Stores, Inc. (collectively "Kohl's" or "Kohl's defendants").

Plaintiff discovered a trail of advertisements and similar scheme by Kohl's and Disney to usurp Plaintiff's brand, voice, name, likeness, and signature song *Mickey* in its ad campaigns. Although Plaintiff was aware that and advertising firm was a party to a licensing agreements fraudulently executed by Razor & Tie, Plaintiff, at the time of filing her initial complaint, did not believe there were sufficient facts to sustain a cause of action against the Kohl's defendants until further research and information was obtained by Plaintiff. Nevertheless, Plaintiff reserved her right to amend the parties pursuant to C.C.P. §474. As it is now known to Plaintiff that a cause of action exists as to the Kohl's defendants and an amendment may be made in accordance with the Code of Civil Procedure Sections 473(a) and 474 (to be discussed further below), Plaintiff has filed Doe Amendments on Los Angeles County local forms LACIV 105, filed concurrently with this motion. Plaintiff further seeks to amend the caption and future documents to reflect the true names of the Defendants to this action.

//

//

3

PLAINTIFF'S MOTION TO AMEND

## I.

## ARGUMENT

**A.   California Code of Civil Procedure Sections 473(a)(1) and 474 Permit A Party to Amend The Pleadings To Reflect The True Names of the Parties to the Action.**

*1.      This Court May Strike and Dismiss Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC*

California Code of Civil Procedure Section 473(a)(1) provides in pertinent part that "[t]he court may [. . .] allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect". Generally, C.C.P. §473 is to be liberally construed to allow a party to conduct a fair and speedy trial on the merits. *Thomasian v. Superior Court of San Francisco,*122 Cal.App.2d 322, 336 (1953); *Slack v. Metropolitan Trust Co.,* 9 Cal.App.2d 87, 89  (1935). Following Plaintiff's filing of her initial complaint, Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC. met with Plaintiff's counsel to discuss the possibility of a settlement agreement. Plaintiff and Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC reached an agreement, however, the settlement agreement was jointly executed on October 24, 2017. Pursuant to the terms of the settlement, Plaintiff seeks to properly strike and dismiss Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC from this action. A true and correct copy of Plaintiff's Request for Dismissals are attached as **Exhibit A, B and C** respectively. Pursuant to C.C.P. 473(a)(1) this Court may strike and dismiss such defendants based on this motion.

*2.      Plaintiff May Amend Her Complaint and Future Documents For this Matter As to Does 1 and 2.*

California allows plaintiffs to amend their complaints so as to reflect the true parties to an action. *See Marton v. Jones,* 44 Cal.App. 299, 300 (1919) (finding no abuse of discretion where the lower court permitted the plaintiff to amend her complaint to reflect her true name.); *Diliberti v. Stage Call Corp.,* 4 Cal.App.4th 1468, 1469 (1992) (noting that attorneys "frequently name the wrong individuals as defendants in lawsuits" and "[w]hen they ascertain who the true defendant should be, they simply amend their pleadings."). Additionally, C.C.P. §474 requires a Plaintiff amend a complaint when the identity of a Doe Defendant is identified. *See Kerr-Mcgee Chem. Corp. v. Superior Court,*160 Cal.App.3d 594, 597 (1984). In this instance, Plaintiff learned about

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

4

the facts giving rise to Kohl's Corporation and Kohl's Department Stores, Inc.'s liability after filing the initial complaint. Further, Plaintiff did not know of the viable cause of action against Kohl's Defendants until after the suit was filed since Plaintiff did not discover evidence and facts sufficient to maintain an action against Kohl's Defendants until after filing her complaint.

Indeed, where a plaintiff is unaware of the defendant's name or a defendant is omitted from a complaint because the plaintiff did not know of the facts giving rise to a cause of action against the defendant, the defendant may be made a party to the action under a fictitious name pursuant to C.C.P. §474. *Johnson v. Goodyear Tire & Rubber Co.* ("*Johnson*"), 216 Cal.App.2d 133, 137-39 (1963)(granting an amendment where the "plaintiff knew the defendants whom he designated by fictitious names, and all the facts giving him a cause of action against them, but was unaware of having such a cause of action."). Similar to *Johnson*, Plaintiff did not discover the possible cause of action against Kohl's until after filing her initial complaint. Though Plaintiff was aware that Kohl's had been party to the licensing agreements with Razor & Tie,  Plaintiff did not learn of the facts and obtained evidence to give rise to a viable cause of action against Kohl's until after filing her complaint. Since C.C.P. §474 requires a Plaintiff to amend a pleading after the identity of the fictitious defendant is learned, Plaintiff seeks to make such amendment by this motion. *See Dunzweiler v. Superior Court of Alameda County*, 267 Cal.App.2d 569, 577 (1968) (stating where a motion to amend is timely "and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not  only error but an abuse of discretion.")

A true and correct copy of Plaintiff's Doe Amendments for KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation on LACIV 105 forms are attached as **Exhibit D and E**, respectively.

Therefore, based on the facts now known to Plaintiff, Plaintiff seeks to amend the caption to the complaint and future documents in this matter to reflect the true names of Doe Defendants 1 and 2 as Kohl's Corporation and Kohl's Department Stores, Inc.

//

//

//

//

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

5

PLAINTIFF'S MOTION TO AMEND

## II.

## CONCLUSION

Based on the foregoing the Plaintiff respectfully requests this court to grant Plaintiff's motion to correct party names and to amend the caption to read:

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES 3-50, inclusive,

Defendants.

