UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss filed by defendants Kohl's Corporation and Kohl's Department Stores, Inc. (collectively "Kohl's"), Forever 21, Inc. and Forever 21 Retail, Inc. (collectively "Forever 21"), and The Walt Disney Company ("Disney") (collectively "Moving Defendants") (Docket No. 36). Moving Defendants challenge the sufficiency of the First Amended Complaint filed by plaintiff Antonia Basilotta, who filed the action under her professional name Toni Basil ("Basil" or "Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 12, 2018, is vacated, and the matter taken off calendar.

**I.      Factual and Procedural Background**

Basil is a self-described "one hit wonder" who became famous for her song Mickey and the lyrics contained in that song, which include "Hey Mickey" and "You're so fine, you blow my mind." Basil originally filed this action in Los Angeles Superior Court on August 31, 2017. Plaintiff's Complaint asserted claims against twelve defendants, including Disney, Forever 21, Razor & Tie Direct, LLC, Razor & Tie Entertainment, LLC, Razor & Tie Music, L.P., Razor & Tie Music Corp., Razor & Tie Recordings, LLC, New Razor & Tie Enterprises (collectively the "R&T Defendants"). Plaintiff filed the operative First Amended Complaint ("FAC") on October 16, 2017. The FAC added Kohl's as a defendant and alleged claims for: (1) false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (against all defendants); (2) intentional interference with prospective economic advantage (against the R&T Defendants); (3) elder abuse pursuant to California Welfare and Institutions Code section 14610.30 (against all defendants); and (4) unfair business practices pursuant to California Business and Professions Code section 17200 (against all defendants). Kohl's removed the action to this Court on December 4, 2017, on the basis of federal question jurisdiction as a result of the FAC's Lanham Act claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

The FAC alleges that Basil entered into an agreement with her record label, Radialchoice Limited, in 1979. That agreement transferred Basil's copyright interest in the master sound recording of Mickey to Radialchoice. Basil entered into a second agreement with Radialchoice in 1982. According to the FAC, Radialchoice could not license the Mickey sound recording without Basil's consent, and the rights Basil assigned to Radialchoice would revert to Basil in the event of Radialchoice's bankruptcy. The FAC alleges that Radialchoice was involuntarily liquidated in 1985, and that upon its dissolution, all rights in the Mickey recording reverted to Basil in 1988.

According to Basil, despite her reacquisition of the rights in the Mickey recording, the R&T Defendants entered into licensing agreements with Odell Finance Corporation in 1994, and with Twist & Shout, a purported successor to the original record label, in 1998 and 2000, to license Mickey. Basil alleges that the R&T Defendants have licensed Mickey without her consent, and have continued to do so even after she wrote a letter to the R&T Defendants in 2011 in which she stated that they had no right to license Mickey or enter into any agreements on her behalf.[1/] Specifically, the FAC alleges that Disney and Forever 21 obtained a license from the R&T Defendants in 2013 to market a Disney-branded clothing line at Forever 21. According to the FAC, Disney and Forever 21 issued a press release on November 8, 2013, highlighting the involvement of "[I]nstagram celebrity Jasmine Sanders." The press release stated that fans "can see Jasmine in a behind-the-scenes video of the photo shoot inspired by '80's hit song 'Mickey' by Toni Basil." The FAC alleges that the accompanying video "was stylized after Toni Basil's iconic video with a white infinity cyclorama and red and blue as the predominant colors." The FAC further alleges that "Disney used a similar play book this time joining forces with retailer Kohl's through its Lauren Conrad brand" after obtaining a license from the R&T Defendants. According to the FAC, a promotional video for Kohl's featured "the song Mickey to again promote a Disney line of clothing, giving the false impression of Plaintiff's celebrity endorsement of Disney for a nominal fee." Basil contends that defendants have "knowingly misappropriated, annexed and used Plaintiff's marks, voice, name, likeness, and/or persona to falsely describe or represent that Defendants' websites, stores, goods, shows and/or services are associated, approved, and/or connected with Plaintiff."

