# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-8728 PA (AGRx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Renee Fisher | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

On February 14, 2018, the Court granted in part the Motion to Dismiss filed by defendants Kohl's Corporation and Kohl's Department Stores, Inc. (collectively "Kohl's"), Forever 21, Inc. and Forever 21 Retail, Inc. (collectively "Forever 21"), and The Walt Disney Company ("Disney") (collectively "Moving Defendants") (Docket No. 36). Specifically, the Court dismissed the federal Lanham Act claim asserted by plaintiff Antonia Basilotta, who filed the action under her professional name Toni Basil ("Basil" or "Plaintiff"). In dismissing the Lanham Act claim with leave to amend, the Court informed the parties that if Plaintiff filed with the Court a Notice of Election to Dismiss her federal claim by February 28, 2018, the Court would elect not to exercise its supplemental jurisdiction over Plaintiff's remaining state law claims and would instead remand the remaining claims to Los Angeles Superior Court.

Plaintiff has now filed a Notice of Election to Dismiss § 43(a) Lanham Act Claim (Docket No. 56). Pursuant to the Court's February 14, 2018 Minute Order and Plaintiff's Notice of Election to Dismiss, the Court dismisses Plaintiff's Lanham Act claim without prejudice. The Court has supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

By filing the Notice of Election, Plaintiff has consented to the dismissal of the only claim over which the Court has original jurisdiction. Accordingly, the Court dismisses the federal

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8728 PA (AGRx) | Date | February 27, 2018 |
|---|---|---|---|
| Title | Toni Basil v. New Razor & Tie Enterprises, LLC, et al. | | |

claim without prejudice and declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Albingia Versicherungs A.G. v. Schenker Int'l Inc., 344 F.3d 931, 938 (9th Cir. 2003); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to Los Angeles Superior Court, Case No. BC674401. The Court cautions Plaintiff that if she were to attempt to reassert her federal claim in the state court proceedings, defendants may attempt to again remove the action to this Court.

    IT IS SO ORDERED.