Dated: October 24, 2017                        FEM LAW GROUP

By: _____

F. Edie Mermelstein

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

6

**EXHIBIT A**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|
| NAME: F. Edie Mermelstein<br>FIRM NAME: FEM Law Group<br>STREET ADDRESS: 18811 Huntington Street, Suite 240<br>CITY: Huntington Beach   STATE: CA   ZIP CODE: 92648<br>TELEPHONE NO.: 714-596-0137   FAX NO.: 714-841-8810<br>E-MAIL ADDRESS: edie@femlawyers.com<br>ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse |

| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) |
|---|
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al. |

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>BC674401 |
|---|---|

| A conformed copy will not be returned by the clerk unless a method of return is provided with the document. |
|---|

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [ x ] With prejudice   (2) [  ] Without prejudice
   b. (1) [ x ] Complaint   (2) [  ] Petition
      (3) [  ] Cross-complaint filed by (name):                                    on (date):
      (4) [  ] Cross-complaint filed by (name):                                    on (date):
      (5) [  ] Entire action of all parties and all causes of action
      (6) [ x ] Other (specify):* ONLY - Viacom International, Inc. a/k/a VH1 Networks

2. (Complete in all cases except family law cases.)
   The court [  ] did  [  ] did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [ x ] ATTORNEY [  ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ (SIGNATURE)

Attorney or party without attorney for:
[ x ] Plaintiff/Petitioner   [  ] Defendant/Respondent
[  ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [ x ] ATTORNEY [  ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ (SIGNATURE)

Attorney or party without attorney for:
[ x ] Plaintiff/Petitioner   [  ] Defendant/Respondent
[  ] Cross Complainant

(To be completed by clerk)

4. [  ] Dismissal entered as requested on (date):

5 [  ] Dismissal entered on (date):                         as to only (name):

6. [  ] Dismissal not entered as requested for the following reasons (specify):

7. a. [  ] Attorney or party without attorney notified on (date):
   b. [  ] Attorney or party without attorney not notified. Filing party failed to provide
           [  ] a copy to be conformed   [  ] means to return conformed copy

Date:                         Clerk, by _____, Deputy   Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |
|---|---|---|

**CIV-110**

| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
|---|---|
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

### COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*     Yes     No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____          ▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

**EXHIBIT B**

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|---|
| NAME: F. Edie Mermelstein | | |

ATTORNEY OR PARTY WITHOUT ATTORNEY:       STATE BAR NO: 248941
NAME: F. Edie Mermelstein
FIRM NAME: FEM Law Group
STREET ADDRESS: 18811 Huntington Street, Suite 240
CITY: Huntington Beach        STATE: CA    ZIP CODE: 92648
TELEPHONE NO.: 714-596-0137       FAX NO.: 714-841-8810
E-MAIL ADDRESS: edie@femlawyers.com
ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)
Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: BC674401 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.  TO THE CLERK: Please dismiss this action as follows:
    a.  (1) [x] With prejudice    (2) [ ] Without prejudice
    b.  (1) [x] Complaint       (2) [ ] Petition
        (3) [ ] Cross-complaint filed by (name):                    on (date):
        (4) [ ] Cross-complaint filed by (name):                    on (date):
        (5) [ ] Entire action of all parties and all causes of action
        (6) [x] Other (specify):* ONLY - New Open Door Productions, Inc.

2.  (Complete in all cases except family law cases.)
    The court [ ] did  [ ] did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3.  TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4.  [ ] Dismissal entered as requested on (date):
5.  [ ] Dismissal entered on (date):                    as to only (name):
6.  [ ] Dismissal not entered as requested for the following reasons (specify):

7.  a.  [ ] Attorney or party without attorney notified on (date):
    b.  [ ] Attorney or party without attorney not notified. Filing party failed to provide
        [ ] a copy to be conformed    [ ] means to return conformed copy

Date: _____       Clerk, by _____, Deputy   Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 www.courts.ca.gov |
|---|---|---|

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)<br>Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | CASE NUMBER:<br>BC674401 |

---

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1.  The court waived court fees and costs in this action for *(name):* n/a

2.  The person named in item 1 is *(check one below):*

    a. ☐ not recovering anything of value by this action.

    b. ☐ recovering less than $10,000 in value by this action.

    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3.  ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*     Yes     No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

---

**EXHIBIT C**

CIV-110

| | | |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO: 248941 | | **FOR COURT USE ONLY** |

**ATTORNEY OR PARTY WITHOUT ATTORNEY:**   STATE BAR NO: 248941

NAME: F. Edie Mermelstein
FIRM NAME: FEM Law Group
STREET ADDRESS: 18811 Huntington Street, Suite 240
CITY: Huntington Beach      STATE: CA   ZIP CODE: 92648
TELEPHONE NO.: 714-596-0137   FAX NO. : 714-841-8810
E-MAIL ADDRESS: edie@femlawyers.com
ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)

Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| **REQUEST FOR DISMISSAL** | **CASE NUMBER:** BC674401 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [x] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                    on (date):
      (4) [ ] Cross-complaint filed by (name):                    on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [x] Other (specify):* ONLY - Central Productions, LLC

2. *(Complete in all cases except family law cases.)*
   The court [ ] did  [ ] did not  waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

► _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

► _____ (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

*(To be completed by clerk)*

4. [ ] Dismissal entered as requested on (date):

5 [ ] Dismissal entered on (date):                    as to only (name):

6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
         [ ] a copy to be conformed    [ ] means to return conformed copy

Date: _____    Clerk, by _____, Deputy    Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.; Gov. Code,
§ 68637(c); Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

**CIV-110**

| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*    Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)    (SIGNATURE)

**EXHIBIT D**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 248941 | Reserved for Clerk's File Stamp |
|---|---|---|
| F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648 | | |
| ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF: TONI BASIL (aka Antonia Basilotta)

DEFENDANT: NEW RAZOR & TIE ENTERPRISES, LLC, et al.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S CORPORATION

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/24/2017 | F. EDIE MERMELSTEIN | *F. Edie Mermelstein* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____                    _____
Dated                                        Judicial Officer

**EXHIBIT E**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 248941 | Reserved for Clerk's File Stamp |
|---|---|---|
| F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648 | | |

ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF: TONI BASIL (aka Antonia Basilotta)

DEFENDANT: NEW RAZOR & TIE ENTERPRISES, LLC, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 2

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S DEPARTMENT STORES, INC.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/24/2017 | F. EDIE MERMELSTEIN | *[signature] F. Edie Mermelstein* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TONI BASIL (aka ANTONIA BASILOTTA), an individual,<br><br>            Plaintiff,<br><br>   vs.<br><br>NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.    BC674401<br><br>**[PROPOSED] ORDER**<br><br>*Honorable Michael M. Johnson*<br><br>Date:  January 5, 2018<br>Time:  8:30<br>Place:  Department 56 |

1<br>[PROPOSED] ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Toni Basil's Motion To Amend Caption came on regularly for hearing in the above-captioned court on January 5, 2018 at 8:30 AM in Department 56 located in the Stanley Mosk Courthouse. F. Edie Mermelstein appeared on behalf of Plaintiff. After reviewing the papers filed in the action and specifically in relation to this motion, and for good cause,

**IT IS SO ORDERED**

The caption of the complaint and all other pleadings in this action, and of all future pleadings, motions, orders, and judgments, shall be amended to read as follows:

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

          Plaintiff,

  vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES 3-50, inclusive,

          Defendants.