---

[1/] Basil has been involved in litigation with the R&T Defendants and others. See Stillwater, Ltd. v. Antonia Basilotta, Case No. CV 16-1895 FMO (SSx); Antonia Basilotta v. Simon Lait, et al., CV 12-5186 FMO (SHx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

## II.  Legal Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

**III.    Analysis**

In their Motion to Dismiss, Disney, Forever 21, and Kohl's contend that Basil's claims against them are preempted by section 301 of the Copyright Act, and that the references to Basil and Mickey in the press release announcing the Forever 21 advertisement constitute a permissible nominative fair use. The R&T Defendants filed an Answer to the FAC and are not parties to the pending Motion to Dismiss.

The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by [the Copyright Act]" and that "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a). "In order for preemption to occur under the federal Copyright Act, two conditions must be satisfied. First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted . . . must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." Downing v. Abercrombie & Fitch, 265 F.3d 994, 1003 (9th Cir. 2001). The "equivalent rights" prong of the preemption analysis assesses whether the potentially preempted claims "'protect rights which are qualitatively different from the copyright rights.'" Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1143 (9th Cir. 2006) (quoting Del Madera Props. v. Rhodes & Gardner, 820 F.2d 973 (9th Cir. 1987), overruled on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). To survive preemption, the claim "must have an extra element which changes the nature of the action." Id.

Because the Court's jurisdiction is premised upon Plaintiff's Lanham Act claim, the Court will address that claim first. In Dastar Corp. v. Twentieth Century Fax Film Corp., 538 U.S. 23, 123 S. Ct. 2041, 156 L. Ed. 2d 18 (2003), the Supreme Court concluded that a "reverse passing off" claim brought under the false designation of origin provision of the Lanham Act was preempted by the Copyright Act. See id. at 37, 123 S. Ct. at 2050 ("In sum, reading the phrase 'origin of goods' in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality of creativity), and in light of the copyright and patent laws (which were), we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods. To hold otherwise would be akin to finding that § 43(a) created a species of perpetual patent and copyright, which Congress may not do.") (citations omitted). In reaching this conclusion, the Supreme Court relied in part on the "practical difficulty of adopting a special definition of 'origin' for communicative products" because extending Lanham Act protections to such claims would place "the manufacturers of

Case 2:17-cv-08728-PA-AGR   Document 55   Filed 02/14/18   Page 5 of 8   Page ID #:452

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

such products in a difficult position." Id. at 36, 123 S. Ct. at 2049. As explained by the Supreme Court:

> On the one hand, they would face Lanham Act liability for failing to credit the creator of a work on which their lawful copies are based; and on the other hand they could face Lanham Act liability for crediting the creator if that should be regarded as implying the creator's "sponsorship or approval" of the copy.

Id. ("In this case, for example, if Dastar had simply 'copied [the television series] as Crusade in Europe and sold it as Crusade in Europe,' without changing the title or packaging (including the original credits to Fox), it is hard to have confidence in respondents' assurance that they 'would not be here on a Lanham Act cause of action.'").

  Here, despite conclusory allegations that defendants "used Plaintiff's marks, voice, name, likeness, and/or persona to falsely describe or represent that Defendants' websites, stores, goods, shows and/or services are associated, approved, and/or connected with Plaintiff," the FAC's well-pleaded allegations allege no more than that defendants used the recording of Mickey in their advertisements and issued a press release accurately naming Mickey as the song used in the advertisement and Basil as the performer of that song. Those well-pleaded allegations fall within the scope of the Copyright Act and allege nothing more than an infringement of rights that are equivalent to those enumerated in the Copyright Act. See Laws, 448 F.3d at 1141 ("Although California law recognizes an assertable interest in the publicity associated with one's voice, we think it is clear that federal copyright law preempts a claim alleging misappropriation of one's voice when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium."). Moreover, although Plaintiff conclusorily alleges that defendants have used her image, the FAC alleges that one of the videos features Jasmine Sanders. The FAC does not allege any well-pleaded facts that defendants used Plaintiff's image or likeness. Plaintiff's reliance on Downing is therefore misplaced. See Downing, 25 F.3d at 1005 ("Because the subject matter of the Appellants' statutory and common law right of publicity claims is their names and likenesses, which are not copyrightable, the claims are not equivalent to the exclusive rights contained in [the Copyright Act]."). While Basil's Opposition argues that defendants "have distorted the original meaning of the Mickey lyrics and music video elements including, the white background, youthful 80's vibe, and red/white color scheme, by connecting it and Plaintiff with Mickey Mouse and Disney," the FAC does not allege that Plaintiff has protectible trademarks for those elements. Nor is it likely that such elements could give rise to a viable Lanham Act claim, including the necessary secondary meaning, that would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

not fall within the scope of the copyright preemption that would attach to the music video for Mickey.