Dated: _____

               By:  _____

                       Honorable Michael M. Johnson
                       Judicial Officer, Los Angeles County Superior Court

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648 | 248941 | |

ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:   TONI BASIL (aka Antonia Basilotta)

DEFENDANT:   NEW RAZOR & TIE ENTERPRISES, LLC, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 |
|---|---|

## ☒ FICTITIOUS NAME (No order required)

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 2

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S DEPARTMENT STORES, INC.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/24/2017 | F. EDIE MERMELSTEIN | F. Edie Mermelstein |

## ☐ INCORRECT NAME (Order required)

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 248941 | Reserved for Clerk's File Stamp |
|---|---|---|
| F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648 | | |

ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF: TONI BASIL (aka Antonia Basilotta)

DEFENDANT: NEW RAZOR & TIE ENTERPRISES, LLC, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S CORPORATION

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/24/2017 | F. EDIE MERMELSTEIN | *F. Edie Mermelstein* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____          _____
Dated                                          Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | **AMENDMENT TO COMPLAINT**<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

CIV-110

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**    **STATE BAR NO:** 248941<br>**NAME:** F. Edie Mermelstein<br>**FIRM NAME:** FEM Law Group<br>**STREET ADDRESS:** 18811 Huntington Street, Suite 240<br>**CITY:** Huntington Beach    **STATE:** CA    **ZIP CODE:** 92648<br>**TELEPHONE NO.:** 714-596-0137    **FAX NO.:** 714-841-8810<br>**E-MAIL ADDRESS:** edie@femlawyers.com<br>**ATTORNEY FOR (Name):** TONI BASIL (aka Antonia Basilotta) | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
 **STREET ADDRESS:** 111 North Hill Street
 **MAILING ADDRESS:** 111 North Hill Street
 **CITY AND ZIP CODE:** Los Angeles, CA 90012
 **BRANCH NAME:** Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)

Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | **CASE NUMBER:**<br>BC674401 |

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1.  TO THE CLERK: Please dismiss this action as follows:
    a.  (1) [x] With prejudice    (2) [ ] Without prejudice
    b.  (1) [x] Complaint    (2) [ ] Petition
        (3) [ ] Cross-complaint filed by (name):    on (date):
        (4) [ ] Cross-complaint filed by (name):    on (date):
        (5) [ ] Entire action of all parties and all causes of action
        (6) [x] Other (specify):* ONLY - New Open Door Productions, Inc.

2.  (Complete in all cases except family law cases.)
    The court [ ] did [ ] did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
_____
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____ (SIGNATURE)

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3.  TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
_____
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____ (SIGNATURE)

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4.  [ ] Dismissal entered as requested on (date):

5   [ ] Dismissal entered on (date):    as to only (name):

6.  [ ] Dismissal not entered as requested for the following reasons (specify):

7.  a. [ ] Attorney or party without attorney notified on (date):
    b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
        [ ] a copy to be conformed    [ ] means to return conformed copy

Date: _____    Clerk, by _____, Deputy    Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

---

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name)*: n/a

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*   Yes   No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____          ▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|---|

NAME: F. Edie Mermelstein
FIRM NAME: FEM Law Group
STREET ADDRESS: 18811 Huntington Street, Suite 240
CITY: Huntington Beach    STATE: CA    ZIP CODE: 92648
TELEPHONE NO.: 714-596-0137    FAX NO.: 714-841-8810
E-MAIL ADDRESS: edie@femlawyers.com
ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)

Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: BC674401 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [x] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                     on (date):
      (4) [ ] Cross-complaint filed by (name):                     on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [x] Other (specify):* ONLY - Central Productions, LLC

2. (Complete in all cases except family law cases.)
   The court [ ] did [ ] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____
(SIGNATURE)
Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date):
5  [ ] Dismissal entered on (date):                     as to only (name):
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed    [ ] means to return conformed copy

Date:                     Clerk, by _____, Deputy    Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 www.courts.ca.gov |
|---|---|---|

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) <br> Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | CASE NUMBER: <br> BC674401 |

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*   Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶ _____

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)     (SIGNATURE)

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|
| NAME: F. Edie Mermelstein <br> FIRM NAME: FEM Law Group <br> STREET ADDRESS: 18811 Huntington Street, Suite 240 <br> CITY: Huntington Beach   STATE: CA   ZIP CODE: 92648 <br> TELEPHONE NO.: 714-596-0137   FAX NO.: 714-841-8810 <br> E-MAIL ADDRESS: edie@femlawyers.com <br> ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)

Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: <br> BC674401 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
    a. (1) [x] With prejudice   (2) [ ] Without prejudice
    b. (1) [x] Complaint   (2) [ ] Petition
       (3) [ ] Cross-complaint filed by (name):   on (date):
       (4) [ ] Cross-complaint filed by (name):   on (date):
       (5) [ ] Entire action of all parties and all causes of action
       (6) [x] Other (specify):* ONLY - Viacom International, Inc. a/k/a VH1 Networks

2. (Complete in all cases except family law cases.)
   The court [ ] did [ ] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only or specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _(SIGNATURE)_

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _(SIGNATURE)_

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4. [ ] Dismissal entered as requested on (date):

5  [ ] Dismissal entered on (date):   ss to only (name):

6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed   [ ] means to return conformed copy

Date:   Clerk, by _____, Deputy   Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code, <br> § 68637(c); Cal. Rules of Court, rule 3.1390 <br> www.courts.ca.gov |

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

---

### COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*

    a. ☐ not recovering anything of value by this action.
    b. ☐ recovering less than $10,000 in value by this action.
    c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*  Yes  No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

(SIGNATURE)

---

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

                Plaintiff,

    vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. BC674401

**PROOF OF SERVICE**

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18811 Huntington Street, Suite 240, Huntington Beach, CA 92648.

On October 25, 2017, I served the foregoing documents described as **NOTICE OF MOTION AND PLAINTIFF'S MOTION TO AMEND TO ADD DOES AND CORRECT PARTY NAME ON CAPTION PURUSANT TO C.C.P   473(a) AND 474; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER; AMENDMENT TO COMPLAINT; AMENDMENT TO COMPLAINT; REQUEST FOR DISMISSAL; REQUEST FOR DISMISSAL; REQUEST FOR DISMISSAL** on interested parties in this action by sending a true copy of the document to the following parties:

SEE ATTACHED SERVICE LIST

☒    **BY REGULAR MAIL:**  I deposited such envelope in the mail in Huntington Beach, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (I) day after date of deposit for mailing in affidavit.