Finally, Moving Defendants asserted in their Motion to Dismiss that the use of Basil's name and the song title for Mickey in the press release made only a nominative fare use of her name and the Mickey mark. According to the Ninth Circuit:

> [W]here the defendant uses a trademark to describe the plaintiff' product rather than its own product, a commercial user is entitled to a nominative fair use defense provided the defendant meets three requirements:
>
> 1. the product or service in question must be one not readily identifiable without use of the trademark;
>
> 2. only so much of the mark or marks may be used as reasonable necessary to identify the product or service; and
>
> 3. the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.

Downing, 265 F.3d at 1009 (citing New Kids on the Block v. News America Publishing, Inc., 971 F.3d 302, 308-09 (9th Cir. 1992)). As alleged in the FAC, defendants used Basil's name and the Mickey song title to describe her and the song, not to describe their own products. Basil and the song cannot be described except by using her name and the song's title, and the FAC does not allege any well-pleaded facts suggesting that defendants used more of the marks than reasonably necessary or do anything that would suggest sponsorship or endorsement. Instead, this is precisely the scenario with which the Supreme Court was concerned in Dastar. Dastar, 538 U.S. at 36, 123 S. Ct. at 2049. Additionally, Plaintiff's Opposition does not make any argument concerning the application of the nominative fair use doctrine. See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.") (citation omitted); see also Local Rule 7-12 ("The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial fo the motion." Plaintiff therefore appears to admit that her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

Lanham Act claim, to the extent it relies on the press release's use of her name and the title of Mickey, fails to state a claim.

At least as alleged in the FAC, Basil's Lanham Act claim alleges no well-pleaded facts that would support a claim that is not preempted by the Copyright Act or constitute nominative fair use. The Court therefore dismisses the FAC's Lanham Act claim.[2] Although the Court has serious doubts that Plaintiff can allege sufficient well-pleaded facts to state a viable Lanham Act claim, the Court will provide Plaintiff with an opportunity to attempt to cure the deficiencies identified in this Order. The Court therefore dismisses the Lanham Act claim with leave to amend.

Plaintiff's remaining claims allege only state law theories of relief. Until Plaintiff can adequately allege a viable federal claim over which the Court has jurisdiction, the Court declines to address Moving Defendants' arguments concerning the insufficiency of Plaintiff's state law claims. However, the Court notes that at least some of the arguments contained in Moving Defendants' Motion to Dismiss concerning the state law claims appear to have merit. The Court therefore denies Moving Defendants' Motion to Dismiss those state law claims without prejudice. Should Plaintiff file a Second Amended Complaint containing the state law claims alleged in the original Complaint, defendants may again move to dismiss those claims.

## Conclusion

For all of the foregoing reasons, the Court grants the Motion to Dismiss the FAC's Lanham Act claim. The Court dismisses the FAC's Lanham Act claim with leave to amend. The Court denies without prejudice Moving Defendants' Motion to Dismiss the remaining state law claims. Plaintiff's Second Amended Complaint, if any, shall be filed by no later than February 28, 2018. Pursuant to Federal Rule of Civil Procedure 15(a)(2), absent leave of Court or the written consent of defendants, Plaintiff's Second Amended Complaint may not allege any claims or add any new defendants that were not included in her FAC, but the Second Amended Complaint's caption may be amended to reflect the current defendants. Alternatively, if Plaintiff files with the Court a Notice of Election to Dismiss her federal claim by February 28, 2018, the Court would elect not to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims and would instead remand the remaining claims to Los Angeles Superior Court.

---

[2] Although the R&T Defendants have not moved to dismiss the FAC's Lanham Act claim, that claim is deficient as asserted against the R&T Defendants for the same reasons it fails to state a claim against Disney, Forever 21, and Kohl's. The Court's dismissal of the Lanham Act claim therefore also applies to the R&T Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 14, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

Because dismissal of the federal claims would be without prejudice, Plaintiff could always amend the state court action at a later date to reassert the federal claims should she obtain information supporting such claims, subject to defendants filing another Notice of Removal at that time.

  IT IS SO ORDERED.