☒    **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐    **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 25, 2017, at Huntington Beach, California.

Molly Stubbs

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

# SERVICE LIST

| | |
|---|---|
| NEW RAZOR & TIE ENTERPRISES, LLC | LAWRENCE J BLAKE<br>100 N CRESCENT DR GARDEN LEVEL<br>BEVERLY HILLS CA 90210 |
| RAZOR & TIE DIRECT, LLC | RAZOR & TIE DIRECT LLC C/O CRYAN CAVE LLP<br>ATTN: VINCENT ALFIERI, ESQ<br>1290 AVE OF THE AMERICAS, NEW YORK, NEW YORK, 10104 |
| RAZOR & TIE ENTERTAINMENT, LLC | 214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| RAZOR & TIE MUSIC, L.P. | 214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| RAZOR & TIE MUSIC CORP. | Craig Balsam<br>214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| RAZOR & TIE RECORDINGS, LLC | 214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| FOREVER 21 RETAIL, INC. | C T CORPORATION SYSTEM<br>818 W 7TH ST STE 930 , LOS ANGELES CA 90017 |
| FOREVER 21, INC. | C T CORPORATION SYSTEM<br>818 W 7TH ST STE 930 , LOS ANGELES CA 90017 |
| THE WALT DISNEY COMPANY | MARSHA L REED<br>500 S BUENA VISTA ST, BURBANK CA 91521 |
| NEW OPEN DOOR PRODUCTIONS, INC. | ANDREW J. THOMAS<br>Jenner & Block LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054 |
| VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS | ANDREW J. THOMAS<br>Jenner & Block LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054 |
| CENTRAL PRODUCTIONS, LLC | ANDREW J. THOMAS<br>Jenner & Block LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054 |
| KOHL'S DEPARTMENTS STORES, INC | CORPORATE CREATIONS NETWORK, INC<br>1430 Truxtun Avenue, 5th Floor<br>Bakersfield, CA 93301 |
| KOHL'S CORPORATION | CORPORATE CREATIONS NETWORK INC.<br>4650 W. SPENCER STREET<br>APPLETON , WI 54914 |

OCT 3 0 2017

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

October 31, 2017

Kohl's Department Stores, Inc.
Legal Department
Kohl's Corporation - Legal Department
N56 W17000 Ridgewood Drive
MENOMONEE FALLS   WI   53051

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.

Item: 2017-2956

| | | |
|---|---|---|
| 1. | **Client Entity:** | Kohl's Department Stores, Inc. |
| 2. | **Title of Action:** | Toni Basil aka Antonia Basilotta vs. New Razor & Tie Enterprises, LLC; Razor & Tie Direct, LLC; et. al. |
| 3. | **Document(s) Served:** | Notice of Motion and Plaintiff's Motion to Amend to Add Does and Correct Party Names on Caption Pursuant to C.C.P.§§473(a) and 474<br>[Proposed] Order |
| 4. | **Court/Agency:** | Los Angeles Superior Court |
| 5. | **State Served:** | Wisconsin |
| 6. | **Case Number:** | BC674401 |
| 7. | **Case Type:** | |
| 8. | **Method of Service:** | Regular Mail |
| 9. | **Date Received:** | Monday 10/30/2017 |
| 10. | **Date to Client:** | Tuesday 10/31/2017 |
| 11. **# Days When Answer Due:** 67 | **Answer Due Date:** 1/5/2018 | **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | **SOP Sender:**<br>(Name, Address and Phone Number) | Fem Law Group<br>Huntington Beach, CA<br>714-596-0137 |
| 13. | **Shipped to Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | Not Applicable |
| 15. | **Handled By:** | 501 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

          Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,

          Defendants.

Case No.　　BC674401

**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO AMEND TO ADD DOES AND CORRECT PARTY NAMES ON CAPTION PURSUANT TO C.C.P.§§473(a) AND 474; MEMORANDUM OF POINTS AND AUTHORITIES**

[Request for Dismissal-Viacom; Request for Dismissal New Open Door Productions, Inc.; Request For Dismissal Central Productions, LLC.; Doe Amendment 1- Kohl's Corporation; Doe Amendment 2 - Kohl's Department Stores, Inc. (*filed concurrently*)]

Date:　January 5, 2018
Time:　8:30
Place:　Department 56

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 5, 2017 at 8:30a.m., or as soon thereafter as the matter may be heard, in Department 56 of the Stanley Mosk Courthouse located at 111 N. Hill St., Los Angeles, CA 90012, Plaintiff TONI BASIL (aka Antonia Basilotta) will and does hereby move the Court for the following:

1. Substitution of the true names of the corporate and individual defendants served in this action in lieu of the fictitious names appearing on the original summons and complaint, as follows: Doe 1 - Kohl's Corporation; Doe 2 - Kohl's Department Stores, Inc.

2. Amendment of the complaint by interlineation to show the true names of the defendants so served in lieu of the respective fictitious names originally entered on the pleading.

3. Strike the dismissed Defendants, Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC, from the first amended complaint.

4. Amendment of the caption of the first amended complaint and of all other pleadings in this action, and of all future pleadings, motions, orders, and judgments, to read as follows:

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES 3-50, inclusive,

Defendants.

This motion is made pursuant to C.C.P. §§473(a) and 474. It is brought by reason of Plaintiff's First Amended Complaint filed on October 16, 2017, following which Plaintiff has entered into a settlement agreement with Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC and new evidence and/or information to sustain an action against Does Kohl's Corporation and Koh's Department

PLAINTIFF'S MOTION TO AMEND

Stores, Inc. This motion is based on this Notice of Motion, Motion to Correct Party Names, Memorandum of Points and Authorities, and upon such oral and documentary evidence as may be presented by the moving party at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

This instant motion seeks, among other things, to correct the party names in the pleadings and further documents related to this action to reflect the true names of the entity defendants. Plaintiff also seeks to strike and dismiss defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC.

Plaintiff filed this instant action on August 31, 2017. Following the submission of the initial complaint Plaintiff met with counsel for Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC, in which the parties agreed to a settlement wherein Plaintiff dismissed the Viacom defendants from this action. Additionally, between the time Plaintiff filed her complaint to when she filed her First Amended Complaint ("FAC") on October 16, 2017, Plaintiff discovered new information and evidence which led her to believe a cause of action would be viable against Kohl's Corporation and Kohl's Department Stores, Inc. (collectively "Kohl's" or "Kohl's defendants").

Plaintiff discovered a trail of advertisements and similar scheme by Kohl's and Disney to usurp Plaintiff's brand, voice, name, likeness, and signature song *Mickey* in its ad campaigns. Although Plaintiff was aware that and advertising firm was a party to a licensing agreements fraudulently executed by Razor & Tie, Plaintiff, at the time of filing her initial complaint, did not believe there were sufficient facts to sustain a cause of action against the Kohl's defendants until further research and information was obtained by Plaintiff. Nevertheless, Plaintiff reserved her right to amend the parties pursuant to C.C.P. §474. As it is now known to Plaintiff that a cause of action exists as to the Kohl's defendants and an amendment may be made in accordance with the Code of Civil Procedure Sections 473(a) and 474 (to be discussed further below), Plaintiff has filed Doe Amendments on Los Angeles County local forms LACIV 105, filed concurrently with this motion. Plaintiff further seeks to amend the caption and future documents to reflect the true names of the Defendants to this action.

//

//

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

3

## I.

## ARGUMENT

A.  **California Code of Civil Procedure Sections 473(a)(1) and 474 Permit A Party to Amend The Pleadings To Reflect The True Names of the Parties to the Action.**

1.  *This Court May Strike and Dismiss Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC*

California Code of Civil Procedure Section 473(a)(1) provides in pertinent part that "[t]he court may [. . .] allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect". Generally, C.C.P. §473 is to be liberally construed to allow a party to conduct a fair and speedy trial on the merits. *Thomasian v. Superior Court of San Francisco*,122 Cal.App.2d 322, 336 (1953); *Slack v. Metropolitan Trust Co.*, 9 Cal.App.2d 87, 89 (1935). Following Plaintiff's filing of her initial complaint, Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC. met with Plaintiff's counsel to discuss the possibility of a settlement agreement. Plaintiff and Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC reached an agreement, however, the settlement agreement was jointly executed on October 24, 2017. Pursuant to the terms of the settlement, Plaintiff seeks to properly strike and dismiss Defendants Viacom International, Inc. a/k/a VH1 Networks, New Open Door Productions, Inc., and Central Productions, LLC from this action. A true and correct copy of Plaintiff's Request for Dismissals are attached as **Exhibit A, B and C** respectively. Pursuant to C.C.P. 473(a)(1) this Court may strike and dismiss such defendants based on this motion.

2.  *Plaintiff May Amend Her Complaint and Future Documents For this Matter As to Does 1 and 2.*

California allows plaintiffs to amend their complaints so as to reflect the true parties to an action. *See Marton v. Jones*, 44 Cal.App. 299, 300 (1919) (finding no abuse of discretion where the lower court permitted the plaintiff to amend her complaint to reflect her true name.); *Diliberti v. Stage Call Corp.*, 4 Cal.App.4th 1468, 1469 (1992) (noting that attorneys "frequently name the wrong individuals as defendants in lawsuits" and "[w]hen they ascertain who the true defendant should be, they simply amend their pleadings."). Additionally, C.C.P. §474 requires a Plaintiff amend a complaint when the identity of a Doe Defendant is identified. *See Kerr-Mcgee Chem. Corp. v. Superior Court*,160 Cal.App.3d 594, 597 (1984). In this instance, Plaintiff learned about

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

4

PLAINTIFF'S MOTION TO AMEND

the facts giving rise to Kohl's Corporation and Kohl's Department Stores, Inc.'s liability after filing the initial complaint. Further, Plaintiff did not know of the viable cause of action against Kohl's Defendants until after the suit was filed since Plaintiff did not discover evidence and facts sufficient to maintain an action against Kohl's Defendants until after filing her complaint.

Indeed, where a plaintiff is unaware of the defendant's name or a defendant is omitted from a complaint because the plaintiff did not know of the facts giving rise to a cause of action against the defendant, the defendant may be made a party to the action under a fictitious name pursuant to C.C.P. §474. *Johnson v. Goodyear Tire & Rubber Co.* ("*Johnson*"), 216 Cal.App.2d 133, 137-39 (1963)(granting an amendment where the "plaintiff knew the defendants whom he designated by fictitious names, and all the facts giving him a cause of action against them, but was unaware of having such a cause of action."). Similar to *Johnson*, Plaintiff did not discover the possible cause of action against Kohl's until after filing her initial complaint. Though Plaintiff was aware that Kohl's had been party to the licensing agreements with Razor & Tie, Plaintiff did not learn of the facts and obtained evidence to give rise to a viable cause of action against Kohl's until after filing her complaint. Since C.C.P. §474 requires a Plaintiff to amend a pleading after the identity of the fictitious defendant is learned, Plaintiff seeks to make such amendment by this motion. *See Dunzweiler v. Superior Court of Alameda County*, 267 Cal.App.2d 569, 577 (1968) (stating where a motion to amend is timely "and the granting of the motion will not prejudice the opposing party, it is error to refuse permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion.")

A true and correct copy of Plaintiff's Doe Amendments for KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation on LACIV 105 forms are attached as **Exhibit D and E,** respectively.

Therefore, based on the facts now known to Plaintiff, Plaintiff seeks to amend the caption to the complaint and future documents in this matter to reflect the true names of Doe Defendants 1 and 2 as Kohl's Corporation and Kohl's Department Stores, Inc.

//

//

//

//

PLAINTIFF'S MOTION TO AMEND

## II.

## CONCLUSION

Based on the foregoing the Plaintiff respectfully requests this court to grant Plaintiff's motion to correct party names and to amend the caption to read:

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

Plaintiff,

vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES 3-50, inclusive,

Defendants.

Dated: October 24, 2017                    FEM LAW GROUP

By:  _____

F. Edie Mermelstein

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

6

**EXHIBIT A**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|
| NAME: F. Edie Mermelstein<br>FIRM NAME: FEM Law Group<br>STREET ADDRESS: 18811 Huntington Street, Suite 240<br>CITY: Huntington Beach   STATE: CA   ZIP CODE: 92648<br>TELEPHONE NO.: 714-598-0137   FAX NO.: 714-841-8810<br>E-MAIL ADDRESS: edie@femlawyers.com<br>ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)

Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>BC674401 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.  TO THE CLERK: Please dismiss this action as follows:
    a.  (1)  [X]  With prejudice   (2)  [ ]  Without prejudice
    b.  (1)  [X]  Complaint   (2)  [ ]  Petition
        (3)  [ ]  Cross-complaint filed by (name):          on (date):
        (4)  [ ]  Cross-complaint filed by (name):          on (date):
        (5)  [ ]  Entire action of all parties and all causes of action
        (6)  [X]  Other (specify):* ONLY - Viacom International, Inc. a/k/a VH1 Networks

2.  (Complete in all cases except family law cases.)
    The court  [ ] did  [ ] did not   waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _(signature)_
(SIGNATURE)

Attorney or party without attorney for:
[X]  Plaintiff/Petitioner   [ ]  Defendant/Respondent
[ ]  Cross Complainant

3.  TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF  [X] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _(signature)_
(SIGNATURE)

Attorney or party without attorney for:
[X]  Plaintiff/Petitioner   [ ]  Defendant/Respondent
[ ]  Cross Complainant

(To be completed by clerk)

4.  [ ]  Dismissal entered as requested on (date):
5   [ ]  Dismissal entered on (date):          as to only (name):
6.  [ ]  Dismissal not entered as requested for the following reasons (specify):

7.  a.  [ ]  Attorney or party without attorney notified on (date):
    b.  [ ]  Attorney or party without attorney not notified. Filing party failed to provide
        [ ]  a copy to be conformed   [ ]  means to return conformed copy

Date:          Clerk, by _____, Deputy   Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

### COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*    Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____     ▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)     (SIGNATURE)

**REQUEST FOR DISMISSAL**

**EXHIBIT B**

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO:  248941<br>NAME:  F. Edie Mermelstein<br>FIRM NAME:  FEM Law Group<br>STREET ADDRESS:  18811 Huntington Street, Suite 240<br>CITY:  Huntington Beach          STATE:  CA    ZIP CODE:  92648<br>TELEPHONE NO.:  714-596-0137          FAX NO.:  714-841-8810<br>E-MAIL ADDRESS:  edie@femlawyers.com<br>ATTORNEY FOR (Name):   TONI BASIL (aka Antonia Basilotta) | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)<br>Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al. | |

| | |
|---|---|
| REQUEST FOR DISMISSAL | CASE NUMBER:<br>BC674401 |

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1.  TO THE CLERK: Please dismiss this action as follows:
    a.  (1) [x] With prejudice      (2) [ ] Without prejudice
    b.  (1) [x] Complaint          (2) [ ] Petition
        (3) [ ] Cross-complaint filed by (name):                        on (date):
        (4) [ ] Cross-complaint filed by (name):                        on (date):
        (5) [ ] Entire action of all parties and all causes of action
        (6) [x] Other (specify):* ONLY - New Open Door Productions, Inc.

2.  (Complete in all cases except family law cases.)
    The court [ ] did [ ] did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).
    Date: 10/24/2017

    F. Edie Mermelstein
    _____                              ► _____
    (TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                              (SIGNATURE)

    *If dismissal requested is of specified parties only of specified causes of action only,     Attorney or party without attorney for:
    or of specified cross-complaints only, so state and identify the parties, causes of          [x] Plaintiff/Petitioner      [ ] Defendant/Respondent
    action, or cross-complaints to be dismissed.                                                  [ ] Cross Complainant

3.  TO THE CLERK: Consent to the above dismissal is hereby given.**
    Date: 10/24/2017

    F. Edie Mermelstein
    _____                              ► _____
    (TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                              (SIGNATURE)

    ** If a cross-complaint – or Response (Family Law) seeking affirmative     Attorney or party without attorney for:
    relief – is on file, the attorney for cross-complainant (respondent) must sign   [x] Plaintiff/Petitioner      [ ] Defendant/Respondent
    this consent if required by Code of Civil Procedure section 581 (i) or (j).       [ ] Cross Complainant

---

(To be completed by clerk)

4.  [ ] Dismissal entered as requested on (date):

5   [ ] Dismissal entered on (date):                          as to only (name):

6.  [ ] Dismissal not entered as requested for the following reasons (specify):


7.  a.  [ ] Attorney or party without attorney notified on (date):

    b.  [ ] Attorney or party without attorney not notified. Filing party failed to provide
            [ ] a copy to be conformed     [ ] means to return conformed copy

Date: _____     Clerk, by _____, Deputy     Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
|---|---|
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*     Yes     No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)        (SIGNATURE)

CIV-110 [Rev. January 1, 2013]            **REQUEST FOR DISMISSAL**            Page 2 of 2

**EXHIBIT C**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|---|
| NAME: F. Edie Mermelstein | | |
| FIRM NAME: FEM Law Group | | |
| STREET ADDRESS: 18811 Huntington Street, Suite 240 | | |
| CITY: Huntington Beach   STATE: CA   ZIP CODE: 92648 | | |
| TELEPHONE NO.: 714-596-0137   FAX NO.: 714-841-8810 | | |
| E-MAIL ADDRESS: edie@femlawyers.com | | |
| ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)
Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: BC674401 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice   (2) [ ] Without prejudice
   b. (1) [x] Complaint   (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                        on (date):
      (4) [ ] Cross-complaint filed by (name):                        on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [x] Other (specify):* ONLY - Central Productions, LLC

2. (Complete in all cases except family law cases.)
   The court [ ] did [ ] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____(SIGNATURE)_____

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► _____(SIGNATURE)_____

Attorney or party without attorney for:
[x] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4. [ ] Dismissal entered as requested on (date):
5. [ ] Dismissal entered on (date):                        as to only (name):
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed   [ ] means to return conformed copy

Date: _____   Clerk, by _____, Deputy   Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 www.courts.ca.gov |
|---|---|---|

CIV-110

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

## COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for (name): n/a

2. The person named in item 1 is (check one below):

    a. ☐ not recovering anything of value by this action.

    b. ☐ recovering less than $10,000 in value by this action.

    c. ☐ recovering $10,000 or more in value by this action. (If item 2c is checked, item 3 must be completed.)

3. ☐ All court fees and court costs that were waived in this action have been paid to the court (check one):    Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶ _____

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

(SIGNATURE)

**REQUEST FOR DISMISSAL**

**EXHIBIT D**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648<br>ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | STATE BAR NUMBER<br>248941 | Reserved for Clerk's File Stamp |
|---|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS:<br>111 North Hill Street, Los Angeles, CA 90012 | | |
| PLAINTIFF: TONI BASIL (aka Antonia Basilotta) | | |
| DEFENDANT: NEW RAZOR & TIE ENTERPRISES, LLC, et al. | | |
| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 | |

## ☒ FICTITIOUS NAME *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S CORPORATION

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>10/24/2017 | TYPE OR PRINT NAME<br>F. EDIE MERMELSTEIN | SIGNATURE OF ATTORNEY |
|---|---|---|

## ☐ INCORRECT NAME *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____          _____
Dated                            Judicial Officer

LACIV 105 (Rev. 01/07)          **AMENDMENT TO COMPLAINT**          Code Civ. Proc., §§ 471.5,
LASC Approved 03-04             **(Fictitious / Incorrect Name)**          472, 473, 474

**EXHIBIT E**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 248941 | Reserved for Clerk's File Stamp |
|---|---|---|
| F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648 | | |

ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF: TONI BASIL (aka Antonia Basilotta)

DEFENDANT: NEW RAZOR & TIE ENTERPRISES, LLC, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 2

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S DEPARTMENT STORES, INC.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/24/2017 | F. EDIE MERMELSTEIN | *[signature]* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| TONI BASIL (aka ANTONIA BASILOTTA), an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,<br><br>        Defendants. | Case No.    BC674401<br><br>**[PROPOSED] ORDER**<br><br>*Honorable Michael M. Johnson*<br><br>Date:  January 5, 2018<br>Time:  8:30<br>Place:  Department 56 |

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

1
[PROPOSED] ORDER

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Toni Basil's Motion To Amend Caption came on regularly for hearing in the above-captioned court on January 5, 2018 at 8:30 AM in Department 56 located in the Stanley Mosk Courthouse. F. Edie Mermelstein appeared on behalf of Plaintiff. After reviewing the papers filed in the action and specifically in relation to this motion, and for good cause,

**IT IS SO ORDERED**

The caption of the complaint and all other pleadings in this action, and of all future pleadings, motions, orders, and judgments, shall be amended to read as follows:

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

        Plaintiff,

  vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; KOHL'S CORPORATION, a Wisconsin Corporation; KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation and DOES 3-50, inclusive,

        Defendants.

Dated: _____

               By: _____
                    Honorable Michael M. Johnson
                    Judicial Officer, Los Angeles County Superior Court

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 248941 | Reserved for Clerk's File Stamp |
|---|---|---|
| F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648 | | |

ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF: TONI BASIL (aka Antonia Basilotta)

DEFENDANT: NEW RAZOR & TIE ENTERPRISES, LLC, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 2

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S DEPARTMENT STORES, INC.

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/24/2017 | F. EDIE MERMELSTEIN | *[signature]* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 248941 | Reserved for Clerk's File Stamp |
|---|---|---|
| F. Edie Mermelstein<br>FEM LAW GROUP<br>18811 Huntington Street, Suite 240<br>Huntington Beach, CA 92648<br>ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF: TONI BASIL (aka Antonia Basilotta)

DEFENDANT: NEW RAZOR & TIE ENTERPRISES, LLC, et al.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC674401 |
|---|---|

### ☒ FICTITIOUS NAME (No order required)

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 1

and having discovered the true name of the defendant to be:

TRUE NAME
KOHL'S CORPORATION

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 10/24/2017 | F. EDIE MERMELSTEIN | F. Edie Mermelstein |

### ☐ INCORRECT NAME (Order required)

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

### ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | **AMENDMENT TO COMPLAINT**<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|---|

NAME: F. Edie Mermelstein

FIRM NAME: FEM Law Group

STREET ADDRESS: 18811 Huntington Street, Suite 240

CITY: Huntington Beach    STATE: CA    ZIP CODE: 92648

TELEPHONE NO.: 714-596-0137    FAX NO.: 714-841-8810

E-MAIL ADDRESS: edie@femlawyers.com

ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS: 111 North Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)

Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: BC674401 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice     (2) [ ] Without prejudice
   b. (1) [x] Complaint          (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                on (date):
      (4) [ ] Cross-complaint filed by (name):                on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [x] Other (specify):* ONLY - New Open Door Productions, Inc.

2. (Complete in all cases except family law cases.)
   The court [ ] did [ ] did not   waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein

(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____ (SIGNATURE)

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein

(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

► _____ (SIGNATURE)

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4. [ ] Dismissal entered as requested on (date):

5. [ ] Dismissal entered on (date):                    as to only (name):

6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed    [ ] means to return conformed copy

Date: _____    Clerk, by _____, Deputy    Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390 www.courts.ca.gov |
|---|---|---|

**CIV-110**

| | |
|---|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) <br> Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | CASE NUMBER: <br> BC674401 |

---

### COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*  Yes   No


I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶

_____       _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                (SIGNATURE)

---

**REQUEST FOR DISMISSAL**

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO: 248941<br>NAME: F. Edie Mermelstein<br>FIRM NAME: FEM Law Group<br>STREET ADDRESS: 18811 Huntington Street, Suite 240<br>CITY: Huntington Beach           STATE: CA    ZIP CODE: 92648<br>TELEPHONE NO.: 714-596-0137        FAX NO.: 714-841-8810<br>E-MAIL ADDRESS: edie@femlawyers.com<br>ATTORNEY FOR (Name):  TONI BASIL (aka Antonia Basilotta) | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse |

| |
|---|
| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)<br>Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al. |

| | |
|---|---|
| REQUEST FOR DISMISSAL | CASE NUMBER:<br>BC674401 |

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [x] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                    on (date):
      (4) [ ] Cross-complaint filed by (name):                    on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [x] Other (specify):* ONLY - Central Productions, LLC

2. (Complete in all cases except family law cases.)
   The court [ ] did  [ ] did not  waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____(SIGNATURE)_____

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF  [x] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____(SIGNATURE)_____

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

---

(To be completed by clerk)

4. [ ] Dismissal entered as requested on (date):

5. [ ] Dismissal entered on (date):                    as to only (name):

6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed    [ ] means to return conformed copy

Date: _____        Clerk, by _____, Deputy        Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

**CIV-110**

| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
|---|---|
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*    Yes    No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

▶ _____

_____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

---

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NO: 248941 | FOR COURT USE ONLY |
|---|---|
| NAME: F. Edie Mermelstein<br>FIRM NAME: FEM Law Group<br>STREET ADDRESS: 18811 Huntington Street, Suite 240<br>CITY: Huntington Beach    STATE: CA    ZIP CODE: 92648<br>TELEPHONE NO.: 714-596-0137    FAX NO.: 714-841-8810<br>E-MAIL ADDRESS: edie@femlawyers.com<br>ATTORNEY FOR (Name): TONI BASIL (aka Antonia Basilotta) | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |

Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta)

Defendant/Respondent: New Razor & Tie Enterprises, LLC, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>BC674401 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [x] With prejudice    (2) [ ] Without prejudice
   b. (1) [x] Complaint    (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                            on (date):
      (4) [ ] Cross-complaint filed by (name):                            on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [x] Other (specify):* ONLY - Viacom International, Inc. a/k/a VH1 Networks

2. (Complete in all cases except family law cases.)
   The court [ ] did [ ] did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____(SIGNATURE)_____

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date: 10/24/2017

F. Edie Mermelstein
(TYPE OR PRINT NAME OF [x] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ _____(SIGNATURE)_____

Attorney or party without attorney for:
[x] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross Complainant

(To be completed by clerk)

4. [ ] Dismissal entered as requested on (date):

5. [ ] Dismissal entered on (date):                    as to only (name):

6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
          [ ] a copy to be conformed    [ ] means to return conformed copy

Date: _____    Clerk, by _____, Deputy    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | REQUEST FOR DISMISSAL | Code of Civil Procedure, § 581 et seq.; Gov. Code,<br>§ 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |

CIV-110

| Plaintiff/Petitioner: TONI BASIL (aka Antonia Basilotta) | CASE NUMBER: |
|---|---|
| Defendant/Respondent: New Razor & Tie Enterprises, LLC, et. al. | BC674401 |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):* n/a

2. The person named in item 1 is *(check one below):*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):*     Yes     No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶ _____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

---

**FEM LAW GROUP**
F. Edie Mermelstein, State Bar No. 248941
18811 Huntington Street, Suite 240
Huntington Beach, California 92648
Telephone: (714) 596-0137 Fax: (714) 841-8810
*edie@femlawyers.com*

Attorneys for TONI BASIL
(aka Antonia Basilotta), Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

TONI BASIL (aka ANTONIA BASILOTTA), an individual,

               Plaintiff,

    vs.

NEW RAZOR & TIE ENTERPRISES, LLC, a Delaware Limited Liability Company; RAZOR & TIE DIRECT, LLC, a New York Limited Liability Company; RAZOR & TIE ENTERTAINMENT, LLC, a New York Limited Liability Company; RAZOR & TIE MUSIC, L.P., a New York Limited Partnership; RAZOR & TIE MUSIC CORP., a New York Corporation; RAZOR & TIE RECORDINGS, LLC, a New York Limited Liability Company; FOREVER 21 RETAIL, INC., a California Corporation; FOREVER 21, INC., a Delaware Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; NEW OPEN DOOR PRODUCTIONS, INC., a Delaware Corporation; VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS, a Delaware Corportation; CENTRAL PRODUCTIONS, LLC, a Delaware Limited Liability Company; and DOES 1-50, inclusive,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. BC674401

**PROOF OF SERVICE**

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

0
PROOF OF SERVICE

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18811 Huntington Street, Suite 240, Huntington Beach, CA 92648.

On October 25, 2017, I served the foregoing documents described as **NOTICE OF MOTION AND PLAINTIFF'S MOTION TO AMEND TO ADD DOES AND CORRECT PARTY NAME ON CAPTION PURUSANT TO C.C.P   473(a) AND 474; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER; AMENDMENT TO COMPLAINT; AMENDMENT TO COMPLAINT; REQUEST FOR DISMISSAL; REQUEST FOR DISMISSAL; REQUEST FOR DISMISSAL** on interested parties in this action by sending a true copy of the document to the following parties:

SEE ATTACHED SERVICE LIST

☒      **BY REGULAR MAIL:** I deposited such envelope in the mail in Huntington Beach, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒      **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐      **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 25, 2017, at Huntington Beach, California.



_____

Molly Stubbs

FEM LAW GROUP
18811 Huntington Street, Suite 240
Huntington Beach, CA 92648

# SERVICE LIST

| | |
|---|---|
| NEW RAZOR & TIE ENTERPRISES, LLC | LAWRENCE J BLAKE<br>100 N CRESCENT DR GARDEN LEVEL<br>BEVERLY HILLS CA 90210 |
| RAZOR & TIE DIRECT, LLC | RAZOR & TIE DIRECT LLC C/O CRYAN CAVE LLP<br>ATTN: VINCENT ALFIERI, ESQ<br>1290 AVE OF THE AMERICAS, NEW YORK, NEW YORK, 10104 |
| RAZOR & TIE ENTERTAINMENT, LLC | 214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| RAZOR & TIE MUSIC, L.P. | 214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| RAZOR & TIE MUSIC CORP. | Craig Balsam<br>214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| RAZOR & TIE RECORDINGS, LLC | 214 SULLIVAN ST 5TH FLOOR,<br>NEW YORK NY 10012 |
| FOREVER 21 RETAIL, INC. | C T CORPORATION SYSTEM<br>818 W 7TH ST STE 930 , LOS ANGELES CA 90017 |
| FOREVER 21, INC. | C T CORPORATION SYSTEM<br>818 W 7TH ST STE 930 , LOS ANGELES CA 90017 |
| THE WALT DISNEY COMPANY | MARSHA L REED<br>500 S BUENA VISTA ST, BURBANK CA 91521 |
| NEW OPEN DOOR PRODUCTIONS, INC. | ANDREW J. THOMAS<br>Jenner & Block LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054 |
| VIACOM INTERNATIONAL, INC. a/k/a VH1 NETWORKS | ANDREW J. THOMAS<br>Jenner & Block LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054 |
| CENTRAL PRODUCTIONS, LLC | ANDREW J. THOMAS<br>Jenner & Block LLP<br>633 West 5th Street, Suite 3600<br>Los Angeles, CA 90071-2054 |
| KOHL'S DEPARTMENTS STORES, INC | CORPORATE CREATIONS NETWORK, INC<br>1430 Truxtun Avenue, 5th Floor<br>Bakersfield, CA 93301 |
| KOHL'S CORPORATION | CORPORATE CREATIONS NETWORK INC.<br>4650 W. SPENCER STREET<br>APPLETON , WI 54914 |

OCT 3 0 2017